Trial By Jury Demanded

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

## ORIGINAL COMPLAINT
## "JURY TRIAL DEMANDED"
## "CLASS ACTION"

U. ... COURT
WE ... STRICT
OF LOUISIANA
FILED

Feb. 11, 2014
~~2014 JAN -2~~ P 4: 27

TONY R. MOORE
CLERK

BY: _____
DEPUTY

1:14-CV-0408

IAN J. JACKSON
CARL E. JACKSON

CIVIL ACTION DOCKET NO.: _____

JUDGE: _____

MAGISTRATE JUDGE

VS.

UNITED STATES DEPRTMENT OF JUSTICE.
ERIC H. HOLDER, Jr., United States Attorney General
ROBERT J. MOOSSY, Jr. Acting Section Chief.
KEVIN J, CALLAHAN, United States, Paralegal Specialist.
UNITED STATES OF AMERICA.
Hon. BARACK H. OBAMA, President, United States of America.

LYLE W. CAYCE, Clerk of Court, 5th Circuit Court of Appeals.
DAWN D. VICTORIANO, Deputy Clerk of Court, 5TH Circuit Court of Appeals.
SHAWN D. HENDERSON, Deputy Clerk of Court, 5th Circuit Court of Appeals.
ANGELIQUE D. BATISTE, Deputy Clerk of Court, 5th Circuit Court of Appeals
CINDY M. BROADHEAD, Deputy Clerk of Court, 5th Circuit Court of Appeals.
EDWARD C. PRADO, Justice, 5th Circuit Court of Appeals.
Justice, SMITH, 5TH Circuit Court of Appeals.
Justice HIGGINSON, 5th Circuit Court of Appeals.
THE UNITED STATES OF AMERICA, (2nd Cause showing)
Hon. BARACK H. OBAMA, President, (2nd cause showing)

DONALD E. WALTER, United States District Court's Judge, Western District, LA.
KAREN L. HAYES, United States District Court's Magistrate, Western District, LA.
ROBERT G. JAMES, United States District Court's, Chief Justice, Western District, LA.
TONY R. MOORE, United States District Court's, Clerk of Court, Western District, LA.
A. CRAWFORD, United States District Court's, Deputy Clerk, Western District, LA.
A. PUTCH, (name unknown) U.S. District Court's, Deputy Clerk, Western District, LA
NANCY LUNDY, United States District Court's, Deputy Clerk of Court.
DEBBIE DICKERSON, United States District Court's Deputy Clerk of Court.
UNITED STATES OF AMERICA, (3rd cause showing)

**Trial By Jury Demanded**

Hon. BARACK H. OBAMA, President, (3ʳᵈ cause showing)

DEPARTMENT OF JUSTICE, STATE OF LOUISIANA.
JAMES D, "BUDDY" CALDWELL, Attorney General of State of Louisiana.
BRIDGET B. DENICOLA, State of Louisiana's, Assistant Attorney General.
DAVID G. SANDERS, State of Louisiana's, Assistant Attorney General.
THE STATE OF LOUISIANA.
Hon. BOBBY JINDAL, Governor.
KENNETH A. "ANDY" BRISTER, Attorney, (Private Practice).
LAW OFFICE OF BRISTER & BRISTER.
LAW OFFICE OF COOK YAHCY

KENNETH MASCAGNI
ELIZABETH M. CARMODY
LAW OFFICE OF COOK YANCY, et al.

ERIK FOSSUM, Deputy Clerk of Court, United States Supreme Court.
WILLIAM K. SUTER, Clerk of Court, United States Supreme Court.
UNITED STATES OF AMERICA.

LILLIAN EVANS RICHIE, Clerk of Court, 2nd Circuit Court of Appeal, LA.
KAREN GREEN MCGEE, Deputy Clerk of Court, 2ⁿᵈ Circuit Court of Appeal, LA.
ROLYN R. GULTRIE, Deputy Clerk of Court, 2ⁿᵈ Circuit Court of Appeal, LA.
STATE OF LOUISIANA
Hon. BOBBY G. JINDAL, Governor, State of Louisiana.
JUSTICE, "john doe" H. A. BROWN, Louisiana's 2ⁿᵈ Circuit Court of Appeals.
JUSTICE, "john doe" J.J. CARAWAY, Louisiana's 2ⁿᵈ Circuit Court of Appeals.
JUSTICE, "john doe" C.B. PEATROSS, Louisiana's 2ⁿᵈ Circuit Court of Appeals.
STATE OF LOUISIANA. (second time herein made/named party defendant.

JOHN TARLTON OLIVER, Clerk of Court, Supreme Court of Louisiana.
RACHAEL ADELMAN, "john doe", Deputy Clerk of Court, Supreme Court, LA
GREG G. GUIDRY, Justice, Supreme Court of Louisiana.
JEFFREY P. VICTORY, Justice, Supreme Court of Louisiana.
JEANNETTE THERIOT KNOLL, Justice, Supreme Court of Louisiana.
MARCUS R. CLARK, Justice, Supreme Court of Louisiana.
JOHN L. WEIMER, Justice, Supreme Court of Louisiana.
BERNETTE J. JOHNSON, Justice, Supreme Court of Louisiana.
CHTHERINE D. KIMBALL, Chief Justice, Supreme Court of Louisiana.
STATE OF LOUISIANA.
Hon. BOBBY G. JINDAL   Governor, State of Louisiana

ROBERT LEVY, Third Judicial, District Attorney, Lincoln Parish.
THIRD JUDICIAL DISTRICT ATTORNEY OFFICE.
JEFF ROBINSON, Assistant District Attorney.

**Trial By Jury Demanded**

LINDA COOK, Clerk of Court, 3rd JUDICIAL DISTRICT, Lincoln Parish.
OFFICE OF THE CLERK OF COURT, 3rd JUDICIAL DISTRICT, Lincoln Parish.

LOUISIANA TECH UNIVERSITY.
LOUISIANA TECH UNIVERSITY POLICE DEPARTMENT.
DAN RENEAU
RANDAL HERMES, Chief of Police.
BILL DAVIS, Assistant Chief of Police.
RANDY GAY, Officer.
TIME HOLSTEAD, Officer
LOUISIANA STATE BOARD OF REGANTS
LOUISIANA STATE BOARD OF TRUSTEES FOR STATE COLLEGES AND
UNIVERSITIES
Hon. BOBBY JINDAL, Governor.

MIKE STONE, Sheriff Lincoln Parish.
TAFF WATTS, Deputy Sheriff, Parish of Lincoln. (INVESTIGATOR)
(Name unknown) Deputy Sheriff, Parish of Lincoln.
LINCOLN PARISH POLICE JURY.
STATE OF LOUISIANA.
Hon. BOBBY JINDAL, Governor.

CITY OF RUSTON
KYLE W. GREEN, RUSTON CITY COURT'S PROSECTING
DANNY TATUM, Ruston City Court's Judge
WANDA NEELE, Clerk of Court, City of Ruston
BRENDA GAFTON, Deputy Clerk, Ruston City Court, City of Ruston
LINDA HINES, Court Reporter, Jackson Parish
DAN HOLLINGSWORTH, Mayor

1. Jurisdiction within this Federal Civil, Civil Rights Violation, "CLASS ACTION" case
and cause of action is founded pursuant to and as prescribed by;

(a). U.S.C. 28 Section 1343 (a)(1)(2)(3), and (4).
(b). U.S.C. Title 42, Section 1985.
(c). Jurisdiction is further founded on the amount in controversy, pursuant to U.S.C 28
Section 1332.
(d). Not limited hereto.

2. Made and named "Plaintiffs are;

(a). IAN J. JACKSON

Trial By Jury Demanded

(b).  CARL E. JACKSON

3.  All of the made and named party defendants are residents of the noted and indicated

made co-defendant STATE OF LOUISIANA, and of the made and named co-defendant,

THE UNITED STATES OF AMERICA.

4.  CLAIMS AGAINST MADE AND NAMED DEFENDANTS AS LISTED, SET
FORTH AND PRESENTED AS FOLLOWED;

UNITED STATES DEPARTMENT OF JUSTICE, ATTORNEY GENERAL, ERIC H.
HOLDER, JR. and et al.

**5.**

Co-plaintiffs do hereby set forth as following, and presents as causes of action and claims

against said co-defendants and seek damages from same in that from the noted date of

March 7, 2012 up until the date of February 13, 2013, THE UNITED STATES

DEPARTMENT OF JUSTICE, Attorney General, ERIC H. HOLDER, JR., Assist.

Attorneys, Generals, ROBERT J. MOOSSY, JR, KEVIN J. CALLAHAN, UNITED

STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA,

did fail and refused to perform, carry out and/or to fulfill the jurisdictional duties,

responsibilities, and obligations conferred upon said noted made and named co-

defendants, by the United States Constitution and the laws and statutes of the U.S. of

America, in order to deter, prevent, to guard and protect the rights of all citizens of the

United States of America, co-plaintiff, Ian J. Jackson, without regard to race or skin

color.  When it was within said made co-defendants constitutional conferred

employments, occupations, jobs positions, scopes, duties and authority (ies) to do same.

**UNITED STATES DEPARTMENT OF JUSTICE, ERIC H. HOLDER, JR,**

Trial By Jury Demanded

**Attorney General, Asst. ROBERT J. MOOSSY, JR., Acting Section Chief, Criminal Section, KEVIN J. CALLAHAN, Paralegal Specialist, UNITED STATES OF AMERICA, Commander in Chief, Hon. President, BARACK H. OBAMA**

### 6.

On or about February 27, 2012, by letter so dated (Exhibit NO. 1) via U.S. Certified Mail NO. 7009-2250-0003-2301-0271, co-plaintiff, Ian J. Jackson submitted and made complaints of intentional, constant and repeated violations of his (Jackson') federally provided, guaranteed and protected civil and/or substantial rights, by municipal, state and federal governmental agencies, agents, representatives, workers and employees to the noted co-defendants THE UNITED STATES DEPARTMENT OF JUSTICE, United States, Attorney General, ERIC H.HOLDER, JR.., and the UNITED STATES OF AMERICA.

### 7.

But that said made and named Defendants, U.S. Attorney General, ERIC H. HOLDER, JR., the UNITED STATES DEPARTMENT OF JUSTICE and THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA failed and refused to institute and/or initiate any level, degree or manner of investigation or to do anything to prevent or to aid in preventing co-Plaintiff, Ian J. Jackson's U.S. Constitutional rights from being further violated, denied and taken away by other herein made and named co-defendants.

### 8.

It was on or about said date of February 27, 2012, at the same time of submitting and filing of the noted letter of complaint, that co-Plaintiff, Ian J. Jackson also submitted and

**Trial By Jury Demanded**

filed with the U.S. DEPARTMENT OF JUSTICE, U.S. Attorney General, ERIC H.

HOLDER, JR., THE UNITED STATES OF AMERICA, a copy each of his (Jackson's);

(1). PLAINTIFF'S OBJECTION TO COURT'S RULING, ORDERS, AND
JUDGMENTS FOR THE DATES OF NOVEMBER 22, 2011 AND DECEMBER 21,
2011, (filed of U.S. District Court record on 01/23/2012, containing 128 pages).

(2). APPELLANT'S JOINT AFFIDAVIT IN SUPPORT OF APPELLANT'S MOTION
FOR THE ITEMIZATION OF ASSESSED APPEALS FEES OF; (FOUR HUNDRED
FIFTY FIVE AND NO/100 [455.00] DOLLARS, and IN SUPPORT OF APPELLANT'S
MOTION FOR THE CORRECTION OF THE IMPROPER AND INCORRECT FILING
OF APPELLANT'S OBJECTION TO THE COURT'S RULINGS, ORDERS, AND
JUDGMENT FOR FTHE DATES OF NOVEMBER 22, 2012 AND DECEMBER 21,
2012, AND NOTICE OF APPEAL, (filed of U.S. District Court record on February 28,
2012, containing 43 pages).

**9.**

But that said made and named co-defendants, U.S. Attorney General, ERIC H. HOLDER,

JR., U.S. DEPARTMENT OF JUSTICE, and the UNITED STATES OF AMERICA,

Commander in Chief, President, BARACK H. OBAMA, did absolutely nothing to

prevent, to deter, or to aid in preventing co-Plaintiff, Ian J. Jackson's U.S.

Constitutionally provided, guaranteed and protected rights from being further abridged,

denied and violated.

**10.**

On August 22, 2012, approximately five (5) months later, after the complaint was made,

codefendants, ERIC H. HOLDER, JR.,THE U.S. DEPARTMENT OF JUSTICE, THE

UNITED STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H.

OBAMA, et al, mailed co-Plaintiff, Ian J. Jackson a letter so dated, authored, and signed

by a one made and named co-party, Defendant, KEVIN J. CALLAHAN, for a one, made

and named co-party, Defendant, ROBERT J. MOOSSY JR., on behalf of and for, made

and named Defendants, the U.S. DEPARTMENT OF JUSTICE, the UNITED STATES

OF AMERICA and U.S. Attorney General, ERIC H. HOLDER, JR., Commander in

Chief, President, BARACK H. OBAMA.

## 11.

That it was within said August 22, 2012, belated response, writing, and letter that

Defendants, ERIC H. HOLDER, JR, U.S. DEPARTMENT OF JUSTICE, THE UNITED

STATES OF AMERICA, President, Hon. BARACK H. OBAMA, et al, partly advised

invalidated and unsubstantiated, even by the submitted complaint and attachments, (para.

2), that;

"You further complain about the failings of the **U.S. Magistrate Judge who presided
over your civil rights claim in federal court."**

## 12.

That a plain, and impartial view of the noted submitted complaint would and do validates

that co-Plaintiff, Ian J. Jackson's repeatedly demanded Constitutional right to "TRIAL

BY JURY" was denied, abridge, violated, as well as taken away by the fact of the

'MERE' written statement of made and named co-defendants, ERIC H. HOLDER, JR.,

THE U.S. DEPARTMENT OF JUSTICE, KEVIN J. CALLAHAN, ROBERT J.

MOOSSY, JR, and UNITED STATES. OF AMERICA, and the Commander in Chief,

ERIC H. HOLDER, JR., et al, that, co-Plaintiff, Ian J. Jackson's Federal Civil, Civil

Rights Violation case was allowed, permitted, and ORDERED to be assigned to a

magistrate, and that Magistrate was allowed and permitted to (also para. 2, line 3):

"Considered all relevant filings in the resolution of this matter."

## 13.

That co-plaintiffs, again show that co-Plaintiff, Ian J. Jackson, repeatedly made requests

**Trial By Jury Demanded**

and demanded his right to "TRIAL BY JURY".

**14.**

Made Defendants, ERIC H. HOLDER, Jr., ROBERT J. MOOSSY, Jr., KEVIN J

CALLAHAN, the U.S. DEPARTMENT OF JUSTICE, THE UNITED STATES OF

AMERICA, and President, BARACK H. OBAMA are hereto being sued as a result of

failing and refusing to initiate any manner or level of, non-bias, non-racially

discriminative investigation surrounding the complaint which co-plaintiff, Ian J. Jackson

filed with said made co-defendants.

**15.**

Said noted co-defendants, U.S. DEPARTMENT OF JUSTICE , ATTORNEY

GENERAL, ERIC H. HOLDER, JR, UNITED STATES OF AMERICA, President,

BARACK H. OBAMA, and et al, are hereto under the mandates and provisos of U.S.C.

42 Section 1985, held liable for any and all of the **UNLAWFUL, ILLEGAL,**

**UNCONSTITUTIONAL and/or RACIALLY DISCRIMINATIVE judicial or**

**otherwise,** method, practices and procedures committed and carried out by each and

every one of the other made/named co-defendants set forth and presented within this

complaint for damages, which resulted and took place as the result of the United States

Department of Justice, failing and refusing to initiate and conduct an investigation into

co-plaintiff, Jackson's complaint.  Thusly;

**16.**

Co-defendants, the U.S. DEPARTMENT OF JUSTICE, U.S ATTORNEY GENERAL,

ERIC H. HOLDER, JR., Acting Section Chief, ROBERT J. MOOSSY, JR., Paralegal

Specialist, KEVIN J. CALLAHAN and again the UNITED STATES OF AMERICA as a

result of said made and named defendants, upon being requested, failed and refused to

make or initiate any effort or attempt, to stop, hinder and/or prevent co-plaintiff, Ian J.

Jackson's Constitutional Rights from being further violated because he is black, by

municipal, state and federal, Governmental agencies, agents, workers and/or employees,

when said made and name defendants of the UNITED STATES OF AMERICA,

UNITED STATES DEPARTMENT OF JUSTICE, ERIC H. HOLDER, JR. et al., were

in the position(s), "were placed in said position for such", and had the authority and

power to hinder, to stop, to investigate, and/or to prevent same further violations of co-

plaintiff, Ian J. Jackson's U.S. Constitutional afforded and protected rights.

### 17.

But that said co-defendants, U.S. DEPARTMENT OF JUSTICE, ATTORNEY

GENERAL, ERIC H. HOLDER, Jr., Assistants, ROBERT J. MOOSSY, Jr., KEVIN J.

CALLAHAN, and THE UNITED STATES OF AMERICA did absolutely nothing, but

failed and refused to attempt to carry out, and/or perform their jurisdictional functions,

duties, responsibilities, and obligations incumbent, and conferred upon them by the

United States Constitution, as well by the laws and statutes of the United States..

### 18.

Herein co-plaintiffs, Ian J. Jackson and Carl E. Jackson show and presents as claim that

after NONE of the United States agencies, agents, departments, workers or employees, to

whom complaints were made and/or who had knowledge of co-party, plaintiff, Ian J.

Jackson's Constitutional rights being violated, DID AS MADE MANDATORY and

required by law; to contact and inform the U.S. DEPARTMENT OF JUSTICE and report

any and/or all received complaints of Constitutional and Civil Rights Violations to said

Federal agency and department, that said co-plaintiffs, Carl E. Jackson and Ian J.

Jackson, personally/themselves advised the UNITED STATES DEPARTMENT OF

JUSTICE; UNITED STATES OF AMERICA, Attorney General, ERIC H. HOLDER,

JR. In that;

**19.**

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson, within the noted February 27, 2012

"COMPLAINT" advised co-defendants, THE U.S. DEPARTMENT OF JUSTICE, ERIC

H. HOLDER, Jr., THE UNITED STATES OF AMERICA, Commander in Chief,

President, BARACK H. OBAMA, that the;

(a). That the noted law enforcement methods, practices and procedures utilized by the police officers of the Louisiana Tech University Police Department were JUSTICE DEPRIVATIVE, UNLAWFUL, ILLEGAL, UNCONSTITUTIONAL AND RACIALLY DISCRIMINATIVE , as well as;

(b). The judicial methods, practices and procedures utilized by the City of Ruston, Ruston City Court's Judge, Danny Tatum were also UNLAWFUL, ILLEGAL,

(c). That the Ruston City Court's, Clerk of Court and office's methods, practices and procedures of maintaining, securing, and/or of changing, altering, manipulating and distorting the judicial records/evidence were, **unlawful, illegal, unconstitutional and racially discriminative.**

**20.**

But that said Federal Agency and/or co-defendant, U.S. DEPARTMENT OF JUSTICE,

ERIC H. HOLDER, JR, UNITED STATES OF AMERICA, did, as others, co-defendants

made and named herein and hereto, absolutely nothing to hinder, bar, stop or prevent

herein co-plaintiff, Ian J. Jackson's constitutional provided, guaranteed and protected

rights from being further violated, in that;

**21**

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson present cause and claim that made and

named co-defendants, THE U.S. DEPARTMENT OF JUSTICE, ERIC H. HOLDER, JR.,

THE UNITED STATES OF AMERICA, et al., further advised with their August 22,

2012, response that;

(a). "The Criminal Section of the Civil Rights Division is responsible for enforcing federal criminal civil rights statutes. Much of our enforcement activity relates to the investigation and prosecution of **deprivations of civil rights under color of law. These matters generally involve allegations of excessive physical force or sexual abuse by law enforcement officers."**

(b). **"We have carefully reviewed the information which you furnished. However, we have determined that your complaint does not involve a prosecutable violation of federal criminal civil rights statutes. Moreover, the Criminal Section does not have the authority to conduct an appellate review of state court decisions or to dispense legal advice in such matters. Accordingly, we are unable to assist you."**

### 22.

Herein co-plaintiffs, Ian J. Jackson and Carl Jackson, have made and named herein as co-

defendants, ATTORNEY GENERAL, ERIC H. HOLDER, Jr., acting Section Chief,

ROBERT J. MOOSSY, Jr., Paralegal Specialist, KEVIN J. CALLAHAN, THE U.S.

DEPARTMENT OF JUSTICE, and THE UNITED STATES OF AMERICA,

Commander in Chief, President, BARACK H. OBAMA in that under the jurisdictional

authority and pursuant to the mandate and provisions of U.S.C 28 Section 1343, named

co-plaintiff, Ian J. Jackson is entitled;

"(1). To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42:"

"(2). To recover damages from any person **[including federal judges, or the federal government] who fails to prevent or to aid in preventing any wrong mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent:"**

"(3). To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of

Trial By Jury Demanded

citizens or of all persons within the jurisdiction of the United States."

"(4). To recover damages or to secure equitable or other relief under any Act of Congress
proving for the protection of civil rights."

### 23.

Co-plaintiffs, Jackson and Jackson further herein and hereto set forth and presents cause

and claim for redress against named co-defendants, THE UNITED STATES OF

AMERICA'S DEPARTMENT OF JUSTICE, Attorney General, ERIC H. HOLDER, JR.,

ROBERT J. MOOSSY, JR., KEV IN J. CALLAHAN, THE UNITED STATES OF

AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA, in that same

said made co-defendants failed and refused to initiate, carry out and/or perform the

functions, duties, and obligations constitutionally and statutorily conferred upon

him/them and their office, job title and positions as set forth and numerated within U.S.C.

28 Sections as noted

    (a).  Section 509, Functions of the Attorney General.
    (b).  Section 510. Delegation of authority.
    (c).  Section 511, Attorney General to advise the President.
    (d).  Section 515, Authority for legal proceedings, commission, oath, etc.,
    (e).  Section 516, Conduct of litigation reserved to Department of Justice.

### 24.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson further show, presents, and set forth

cause and claim for redress in that the noted February 27, 2012, "COMPLAINT" that was

logged with made and named co-defendants, THE UNITED STATES DEPARTMENT

OF JUSTICE, THE UNITED STATES OF AMERICA, Attorney General, ERIC H.

HOLDER, JR., et al., included a full and complete copy of co-plaintiff, Ian J. Jackson's;

**Trial By Jury Demanded**

(a). PLAINTIFF/APPELLANT'S OBJECTION TO THE COURT'S RULING, ORDERS AND JUDGMENTS FOR THE DATES OF NOVEMBER 22, 2011 AND DECEMBER 21, 2011 (containing 128 pages).  And;

(b). APPELLANT'S JOINT AFFIDAVIT; (containing 41 pages)
  (1). IN SUPPORT OF APPELLANT'S MOTION FOR THE ITEMIZATION OF ASSESSED APPEALS FEES OF; (FOUR HUNDRED FIFTY FIVE AND NO/100 [455.00] DOLLARS:  And;
  (2). IN SUPPORT OF APPELLANT'S MOTION FOR THE CORRECTION OF THE IMPROPER AND INCORRECT, FILING OF APPELLANT'S OBJECTION TO THE COURT'S RULING, ORDERS AND JUDGMENTS FOR THE DATES OF NOVEMBER 22, 2011 AND DECEMBER 21, 2011, And PLAINTIFF'S NOTICE OF APPEAL.

**25**

Co-plaintiffs, Jackson and Jackson show and presents cause and claim that even after

made and named co-defendants, THE UNITED STATES DEPARTMENT OF JUSTICE,

Attorney General, ERIC H. HOLDER, JR., and THE UNITED STATES OF AMERICA

were fully advised of and made aware of the numerous UNLAWFUL, ILLEGAL,

UNCONSTITUTIONAL AND RACIALLY DISCRIMINATIVE matters involving

actions, inactions, methods, practices and procedures, even the crimes and offenses

committed and utilized by local, state and federal governmental workers, employees,

agents, agencies and representatives, said UNITED STATES OF AMERICA

DEPARTMENT OF JUSTICE, Attorney General, ERIC H. HOLDER, JR., THE

UNITED STATES OF AMERICA, et al., did nothing to correct or to prevent further, or

to aid or to assist in preventing co-plaintiff, Ian J. Jackson's United States Constitutional

provided, guaranteed and protected rights from being further violated and/or taken away.

**26.**

Co-plaintiffs, Jackson and Jackson further show cause and claim against made and named

co-defendants, THE UNITED STATES DEPARTMENT OF JUSTICE, Attorney

Trial By Jury Demanded

General, ERIC H. HOLDER, JR., THE UNITED STATES OF AMERICA, Commander

in Chief, Hon. President, BARACK H. OBAMA, for the following set forth and

numerated causes, of which said, UNITED STATES DEPARTMENT OF JUSTICE, et

al., were made fully aware of within co-plaintiff, Ian J. Jackson's foregone noted

February 27, 2012, "APPELLANT'S JOINT AFFIDAVIT", to wit;

(a). That Louisiana Tech University Police Officer, Tim Holstead, intentionally exceeded

his lawful, legal and constitutional conferred patrolling and policing jurisdiction, and

intentionally drove his departmental patrol cruiser, off of and/or outside of the set and

established legal boundaries of the campus of Louisiana Tech University (LTU), to the

United States Highway 20 (I-20), **"To see if he could see the motorcycles pass so he

could attempt to estimate their speed in comparison to other interstate traffic." (pg.

33 of 43, near center of page, FACTS ESTABLISHED UNCONSTATED"

[UNCONTESTED] "BY DEFENDANTS", Item (b).**

ANSWER, _____.

(b). Officer Holstead's supervisor, Officer Randy Gay placed Holstead sitting stationary

for approximately fifteen (15) minutes outside of his lawful and legal patrolling

jurisdiction, conducting speed checks of the traffic traveling on Interstate Highway I-20.

(pg. 33, Item (d).

ANSWER _____.

(c). Holstead and Gay's departmental and/or dispatch law enforcement agency, City of

Ruston, Ruston Police Department, radio traffic recording devises, recorded Holstead

radioing officer Gay and advising Gay to get close to his location for a traffic stop of

Trial By Jury Demanded

Jackson's vehicle, long before Holstead obtained probable cause to effect a vehicle traffic stop. ( pg. 33, Item (f)

ANSWER _____.

(d). The officer's own departmental police radio traffic recording revealed that after Officer Holstead was not able to obtain legal probable cause to effect and make a traffic stop by the traditional following from behind method, that Holstead then terminated the traditional following method and procedure, and drove his police patrol unit up along and side with all three motorcycles, passing to two tailing motorcycles, and pulling up side by side with the lead cyclist (Jackson's), to obtain probable cause to make a traffic stop, (pg. 34, Item h).

ANSWER _____.

(e). That Holstead obtained probable cause for the vehicle stop by RACIAL PROFILING Jackson, and the other black motorcyclists. (pg. 34, Item (h) and (I).

ANSWER, _____

(f). That Holstead failed to make note or mention of that RACIAL PROFILING in his incident report, because he knew that it was illegal to "racial profile" per probable cause to make a vehicle stop. (pg. 34, Item (I).

ANSWER, _____.

(g). Holstead noted within his incident report that **"The motorcycles obeyed all traffic laws as they passed through campus."** (pg. 34, Item (j.).

ANSWER, _____.

Trial By Jury Demanded

(h). That Holstead is heard on his departmental police radio traffic recording advising his supervisor, Officer Gay of Jackson that; **"He's smart, he is not giving us a reason to stop him."** (pg. 34, Item (k).

ANSWER, _____.

(i). Holstead noted and reported within his incident report what he (Holstead) believed to be strange and unusual behavior committed by Jackson, being; (pg. 34, Item (l).

**"Cpl. Holstead observed the driver of the lead motorcycle looking around in all directions AS IF he were checking to see if there was a police car in sight".**

**ANSWER** _____.

(j). That at and during the trial hearing, the Ruston City Court, (the petitioning party) noted of record and proceedings that the intersection at which Jackson was observed looking around in all directions was a busy major intersection, Thus, Holstead was asked approximately three (3) by Jackson; "

**"What is the responsibility of every operator of any vehicle upon coming to an intersection before proceeding or turning at any intersection?**

ANSWER, _____.

Holstead was not able to answer, and/or could not advise that every driver is to look in all direction to ensure that it is safe before proceeding. (pg. 34, Items (l) 1 and 2).

**ANSWER** _____.

(k). Holstead reported within his incident report that; (pg. 34, Item (m).

**"when the light turned green, he"** (Jackson) **"turned west and ACCELERATED AT AN EXTREMELY HIGH RATE OF SPEED."**

Trial By Jury Demanded

ANSWER, _____.

(l).  Holstead also reported within his incident report that he observed Jackson traveling at such an EXTREMELY HIGH RATE OF SPEED, AND TRAVELING SO FAST THAT HE LEFT THE OTHER TWO MOTORCYCLES BEHIND. (pg. 35, Item (n)-1).

ANSWER, _____.

(m).  That Holstead reported that it was for that alleged observed reason of Jackson; **"ACCELERATED AT AN EXTREMELY HIGH RATE OF SPEED."** that he (Holstead effected and made a traffic stop of Jackson's vehicle. (pg. 5, lines 4-5).

ANSWER, _____.

(n).  Holstead even reported of his incident report that Jackson's motorcycle was traveling so fast that after he had made the traffic stop of Jackson's vehicle, that the other two motorcycles pulled in about 15 seconds later..(pg. 36, Item (q).

ANSWER, _____.

(o).  Holstead reported that upon advising Jackson of the reason why he had made the traffic stop, that; (pg. 36, Item (s)

**"The driver immediately became defensive and argument."**

ANSWER, _____.

(p).  That upon Jackson asking **"Holstead in an extremely derogatory tone, "Oh yea, what did you clock me at?** (pg. 36, Item (t).

ANSWER, _____.

(q).  That Holstead, even within his incident report then contradicted his earlier reported

Trial By Jury Demanded

probable cause, and that he (Holstead) advised Jackson that; (pg. 36, Item (u).

**"Cpl. Holstead advised the driver HE HAD NOT STOPPED HIM FOR SPEEDING, AND A RADAR READING HAD NOT BEEN TAKEN."**

ANSWER, _____.


(r).  But Holstead then reported within his incident report, that Jackson next and then

advised Holstead;

**"You can't prove I ever got over 35 and that is what the sign said."**

ANSWER, _____.


**(s).**  Holstead then altered and changed his probable cause for having made the traffic

stop by advising; (37, Item (w).

**"Holstead explained to the driver he had been stopped for the way he had VERY RAPIDLY AND DANGEROUSLY ACCELERATED."**

ANSWER, _____.


### Portion of trial proceedings

**(t).**  During the July 22, 2010, trial hearing, Holstead swore, affirmed and testified that

**""Jackson's vehicle's speed never exceeded the posted 35 mph speed limit." (pg. 36, Item (n)-2).**

ANSWER, _____.


(u).  Also at the trial hearing, Upon being asked, Holstead was not able to advise the court

and the record what was the alleged "EXTREMELY HIGH RATE OF SPEED under the

posted and traveled 35 mph speed limit, Jackson's vehicle was allegedly observed to have

ACCELERATED AT OR TO" (pg. 35, Item (n)-3).

ANSWER, _____.

**Trial By Jury Demanded**

(v). That Holstead could not advise or inform the court and record of an approximate EXTREMELY HIGHT RATE OF SPEED, UNDER THE POSTED and traveled 35mph speed limit, at which Jackson's vehicle was allegedly observed to have ACCELERATED AT OR TO. (pg. 35, Item (n)-4).

ANSWER, _____.

(w). Nor could or would Holstead advise the court and record of an estimated or wild guess of an EXTREMELY HIGH RATE OF SPEED, UNDER THE POSTED and traveled 35mph speed limit, at which Jackson's vehicle was allegedly observed to have ACCELERATED AT OR TO.  (pg. 35, Item (n)-5).

ANSWER, _____.

(x).  Holstead reported within his incident report that Jackson's motorcycle moved from the outside lane of travel to the inside lane of travel; AS IF he were checking to see if he could pass vehicle traveling in the same direction on the left in the east bound lane of traffic.  At trial Holstead was asked if Jackson used his vehicle's turn signal before and while making the lane change from the right hand lane to the left hand lane of travel.. Holstead advised that he did not know. (pg. 35, Item (o)-1 & 2)

**ANSWER,** _____.

## BACK TO TRAFFIC STOP

(y).  That after Holstead changed his probable cause for the traffic stop to; (pg. 37, Item **"VERY RAPIDLY AND DANGEROUSLY ACCELERATED."**

**Trial By Jury Demanded**

ANSWER, _____.


(z).  Holstead noted and reported that Jackson is noted to have replied ""**O. K. how fast was I going?"** (pg. 37, Item (x).

ANSWER, _____.


(aa).  That Holstead then noted and reported; (pg. 37, Item (x).

**"Cpl. Holstead advised THE DRIVER HE HAD NOT BEEN STOPPED FOR SPEEDING."**

ANSWER, _____.


(bb).  That Jackson replied;  **O.K., WHAT DID I DO?"** (pg. 27, Item (y).

ANSWER, _____.


(cc).  That Holstead altered and changed his probable cause for having made the vehicle

traffic stop again by reporting that;

**"Cpl. Holstead advised him HE HAD BEEN STOPPED FOR CARELESS DRIVING."** (pg. 37, Item (y).

ANSWER, _____.


(dd).  That Holstead's reporting and testimony created added reasonable doubt that

Jackson did not commit the reported violations, nor CARELESS DRIVING, in that;

**"Cpl. Holstead advised the driver he had been told by a driver traveling on I-20 they were driving at 70 m.p.h. and the motorcycles had passed them at an extremely high rate of speed.  Cpl. Holstead advised the driver he believed that to be true."** (pg. 37, Item (z).

ANSWER, _____.

**Trial By Jury Demanded**

(ee).  That Holstead swore, affirmed and testified that Jackson's motorcycle's front wheel and/or tire never separated or lost contact with the pavement or roadway, which would have resulted in a wheelie. (pg. 38, Item (9)(a)(5).

ANSWER, _____.

(ff).  That both of Jackson's motorcycle's wheels maintained "contact with the roadway at all time." (pg. 38, Item (9)(b)(6).

ANSWER, _____.

(gg).  That the rear wheel and/or tire of Jackson's motorcycle never lost traction with the pavement, which would have caused the bike to spin out, burn out and/or burn tire rubber." (pg. 38, Item (9)[c](7).

ANSWER, _____.

(hh).  That Holstead swore and affirmed that Jackson's vehicle rear tire or rear end did not swerve, sway or fishtail at any time while turning onto California Ave. (Hwy. 80) or while traveling thereon. (pg. 38, Item (9)(d)(8).

ANSWER, _____.

(ii).  That Jackson's vehicle did not do a donut. (pg. 38, Item (9)(e)(9).

ANSWER, _____.

(jj).  Jackson presented the precedent of **State ex rel Pulermo v. Hawsey,** 377 So 2ds. 338 (La. 1979); noting;

1.  "That the court held that the police officer's traffic stop of defendant's vehicle was without evidence, unreasonable and illegal, in that defendant was not speeding, weaving in his lane, crossing the center line or giving any other indication that he was operating

Trial By Jury Demanded

his vehicle in a reckless manner or in violation of any traffic provision."

ANSWER, _____.

**2. "That the court also held that the police officer's presented and noted probable cause that the was driving out of the parking lot "accelerating and spinning his tires did not violate proper starting statute."**

ANSWER, _____.

(kk).  That Holstead's wrote and noted within his incident report that his on duty

supervisor, Sgt Gay advised Jackson at the traffic stop that;

**"Sgt. Gay advised Jackson he had likely talked himself into the ticket he was about to get because of his MOUTH."**

ANSWER, _____.

(ll).  That even though it was Sgt. Gay who advised and made the statement and remark

to Jackson, Holstead was the only one that included the unlawful/unconstitutional

statement within his incident report. But Sgt. Gay did not include his very own statement

within his own incident report. (pg. 39, Items A and B), because Gay knew that it was

illegal to issue Jackson a traffic citation because of his mouth, and/or free speech.

ANSWER, _____.

(mm).  That the officers violated Jackson's 14th Amendment rights to the U.S.

Constitution. (pg. 39, Item D).

ANSWER, _____.

(nn).  That the officers more so violated Jackson 1st Amendment right to freedom of
speech and expression. (pg. 39, Item C).

Trial By Jury Demanded

(oo).  That officer Gay noted in his incident report that;

**"The driver was very "cocky" and stated if written a ticket he would not pay it.  The driver continually said HE KNEW HIS RIGHTS AND THAT HE WAS NOT SPEEDING."** (pg. 39, Item F).

ANSWER, _____.

(pp).  That Gay also reported that;  (pg. 39, Item F)

**1.  "It should be noted that the driver appeared to be TRYING TO PROVOKE OFFICERS BY HIS ATTITUDE.  He commented to Cpl. Holstead that he could tell he was nervous.  He asked me if I would race him in the patrol car and stated that the police would have to catch him next time and that the only reason he had stopped this time was to see if we would "act right"**

ANSWER, _____.

**2.  "He asked for our Badge Numbers and took several pictures with a cell phone."**

ANSWER, _____.

(qq).  That Gay reported that Jackson; (pg. 40, Item H, top of page).

**"made several comments that we were not even "Real Police" and that all we did was hassle people.  At one point the driver also APPEARED to be ATTEMPTING TO MAKE THE TRAFFIC STOP A RACIAL THING."**

ANSWER,_____

(rr).  That the prosecution and/or Ruston City Court presented showing that Jackson did not commit any traffic violation, within Holstead's report and during the trial hearing. (pg. 40, Item I).

ANSWER, _____.

(ss).  That the officers, were without legal or proper authorization, exceeded their set ad established law enforcement jurisdictional boundary. (pg. 40, Item J)

**Trial By Jury Demanded**

ANSWER, _____.

(tt). That Holstead and Gay used racial profiling to obtain and establish probable cause to

make a traffic stop of Jackson's vehicle, that same clearly constitutes law enforcement

duties intertwined with impermissible conduct as in the precedent case of **Bernard v.**

**County of Suffork.** (pg. 40, Item L).

ANSWER, _____.

(uu). That the officers effected and made an unlawful, unreasonable and groundless

traffic stop of Jackson and his vehicle, without valid or legal probable cause. (pg. 40,

Item M).

ANSWER, _____.

(vv). That the City of Ruston, Ruston City Court had "ALTERED AND
MANIPULATED THE TRANSCRIPTS of all five (5) of the hearings had. (pg. 11 of 43,
Item (e).

ANSWER,_____

(ww). That said act(s) of altering the hearings transcripts constituted the crimes of; (1).

Obstruction of justice. (2). Injuring public record. (3). Malfeasance In office. (pg. 11,

Item (f).

ANSWER, _____.

(xx). That the Ruston City Court (clerk of court) sole purpose and intent of altering and

distorting the proceeding transcripts was to unlawfully affect, influence the final outcome

and judgment of the review and appeal process. (pg. 11, Item (g).

ANSWER, _____.

Trial By Jury Demanded

(yy). That the front pages of all of the received transcripts had be exchanged as a means

and in order to change the captioned styled heading under which the criminal/traffic

matter was instituted and fully disposed of within the Ruston City Court. (pg. 11, Item

(h).

ANSWER, _____.


(zz). That the Ruston City Court (clerk) altered, manipulated and distorted the transcripts
as noted;

ANSWER, _____.


1. All eighteen (18) pages of the had June 15, 2010 entertaining of Jackson's "Motion to

Inspect" were altered and manipulated. (pg. 12, Item (l).

ANSWER, _____.


2. All eighty nine (89) pages of the had July 22, 2010, trial proceeding were altered and

manipulated. (pg. 12 Item (j).

ANSWER, _____.


3. All eleven (11) pages of the had August 4, 2010, conclusion of the trial proceeding

were altered and manipulated. (pg. 12, Item (k).

ANSWER, _____,


4. All of the pages of the September 16, 2010, Sentencing hearing transcript were also

altered and manipulated in like manner as the others, (pg. 12, Item (L).

ANSWER, _____.

5.  That the Ruston City Court, in it's altering and distorting Jackson's transcripts, mistakenly even changed his name from Ian Jarque Jackson to Ian Jefferson on all of the received transcripts. (pg. 12, Item (m).

ANSWER, _____.


## 27.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson further show, presents and make cause and claim against THE UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, ERIC H. HOLDER, JR., and THE UNITED STATES OF AMERICA, Hon. President, BARACK H. OBAMA, in that they were also advised and informed of mattes and issued pertaining to the United States District Court's rulings and judgments handed down and rendered by U.S. District Court's Magistrate, KAREN L.HAYES and Judge, DONALD E. WALTER, within the then Federal Civil, Civil Rights Violation case titled; IAN J. JACKSON VS. LOUISIANA TECH UNIVERSITY, et al, USDC NO. 3:11-CV-0524.  That said made co-defendants, UNITED STATES DEPARTMENT OF JUSTICE, et al, were advised;

6.  That within the noted captioned and titled case of IAN J. JACKSON VS. LOUISIANA TECH UNIVERSITY, Jackson as required by set rules, made request for and demanded his 7th Amendment right to the U.S. Constitution of "TRIAL BY JURY", upon the face and within the body of his Original Complaint, **BUT THAT HIS CONSTITUTIONAL RIGHT TO "TRIAL BY JURY WAS DENIED, AND TAKEN AWAY.** (pg. 13, Item (1).

ANSWER, _____

**Trial By Jury Demanded**

7. That on April 8, 2011, within the filing of his:" AFFIDAVIT IN SUPPORT OF

PLAINTIFF'S ORIGINAL COMPLAINT" Jackson again made demand for "TRIAL BY

JURY".

ANSWER,_____

8. That Jackson again within the August 23, 2011 filing of record of his mandatory and

required Rule 26(f) "CASE MANAGEMENT REPORT" again demanded his 7th

Amendment right to "TRIAL BY JURY". (pg. 13, Item (2).

ANSWER,_____

9. But that he was still denied his demanded 7th Amendment right to the U.S.

Constitution of TRIAL BY JURY, by United States District Court's Judges, ROBERT G.

JAMES, DONALD E. WALTER and United States District Court's, Magistrate, KAREN

L. HAYES.

ANSWER,_____

10. That the District Court's Rulings, Orders and Judgment, Report and

Recommendations were in violation of the 14th Amendment to the U.S. Constitution. (pg.

14 of 43, Item (3).

ANSWER,_____

11. That the District Court's Rulings, Orders and Judgment (Magistrate, KAREN L.

HAYES and Judge, DONALD E. WALTER) violated Rule 38(a) of the FRCvP. (pg. 14,

Item (5).

ANSWER,_____

**Trial By Jury Demanded**

12. That the rulings, orders and judgments of DONALD E. WALTER and KAREN L.

HAYES violated Rule 38(b) of the FRCvP. (pg. 14, Item (6).

ANSWER,_____

13. That the Rulings of KAREN L. HAYES, and DONALD E. WALTER of November

22, 2011 and December 21, 2011, violated Rule 38(c) of the FRCvP. (pg. 14, Item (7).

ANSWER,_____

14. That the Rulings, Orders and Judgments of KAREN L. HAYES and DONALD E.

WALTER was also in violation of Rule 38(d) of the FRCvP. (pg. 14, Item 8).

ANSWER,_____

15. Jackson clearly Advised that the Rulings, Orders and Judgments of KAREN L.

HAYES and DONALD E. WALTER were also in violation of Rule 39(a) of the FRCvP.

(pg. 15, Item (9).

ANSWER,_____

16. The 2011 Rulings, Orders and Judgments of KAREN L. HAYES and DONALD E.

WALTER were further in violation of U.S.C. 28 Section 636(a)(b)(1)(A); an then noted

that; (pg. 15, Item (10).

ANSWER,_____

"(A). a judge may designate a magistrate to hear and determine any pretrial matter
pending before the court**, EXCEPT a motion etc., for judgment on the pleadings,
FOR SUMMARY JUDGMENT", etc., "TO DISMISS FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED," etc.,**

**Trial By Jury Demanded**

17. That in clear violation of U.S.C. 28 Section 636(b)(1)(A) U.S. District Court Judge, DONALD E. WALTER assigned to Magistrate, KAREN L. HAYES, for her entertaining, and disposing of **five (5) MOTION TO DISMISS, of the defendants claiming that Jackson failed TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.** (pg. 15, Item (11) through pg. 16).

ANSWER,_____

(a). That Judge, DONALD E. WALTER had also ordered referred to her co-plaintiff, Ian J. Jackson's filed of record; "MOTION FOR ENTRY OF JUDGMENT BY DEFAULT"

ANSWER,_____

18. That on **November 22, 2011, U.S. Magistrate, KAREN L. HAYES at the instructions of DONALD E. WALTER entertained and disposed of the five (5) MOTIONS TO DISMISS, alleging FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, rendered her rulings, orders, reports and recommendations, and submitted her alleged findings to the court.** (pg. 16, Item 12).

ANSWER,_____

19. That on **December 21, 2011, U.S. District Court's Judge, DONALD E. WALTER then adopted the UNLAWFUL, ILLEGAL AND UNCONSTITUTIONAL reporting, recommendations, and judgments of U.S. Magistrate, KAREN L. HAYES' as the final rulings, orders and judgments of the court.** (pg. 16, Item 13).

ANSWER,_____

20. That the court's Rulings, Orders, and Judgments of DONALD E. WALTER were/are

Trial By Jury Demanded

UNCONSTITUTIONAL because they violated Jackson U.S. Constitutional rights to

TRIAL BY JURY as well as violated the **mandate and provision of U.S.C. 28 Section**

**637" (should be 636) "636(4)[c](1).** (pg. 16, Item 14).

ANSWER,_____

21.  That Jackson advised the District Court that; (pg, 17, Item (15).

**"Plaintiff Jackson clearly made request, noted and demanded within this cause's records that he did not give the required consent to vesting or granting any permission of authority upon Magistrate Hayes "to conduct all proceeding in this "JURY DEMANDED case, etc.,"**

ANSWER,_____

22.  That the District Court's Rulings, Orders, and Judgments of November 22, 2011 and

December 21, 2011**violated Jackson's Constitutional rights to due process of law and**

**of equal protection under the law as provided, guaranteed and protected by the 14th**

**Amendment to the U.S. Constitution.** (pg. 17, Item (16).

ANSWER,_____

23.  That even after Jackson had properly and clearly advised and informed the District

Court of his desire and demand to exercise his 7th Amendment Right to have his case

determined by "TRIAL BY JURY", that Jackson then further on **September 19, 2011,**

**also filed of his case's record his; (1).  PLAINTIFF'S OPPOSITION TO**

**PLAINTIFF'S MOTIONS BEING REFERRED TO MAGISTRATE JUDGE**

**KAREN L. HAYES FOR CONSIDERATION.** (pg. 17, Item 17).

ANSWER,_____

24. But that even Jackson said noted "{OPPOSITION, opposing his motions being

**Trial By Jury Demanded**

referred to Magistrate, KAREN L. HAYES, was also referred to Magistrate, KAREN L.

HAYES for her personal consideration. (pg. 17, Item (18)..

ANSWER,_____

25.  That the District Court was further within Jackson's January 23, 2012, OBJECTION

TO THE COURT'S RULING, ORDERS AND JUDGMENTS" advised that the

defendants' actions and inacts and now subsequently the rulings, orders and judgments of

Judge, DONALD E. WALTER and KAREN L. HAYES violated the provisions and

mandates of U.S.C. 42 Section 1983 and 985, and thus jurisdiction is conferred pursuant

to and as provided by U.S.C. 28 Section 1343, which mandates;

**"A person deprived of any right or privilege of a citizen of the United States is
entitled to recover damages from ANY PERSON [including FEDERAL JUDGES,
OR THE FEDERAL GOVERNMENT] who fails to prevent or to aid in preventing
any wrong mentioned in section 1985 of U.S.C. Title 42 which he had knowledge
were about to occur and power to prevent.".** (pg. 17, Item (19)

ANSWER,_____

26.  That the District Court was advised that its Rulings, Orders and Judgments

(November 22, 2011 and December 21, 2011) were **UNCONSTITUTIONALLY**

**RACIALLY BIASED** because the white defendants had been granted three (3) forty

(40) days extension of time, out of time, without motion or without having to put forth

the required and mandatory good cause showing of excusable neglect reason, to file

responsive pleadings to black, Plaintiff, Jackson's Original Complaint, but then this same

District Court failed and refused to allow and/or refused to grant Jackson's, a black/Afro

American his requested one (1) thirty three (33) days extension of time to file Objections

to Magistrate, KAREN L, HAYES' extensive and massive November 22, 2011 Rulings,

**Page 31 of 683**

Trial By Jury Demanded

Order and Judgments. (pg. 18, Item (20)).

ANSWER,_____

27.  That the District Court was reminded that Magistrate,  KAREN L. HAYES'
November 22, 2011, Rulings, Orders, Reports, and Recommendations were the result of
her **simultaneously entertaining and disposing of approximately twenty six (26)
motions, requests and pleadings which the United States District Court allowed and
permitted to accumulate.**  (pg. 18, Item (21)).

ANSWER,_____

28.  The Jackson was given only fourteen (14) days to file any Objection to Magistrate,
KAREN L. HAYES' November 22,2011 rendered Rulings, Orders, Judgments, Reports
and Recommendations. (pg. 18, Item (22)).

ANSWER,_____

29.  That the District Court's Ruling and Order denying Jackson's "Motion" for a one (1)
thirty three (33) days extension of time to file Objections to Magistrate, KAREN L.
HAYES' extensive rendered Reports, Rulings, Orders and Recommendations also
violated Jackson's right to self legal representation. (pg. 19, Item (23)).

ANSWER,_____

30.  That the filed January 23, 2012, "OBJECTION TO COURT'S RULING, ORDERS
AND JUDGMENTS" set forth and presented the "PREJUDICIAL RESULTS OF THIS
COURT'S RACIALLY DISCRIMINATIVE PROCEDURE." (pg. 19, Item (25)).

ANSWER,_____

31. That Jackson also set forth and presented within that "OBJECTION" that;

**"'20. THE COURT'S NOVEMBER 22, 2011 AND DECEMBER 21, 2011 RULINGS, REPORTS AND RECOMMENDATIONS, MEMORANDUM ORDERS AND JUDGMENTS ARE NOT SUPPORTED OF ESTABLISHED FACTS AT BAR."**

ANSWER,_____

32. That it reminded the court, that as a result of the fact that all of the made and named

defendants filing Rule 12(b)(6) MOTIONS TO DISMISS, that the Motion to Dismiss

were to have been treated [SHALL] as MOTIONS FOR SUMMARY JUDGMENT AND

DISPOSED OF AS PROVIDED BY RULE 56 OF FRCP. (pg. 19-20, Item (27)

ANSWER,_____

33. That as prescribed by Rule 56[c] of the FRCvP; (pg. 20, Item (28).

"The judgment sought shall be rendered forthwith **IF THE PLEADINGS, DEPOSITIONS, ANSWERS TO INTERROGATORIES, AND ADMISSIONS ON FILE, together with AFFIDAVITS if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law."**

ANSWER,_____

34. That the court was reminded that the November 22, 2011 and December 21, 2011

Rulings, Orders, Reports, Recommendations, Memorandum Orders and minutes entries

were misrepresented and not supported by the established facts of record, in that; (pg. 20,

Item (29);

(a). **"To wit; as clearly mandated and prescribed by Rule 56[c], in resolving and disposing of the made and named defendants' Motions to Dismiss, alleging the claim that Jackson FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, this court, not Judge Donald E. Walter or Magistrate Judge, Karen L. Hayes were /was to have taken into account all of the pleadings, deposition (NONE, AS THE DEFENDANTS STAYED DISCOVERY), answers to interrogatories**

**Trial By Jury Demanded**

(NONE, AS DEFENDANTS STAYED DISCOVERY), and admissions on file
(MANY), together with the AFFIDAVITS (NONE FILED BY DEFENDANTS) VS.
(Plaintiff Ian J. Jackson filed six (6) AFFIDAVITS into this case's record), etc.,"

ANSWER,_____

35 . That the court was reminded that of the six (6) AFFIDAVIT IN SUPPORT OF; filed

of record by Jackson, that; (pg. 20-21, Item 31),

"etc., not one of the filed of record affidavits of Jackson [etc.,] have been opposed,
contested or counterclaimed by the defendants, etc.,"

ANSWER,_____

36. The court was reminded that Rule 56(e) of the FRCvP mandates that; (pg. 21, Item

32).

"When a motion for summary judgment is made and supported as provided in this rule,
**an adverse party MAY NOT REST upon MERE ALLEGATIONS or DENIALS of
the adverse party's pleading, but the adverse party's response, BY AFFIDAVIT or
as otherwise provided in this rule, MUST SET FORTH SPECIFIC FACTS showing
that there in"** [is not] **"a genuine issue for trial."**

ANSWER,_____

37. That the court was reminded that Rule 56(e) more specifically prescribes; (Item 33),

**"If the adverse party DOES NOT so respond, summary judgment, it appropriate,
shall be"** [SHALL NOT BE] 'entered against the adverse (non movant) **"party."**

ANSWER,_____

38. That none of the then made and named defendants presented or filed of the record

any unsworn declaration as mandated by U.S.C. 28 Section 1746, in lieu of the required

"RESPONSE AFFIDAVITS." (pg. 21, Item (34).

ANSWER,_____

39.  That the court was reminded that as a result of the provisions of Rule 8(d) of the

FRCvP, that; (pg. 21, Item 35 and 36)

1.  **"Rule 8(d), Effect of Failure to Deny, etc., Averments in a pleading to which a responsive pleading is required," etc., "are ADMITTED WHEN NOT DENIED in the responsive pleading."**

ANSWER,_____


2.  **"ect., all of the made and named defendants have both STIPULATED TO, and AGREED WITH Plaintiff Jackson's claims, contentions and averments."**

ANSWER,_____


40.  The courts, clerks of courts, Attorney General, ERIC H. HOLDER, JR., THE

UNITED STATES DEPARTMENT OF JUSTICE, THE UNITED STATES President,

Hon. BARACK H. OBAMA were advised and reminded. (pg. 22, Item 37), that;

1.  **"All of the defendants have so, stipulated and agreed with Jackson as a result of FAILING AND REFUSING TO OPPOSE AND DEFEND, CONTEST OR COUNTERCLAIM against Plaintiff Jackson's noted of record AFFIDAVITS IN SUPPORT OF; by '[response] affidavits."**

ANSWER,_____


41,  That the UNITED STATES DEPARTMENT OF JUSTICE, ERIC H. HOLDER,

THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon.

BARACK H. OBAMA, the courts and clerks of courts, et al.  were reminded that, (pg.

22, Item (38).

**"As provided by and pursuant to Rule 8(d)[c](e) and Rule 56[c](e), the only set and established acceptable judicial practice, manner and procedural process, aside from unsworn to declarations, for responding to and/or defeating an affidavit, is by and with response affidavit (s)".**

ANSWER,_____

42. That the made co-defendants, the UNITED STATES DEPARTMENT OF JUSTICE,

ERIC H. HOLDER, JR., THE UNITED STATES OF AMERICA, et al., the courts and

clerks herein were  advised (pg. 22, Item (39)(a)(b)[c], that;

Upon filing of the record of the above captioned cause, his;

**"(a).  Plaintiff's Opposition to Defendants'/Motion to Dismiss (Case documents NO.
(s) 39 and 40, Exhibit pages number PL-Opp-37), Jackson's Application For
Supervisory Writ contained eighty six (86) pages." [that] "None of the made named
defendants voluntarily sought to contest, defend against or oppose any of Jackson's
presented forty five (45) ISSUES AND QUESTIONS OF LAW, etc.,"**

ANSWER,_____

**"(b). nor did either named defendant voluntarily contest, defend against, oppose or
deny a single one of Plaintiff Jackson's presented twenty eight (28) ASSIGNMENTS
OF ERRORS"**

ANSWER,_____

**"[c].  Even after the defendants were ORDERED by the 2ⁿᵈ Circuit Court Panel to
respond to Jackson's eighty six pages of averred complaint, still non of the
defendants contested or opposed by the required and mandatory response
affidavit(s)."**

ANSWER,_____

43.  Co-plaintiff, Ian J. Jackson advised the district court, the 5ᵗʰ CCOA's, Judge,

EDWARD C. PRADO, THE OFFICE OD THE CLERK OF COURT, THE UNITED

STATES OF AMERICA, THE U.S. DEPARTMENT OF JUSTICE, Attorney General,

ERIC H. HOLDER, JR., Commander in Chief, Hon. President, BARACK H. OBAMA,

et al., within his February 28, 2012, "JOINT AFFIDAVIT" that; (pg. 23, Item

40(a)(b)[c](d),

(1).  **"etc., all of the made defendants address the issues and subject matters within**

Plaintiff Jackson's Original Complaint, but none of the made and named defendants submitted nor filed of this case's record the required and mandatory Rule 56(e) RESPONSE AFFIDAVIT needed and required to properly and lawfully support their Motion to Dismiss."

ANSWER,_____

"(a). etc., first to ensure their presented claims and alleged facts are not deem as MERE ALLEGATIONS, etc.,"

ANSWER,_____

"(b). etc., secondly to judicially overcome and defeat Plaintiff Jackson's Affidavit in Support of Plaintiff's Original Complaint."

ANSWER,_____

"[c]. as well as Plaintiff's Affidavit in Support of Plaintiff's Motion for Judgment by Default."

ANSWER,_____

"(d). The defendants knew, being represented by numerous trained at law counsels of record, regarding their Motions to Dismiss, that as prescribed by Rule 12(b)(6); "shall be treated as one for summary judgment."

ANSWER,_____

(2). "Still none of the made and named at bar defendants filed the required and needed Rule 8(d) or Rule 56 of the FRCvP, RESPONSE AFFIDAVITS."

ANSWER,_____

44. The U.S. DEPARTMENT OF JUSTICE, ERIC H. HOLDER, JR., THE UNITED

STATES OF AMERICA, President, Hon. BARACK H. OBAMA, et al., were advised

that co-plaintiff, Ian J. Jackson was in fact entitled to obtain his sought after, desired,

needed and requested discovery, but he was denied his request and motion for same by

**Trial By Jury Demanded**

Magistrate, KAREN L. HAYES. (pg. 30 through 32, Item (55).

ANSWER,_____

**28.**

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson presents cause and claims against the

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, ERIC H.

HOLDER, JR., ROBERT J. MOOSSY, JR., KEVIN J. CALLAHAN, THE UNITED

STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA,

et al., for having stood behind, beside as well as in front of, and supported, protected and

approved of the foregone noted, as well as the forth coming to be noted civil rights

violations that were committed pre-submitting and filing of the February 27, 2012,

complaint as well as the civil rights violation performed, carried out and committed by

other herein made and named co-defendants , after co-plaintiff, Ian J. Jackson had

submitted and made the February 27, 2012, "complaint of UNLAWFUL, ILLEGAL,

UNCONSTITUTION and RACIALLY DISCRIMINATIVE, judicial methods, practices

and procedure utilized in entertaining and disposing of, black, pro se., litigant, Ian

Jackson's Federal Civil, Civil Rights Violation case, as the result of THE UNITED

STATES DEPARTMENT OF JUSTICE, ERIC H. HOLDER, JR., and others failing and

refusing to initiate and/or institute any degree or level of investigation.

**MADE AND NAMED CO-DEFENDANTS ARE;**

AGENTS, REPRESENTATIVES, WORKERS AND EMPLOYEES OF THE; UNITED

STATES FIFTH (5TH) CIRCUIT COURT OF APPEALS;

29

LYLE W. CAYCE, Clerk of Court, (5th Circuit Court of Appeals'), OFFICE OF THE

CLERK OF COURT, Deputies, Clerk of Court, DAWN D. VICTORIANO, CINDY M.

BROADHEAD, SHAWN D. HENDERSON, ANGELIQUE D. BATISTE, (U.S. 5TH

Circuit Court of Appeals') Justices; (1).  EDWARD C. PRADO, (2).  "john doe" SMITH,

(3).  "john doe" HIGGINSON, THE UNITED STATES OF AMERICA, Commander in

Chief, Hon. President of the United States of America, BARACK H. OBAMA, in that;

### 30.

Named co-plaintiffs, Ian J. Jackson and Carl E. Jackson show and presents cause and

claims against hereto said noted made co-defendants in that it have been and/or were

name co-defendants the lower courts', judges and clerks of court, who under color of law,

UNLAWFULLY, ILLEGALLY, UNCONSTITUTIONALLY AND RACIALLY

DISCRIMINATIVELY defended against and/or opposed each and everyone of co-

plaintiff, Ian J. Jackson's filings made, during and within his (Jackson's) appeal and

review process and proceedings for approximately eleven (11) months, on behalf of the

defendants/appellees within Jackson's 2011, Federal Civil, Civil Rights Violation case's

appeal and review process.

### 31.

All agents, representative, workers and employees of the United States Court of Appeals,

5th Circuit, and THE UNITED STATES OF AMERICA, **AS NOTED AND NAMED** are

thus sued herein and hereto, individually and/or collectively, in their personal and

occupational capacities, scopes and positions.

**FURTHER HERETO ARE MADE AND NAMED CO-DEFENDANTS, CO-**

**CONSPIRATORS ARE;**

Trial By Jury Demanded

## 32.

THE STATE OF LOUISIANA, THE LOUISIANA'S DEPARTMENT OF JUSTICE,
JAMES D. "BUDDY CALDWELL, Attorney General,
DAVID GLEN SANDERS, Assit. Attorney. General.
BRIDGET BENOIT DENICOLA, Assist. Attorney General
LAW OFFICES OF BRISTER & BRISTER
ATTORNEY KENNETH A. BRISTER
LAW OFFICES OF COOK YANCY et al.,

(a). As well as all parties on whose behalf said noted and named attorneys, were enrolled

as Counsels of Record, being;

Judge, DANNY TATUM
BRENDA GAFTON, Deputy Clerk of Court.
WANDER NEELES, Ruston City Court's, Clerk of Court.
LINDA HANES, Court Reporter, Parish of Jackson.
CITY OF RUSTON, RUSTON, LA
Mayor, DAN HOLLINGSWORTH
RUSTON CITY COUNCIL
RUSTON CITY COUNCIL, President. (unknown)
KYLE GREEN, Ruston City Court, Prosecutor

LOUISIANA TECH UNIVERSITY POLICE DEPARTMENT.
RANDAL HERMES, Chief of Police.
BILL DAVIS, Assistant Chief of Police.
RANDY GAY, POLICE/SCURITY GUARD.
TIM HOLSTEAD, POLICE/SCURITY GUARD.
LOUISIANA TECH UNIVERSITY,
DAN RENEAU, President of Louisiana Tech University.
STATE OF LOUISIANA'S BOARD OF REGENTS.
LOUISIANA BOARD OF TRESTEES FOR STATE COLLEGES AND
UNIVERSITIES
THE STATE OF LOUISIANA.
Hon. BOBBY JINDAL, Governor.

## 33.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson do hereby make and name said noted

persons and entities as being the head(s) and/or lead co-parties conspirators to and of the

concerted and conspired UNLAWFUL, ILLEGAL, UNCONSTITUTIONAL and

RACIALLY DISCRIMINATIVE method, practice and procedures of withdrawing from

being parties to co-plaintiff, Ian J. Jackson's Federal Civil, Civil Rights Violation case's

appeal and review process and proceedings for the purpose, goal, aim and intent of

having and/or forcing Jackson to have to under color of law, prosecute and/or defend his

(Jackson) appeal and review process and proceedings against the court (5th CCOA's

justices and the office of the clerk. Which he (Jackson) did.

### 34.

Co-plaintiffs, Jackson and Jackson presents cause and claim that the ultimate and end

purpose of the made co-defendants' UNLAWFULLY and CONSTITUTIONALLY under

color of law removing themselves from being parties defendants/appellees from co-

plaintiff, Ian J. Jackson's 2011, Federal Civil, Civil Rights Violation case and the appeal

and review process and proceedings by not responding to, contesting opposing or simply

not defending against any of co-plaintiff, Jackson's filings made of record from January

23, 2012 to on or about February 13, 2013, was to seek to impede, obstruct hinder and

deny Jackson of his due and just entitlement to ruling(s) which he actually was entitled to

as a matter of law and fact(s), before the United States District Court. Thus to deny

Jackson of his right to due process of law and equal protection under the law, even an

appeal and review of the district court's rulings..

### 35.

Co-plaintiffs further presents that each noted and named co-defendant above, are named

and made co-defendant as provided by and pursuant to the jurisdictional mandate and

provision of Title 42 Section 1983 and Section 1985, due to the complexity as well as the

intensity of committed violations of co-plaintiff, Ian J. Jackson's constitutional rights as

set forth within and of this brought CLASS ACTION, Federal Civil, Civil Right Violation cause of action,  In that;

(a).  During the entire duration the appeal and review proceeding of; JACKSON VS LOUISIANA TECH UNIVERSITY, et al, USDC DOCKET NO. 3:11-CV-0524, was before and within made co-defendants' (5th CCOA) THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA, its/their judicatory agents, representatives, workers and employees', appellate jurisdiction, same noted made and named co-defendants (agents, representatives, and employees of the 5th CCOA'S), in the absent, functions and duties of the then defendants' Counsels of Record, did, under color of law, actively opposed and/or defended against Co-plaintiff, Ian J. Jackson's  sought after review on behalf of the then defendants and their counsels.

ANSWER _____.

(b).  That the defendants' Counsels of Record, (1).  LOUISIANA DEPARTMENT OF JUSTICE, JAMES D. CALDWELL, et al., (2).  COOK YANCY et al., (3).  BRISTER & BRISTER, names were, under color of law, allowed and permitted to remain of the Record as defendants; LTU and the City of Ruston's Counsels of Record, without filing any motions or pleadings on behalf of the then defendants, nor opposing the motions filed by Jackson, from January 23, 2012 until February 13, 2013.

ANSWER _____.

(c).  Co-plaintiffs, Jackson and Jackson show, and present cause and claims that co-defendants, (5th CCOA"S) Clerk of Court, LYLE W. CAYCE, OFFICE OF THE CLERK

**Trial By Jury Demanded**

OF COURT, DAWN D. VICTORIANO, SHAWN D. HENDERSON, CINDY M.

BROADHEAD, ANGELLIQUE D. BATISTE, on behalf of and for THE UNITED

STATES OF AMERICA, Commander in Chief, President, BARACK H. OBAMA, et al.,

under color of law, functioned in, and served as, performed and carried on the duties and

responsibilities of Counsels of Record for the then defendants/appellees, LOUISIANA

TECH UNIVERSITY'S, et al,

ANSWER _____.

**36.**

Co-plaintiffs, Jackson and Jackson presents cause and claim, that since the date of

January 23, 2012, on which co-plaintiff, Ian J. Jackson submitted and filed his (1).

OBJECTION and (2).  NOTICE OF APPEAL unto date, that the defendants/appellees

(LOUISIANA TECH UNIV. et al, or the CITY OF RUSTON, et al.) nor their Counsels

of Record;

(1).  LOUISIANA DEPARTMENT OF JUSTICE,
(2).  COOK YANCEY et al,
(3).  BRISTER & BRISTER)

Neither submitted nor filed of the record secured by herein made co-defendants (LYLE

W. CAYCE, OFFICE OF THE CLERK OF COURT, UNITED STATES OF AMERICA,

et al), one piece of paper on behalf of the then defendants/appellees (LTU, et al.,).  Nor

did;

ANSWER _____.

**Trial By Jury Demanded**

**37.**

The defendants/appellees within that case JACKSON vs. LTU,et al.,   nor their Counsels

of Record (LOUISIANA Dept. OF JUSTICE, et al, BRISTER & BRISTER, COOK

YANCY, et al) , even submit or file even a single alphabet in contest to, or opposition to

any of co-plaintiff, Ian J. Jackson's numerous, memorandums and affidavits supported

motions and pleadings.

ANSWER _____.


Co-plaintiffs, Jackson and Jackson set cause and claim, that hereto made and named co-

defendants (legal representatives), under color of law, **still allowed and permitted their**

**names, and positions, as legal representatives, to remain of the records within co-**

**plaintiff, Ian Jackson's Federal Civil, Civil Rights Violation case, but  again, under**

**color of law, turned over and relinquished their legal representative duties and**

**functions over to the agents, representatives, workers and employees of the 5th**

**CCOA'S, Office of the clerk of court and justices.**

**ANSWER** _____.

**38.**

**Co-plaintiffs, Jackson and Jackson, for purpose of showing cause and claims,**

**presents and contends that made co-defendants, LOUISIANA DEPT. OF JUSTICE,**

**et al., BRISTER & BRISTER, et al.., COOK YANCY, et al., were still legally the**

**Counsels of Record at and during the time others herein made and named co-**

Trial By Jury Demanded

defendants concertedly, conspired to impede, hinder, interfere with and obstruct co-plaintiff, Ian J. Jackson's efforts and attempts to set forth, present, submit and file of the record within his (Jackson's) Federal Civil Right Violation Case, evidence; motions, pleadings, affidavits and exhibits with the effort and intent to obtain due, just, rightful and entitled to rulings..

## 39.

Co-plaintiffs, Jackson and Jackson, presents cause and claim that the failures and refusals of the then defendants/appellees' Counsels of Record; (1). THE LOUISIANA DEPARTMENT OF JUSTICE, Attorney General, JAMES D. CALDWELL, et al., (2). BRISTER & BRISTER, and; (3). COOK YANCY, et al., to submit/file any oppositions, or objections or to contest or oppose in any manner any of the pleadings submitted and filed of record by co-plaintiff, Ian J. Jackson, was a concerted and/or conspired efforts, as said noted three legal representative agencies and/or entities, having different distinct geographical location/addresses, but, simultaneously, and/or at the same time ceased responding to co-plaintiff, Ian J. Jackson's submitted/filed motions and pleadings, THUS validating concerted unity of efforts or like methods, practices or procedures.

ANSWER _____

(a). To allow and permit, the should be non-parties (the courts) to handle, take care of, and dispose of, all motions and pleading filed by Jackson, without the need of having to contest or oppose same.

Trial By Jury Demanded

**ANSWER** _____.

**40.**

Co-plaintiffs, Jackson and Jackson further present and make claim and cause for redress that the defendants/appellees, as well as their then/still enrolled, Counsels of Record are lawfully and legally accountable, as legal Counsels of Record, pursuant to statutory and constitutional conferred responsibilities within co-plaintiff, Ian J. Jackson's 2011 federal cause of action.. And that;

ANSWER _____.

**41.**

During the entire appeal and review process, U.S. 5th CCOA'S agents, representatives, workers and employees, justices and clerks, named co-defendants hereto, were allowed and permitted to, and/or did under color of law knowingly and intentionally UNLLAWFULLY, ILLEGALLY, UNCONSTITUTIONALLY and RECIALLY DISCRIMINATIVELY contested, opposed, and defended against co-plaintiff's, Ian J. Jackson's filed motions and pleadings that were (allowed and permitted to be)submitted and filed, and made a part of his (Jackson's) Federal Civil, Civil Rights Violation case, on behalf of the then named defendants (LTU and City of Ruston) within co-plaintiff, Ian J. Jackson's filed 2011, Federal Civil, Civil Rights Violations case.

ANSWER _____

**42.**

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson presents cause and claim that the made and named co-defendants did UNLAWFULLY, ILLEGALY,

**Trial By Jury Demanded**

UNCONSTITUTIONALLY and RACIALLY DISCRIMINATIVELY opposed,

contested and defended against co-plaintiff, Ian J. Jackson's submitted and filed motions

and pleadings by their unlawful and unconstitutional judicial methods, practices and

procedures, clearly and manifestly departed from legally well set, established and

adopted federal rules, statutes and provisions (see co-plaintiff, Ian Jackson's filed

October 17, 2012:

(a). PLAINTIFF/APPELLANT'S AFFIDAVIT IN SUPORT OF APPELLANT'S
MOTION TO THE COURT FOR ORDER COPLELLING THE CLERK OF COURT
TO ACKNOWLEDGE RECEIPT/FILING OF FILED etc.,"

(pg. 2. Item 2 throughout the entire, full and aggregate twenty eight (28) pages.

ANSWER,_____

### 43

Co-plaintiffs, Jackson and Jackson presents cause and set claim that same, under color of

law, UNLAWFUL, ILLEGAL, UNCONSTITUTIONAL and RACIALLY

DISCRIMINATIVELY actions methods, practices, and procedures of the (5th CCOA"S)

justices, clerk of court, and deputies, agents, representative, workers and employees of

THE UNITED STATES OF AMERICA, of acting, functioning and/or operating in the

unauthorized, un-constitutional and non-jurisdictional conferred positions and duties as

legal representatives for the then made defendants/appellees, violated the mandates and

provisions of U.S.C 28 Section(s) 454 and 955.


ANSWER _____.

### 44.

Trial By Jury Demanded

That for approximately eleven (11) months, made co-defendants, LYLE W. CAYCE,

CINDY M. BROADHEAD, SHAWN D. HENDERSON, DAWN D. VICTORIANO,

ANGELIQUE BATISTE, 5th CCOA Judges, SMITH, HIGGINSON and EDWARD C.

PRADO, (unknown Chief Justice), THE UNITED STATES OF AMERICA, and

Commander in Chief,  President, Hon. BARACK H. OBAMA, did, under color of law,

violate the mandates and provision of U.S.C. 454 and 955; from May 17, 2012 up unto

the date of February 13, 2013, in that;

ANSWER _____

## 45.

On or about May 17, 2012, made and named co-defendant, CINDY M. BROADHEAD,

while being employed in the employment, position and duties of deputy clerk for the 5th

Circuit Court of Appeals', Clerk of Court, and operating in the course and scope of said

employment and position, and while being supervised by and/or under the supervision

and mastership of made co-defendant, LYLE W. CAYCE, who himself also being

employed by made and named co-defendant, THE UNITED STATES OF AMERICA,

[and in the position of, 5th Circuit Court of Appeals', Clerk of Court, and operating in

same], WHEN said made co-defendants did, under color of law, well outside of and

beyond their constitutional conferred jurisdictional authorities, duties and responsibilities;

ANSWER _____.

(1). Changed, and altered  made and  named co-plaintiff, Ian J. Jackson's submitted/filed

Rule 10(e), FRAP and Rule 60(d) FRCvP, **Motion For Leave To Correct Incorrect,**

**Improper And Non Filing Of Filed Motion And Pleadings,** into a Rule 21 FRAP,

Trial By Jury Demanded

motion for extraordinary writ without Jackson's advise, motion, request or consent, by

falsely advising the record and proceeding, on May 25, 2012 within its issued and filed

memorandum/notice so dated, that;

ANSWER _____.

(a). "The court has taken the following action in this case:  Appellant's motion for
**extraordinary relief is DENIED"**.

ANSWER _____.

## 46

Co-Plaintiffs, Jackson and Jackson make claim hereto that same un-consented to, and un-

authorized  action was initiated solely by the made co-defendants, LYLE W. CAYCE,

CINDY M. BROADHEAD, OFFICE OF THE CLERK OF COURT, THE UNITED

STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA,

et al, as another form and style of UNLAWFUL, ILLEGAL, UNCONSTITUTIONAL

and RACIALLY DISCRIMINATIVE judicial practices and procedure, utilized in

disposing motions and/or pleadings filed by, black, co-plaintiff, Ian J. Jackson within his

Federal Civil, Civil Rights Violation case's record.

ANSWER _____.

## 47.

Co-plaintiff presents cause and further make claim that the noted May 17, 2012, un-

authorized action taken/made against co-plaintiff, Ian J. Jackson's appeal and review

process and proceeding was made by the co-defendants (which by law and constitution,

should have been non-parties) named within this CLASS ACTION, for the purpose and

intent to throw, damage, make weak, to impede, hinder and even to obstruct co-plaintiff,

Ian J. Jackson's efforts and attempts to justly seek after and obtain his due, rightful, just

and entitled to judgment(s) on appeal and review.

ANSWER _____.

**48.**

The clerk of court, LYLE W. CAYCE and CINDY M. BROADHEAD further, outside of

their constitutional conferred jurisdictional authorities, duties and responsibilities and in

violation of Rule 21 of the FRAP, (pertaining to extraordinary relief matters);

(1). Entertained and disposed of Jackson's Rule 10(e) and 60(d) motion, without

submitting same to the court as prescribed by said rules;

ANSWER _____.

(a). Rule 10(e) of the FRAP, prescribes

"If anything material to either party is omitted from the record by error or accident or is
misstated therein, ect., or the <u>court of appeals,</u> on proper suggestion or of its own
initiative, may direct that the omission or misstatement be corrected."

ANSWER _____.

(b). Rule 60(b), headed; <u>Mistakes;  Inadvertence;  Excusable Neglect;  Newly</u>

<u>Discovered Evidence; **Fraud,**</u> also prescribes;

"On motion and upon such terms as are just, **the court may relieve a party or ect., "or**
**proceeding for the  following reasons" "(3).  Fraud** (whether heretofore denominated
intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

ANSWER _____.

**49.**

Co-plaintiffs, Jackson and Jackson presents and make added cause that as fore noted, co-

plaintiff, Ian Jackson was the ONLY active and participating legal party of and within the

had appeal and review process and proceedings.  That there were no "legal" oppositions

**Trial By Jury Demanded**

or contesting of his submitted/filed May 17, 2012, motion.

ANSWER _____.

### 50

That as the result of being the only legal  party to and of the had appeal and review

process and proceedings validates the entire appeal and review process of co-plaintiff, Ian

J. Jackson's Federal Civil, Civil Rights Violation case as being unconstitutional, as well

as the Clerk of Court's December 12, 2012, "DISMISSAL".

ANSWER _____.

### 51.

Made co-defendants hereto, CINDY M. BROADHEAD, LYLE W. CAYCE, THE

CLERK OF COURT'S OFFICE, and THE UNITED STATES OF AMERICA,

Commander in Chief, President, Hon. BARACK H. OBAMA, further claimed and

contended within their May 25, 2012 Memorandum, that co-plaintiff, Ian J. Jackson's

May 17, 2011 Motion For Leave to Correct etc.,., was treated as a motion for

extraordinary relief (writ) and entertained and disposed of by the Clerk of Court, and not

the court's justice(s), as governed by Rule 21 of the FRAP, which contradictorily to co-

defendants, LYLE W. CINDY M. BROADHEAD, THE OFFICE OF THE CLERK OF

COURT, THE UNITED STATES OF AMERICA, President, BARACK H. OBAMA,

.prescribes;

(a). Application for such **SHALL BE MADE TO A JUDGE OR JUDGES.**

ANSWER _____.

(b). Application **SHALL be made by PETITION, filed with the clerk of court.**

ANSWER _____.

**Trial By Jury Demanded**

(c). That upon receipt of the set docket fee.

ANSWER _____.

(d). That the clerk of court **SHALL then docket the PETITION [not motion], and;**

ANSWER _____.

(e). The clerk of court **SHALL then submit the PETITION to the COURT** for just, fair and proper adjudication.

## 52.

Co-defendants, Clerk of Court, LYLE W. CAYCE, CINDY M. BROADHEAD, THE

OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA,

Commander in Chief, President, Hon. BARACK H. OBAMA, et al, violated the rules

and provisions of the well set and established Rule 10(e), and Rule 21 of the FRAP as a

result of not submitting co-plaintiff, Ian J. Jackson's May 17, 2012 Motion For Leave To

Correct ect., to the court.(justices).

## 53.

That hereto co-defendants, LYLE W. CAYCE, CINDY M. BROADHEAD, THE

OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA,

President, Hon. BARACK OBAMA, et al., noted UNLAWFUL, ILLEGAL,

UNCONSTITUTIONAL and  RACIALLY DISCRIMINATIVE, judicial methods

practices and procedures grants cause for redress as provided by U.S.C. 28 Section 1346.

ANSWER _____.

## 54.

Said made co-defendants also violated the mandates and provisions of Rule 60(b)(3), as

the result of entertaining and disposing of co-plaintiff, Ian Jackson's May 17, 2012,

Trial By Jury Demanded

"APPELLANT'S MOTION TO CORRECT INCORRECT, IMPROPER, AND

NON-FILINGS OF FILED MOTIONS AND PLEADINGS"., on its own instead of

submitting same to the court's justices as same further pertained to and involved matters

of both law and facts, which were set forth and presented within supported pleadings, in

that;.

ANSWER _____.

### 55.

Co-plaintiff, Ian J. Jackson's May 17, 2012, Motion For Leave to Correct ect., was also

supported by, and with, an in full and completed copy of his (Jackson's) U.S.C. 28

Section 144 complaint of;

**"(a). PLAINTIFF/APPELLANT'S COMPLAINT OF UNCONSTITUTIONAL and RACIALLY DISCRIMINATIVE BIAS AND PREJUDICE UTILIZED IN JUDICIAL PRACTICES AND PROCEDURES; shown by U.S. District Court Judge, Donald E. Walter and U.S. District Court Magistrate (judge) Karen L. Hayes (containing two (2) pages)"**, and

ANSWER _____.

**"(b). PLAINTIFF/APPELLANT'S AFFIDAVIT IN SUPPORT OF COMPLAINT OF SET FORTH AND PRACTICED UNCONSTITUTIONAL AND RACIALLY DISCRIMINATIVE BIAS AND PREJUDICE; shown by U.S. District Court Judge, Donald E. Walter and U.S. District Court Magistrate, Karen L. Hayes, containing seventy-seven (77) pages)."**

ANSWER _____.

### 56.

On June 7, 2012 co-plaintiff, Ian J. Jackson then filed of the record and proceedings his;

**"(1). PLAINTIFF/APPELLANT'S OBJECTION TO COURT'S MEMORANDUM ECT, [ETC.] " ORDER/NOTICE, WHICH ORDERED "DENIED" "APPELLANT'S MOTION FOR EXTRAORDINARY RELIEF" (noted by defendants as being received/filed on 6/11/2012);**

**Trial By Jury Demanded**

ANSWER _____.

## 57.

On or about June 12, 2012, by letter so dated co-defendants, ANGELIQUE D. BATISTE,

LYLE W. CAYCE , OFFICE OF THE CLERK OF COURT, THE UNITED STATES

OF AMERICA, et al, advise Jackson and proceedings that Jackson's noted "Objection"

had been filed of record as an "Objection".  But then in contradiction;

ANSWER _____.

## 58.

On or about June 18, 2012, by letter so dated, said made and named co-defendants,

CINDY M. BROADHEAD, LYLE W. CAYCE, THE OFFICE OF THE CLERK OF

COURT, UNITED STATES OF AMERICA, et al, then under color of law,

UNLAWFULLY, ILLEGALLY, and UNCONSTITUTIONALLY without proper or

legal consent, authority or permission given by co-Plaintiff, Ian J. Jackson, or without

constitutionally conferred authority or jurisdiction, and in violation of well set and

established rules and laws, as well as co-plaintiff, Ian J. Jackson's U.S. Constitutional

rights to equal protection of law, **changed, manipulated, and altered** Jackson's

"Objection" into a motion for reconsideration.  The clerk of court advised (in part) that;

**"Your document has been filed as a motion for reconsideration of the Clerk's May 25, 2012, order,"**

ANSWER _____.

## 59.

Herein co-plaintiffs, Ian J. Jackson and Carl E. Jackson contends and make cause of

**Trial By Jury Demanded**

action and claim for redress, that said actions and procedures of hereto made and named

co-defendants violated Rule 45(a) of the FRAP, in that same constitutes the practicing of

law, and/or counseling, advising and instructing, black, co-plaintiff, Ian J. Jackson what

should be filed and/or should not be filed of record.

ANSWER _____.

## 60.

That Rule 45(a) of the FRAP, or as same may have been amended, prescribed in part that;

"Neither the clerk, nor any deputy clerk shall practice as an attorney or counselor in any
court while continuing in office."

ANSWER _____.

## 61

Co-defendants, CINDY M. BROADHEAD, LYLE W. CAYCE, and THE UNITED

STATES OF AMERICA, President, Hon. BARACK H. OBAMA, et al, further within

the June 18, 2012 letter, under false pretense and with impeding, hindering and

obstructing intents, unlawfully and unconstitutionally advised and instructed co-plaintiff,

Ian J. Jackson;

(a). That his filed June 7, 2012, (June 11, 2012) "OBJECTION" exceeded 20 pages.

ANSWER _____.

(b). That his "OBJECTION" required a Certificate of Interested Persons.

ANSWER _____.

(c). That his "OBJECTION" required another Certificate of Service, as one (1) was
properly filed on June 7, 2012 with said objection.

ANSWER _____.

Trial By Jury Demanded

(d).  That co-plaintiff, Ian J. Jackson was to have first obtained the defendants/appellees permission before submitting and filing his "OBJECTION".

ANSWER _____.

### 62.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson present cause and claim for redress on

the ground that co-defendants, BROADHEAD, CAYCE, THE CLERK OF COURT'S

OFFICE, and THE UNITED STATES OF AMERICA, President, BARACK H.

OBAMA'S stated and imposed requirements were non and/or un numerated, as well as

non-legally set, established or adopted, but were specifically under color of law "all at

once" UNLAWFUL, ILLEGAL, UNCONSTITUTIONALLY and RACIALLY

DISCRIMINATIVELY judicial methods, practices procedures and requirement, again,

under color of law, set and imposed for and against black co-plaintiff, Ian J. Jackson to

meet and fulfill, for the specific aim, intent and purpose to imped, hinder and obstruct

Jackson's efforts and desire to seek and obtain his due, just and entitled to justice within

the had thrown appeal and review process.

ANSWER _____.

### 63.

Co-plaintiffs, Jackson and Jackson  presents and show added cause and claim for redress,

that even after co-plaintiff, Ian J. Jackson , on or about July 2, 2012, in return to made

defendants' June 18, 2012, self-initiated and instituted desires, actions, practice and

procedures of changing his (Jackson's) filed "Objection" into a "Motion for

Reconsideration", then filed of record specific "Opposition" to said self-initiated

unlawful/unconstitutional actions and procedures utilized by made co-defendants, LYLE

**Trial By Jury Demanded**

W. CAYCE, deputy clerk CINDY M. BROADHEAD, THE OFFICE OF THE CLERK OF COURT, UNITED STATES OF AMERICA, and others, being;

(1). PLAINTIFF/APPELLANT'S OPPOSITION TO THE CLERK OF COURT CHANGING/ALTERING THE INTENDED AND DESIRED FILING OF PLAINTIFF/APPELLANT'S OBJECTION TO COURT'S MEMORANDUM ETC., ORDER/NOTICE; WHICH ORDERED "DENIED" APPELLANT'S MAY 17, 2012, MOTION FOR LEAVE TO CORRECT INCORRECT, IMPROPER AND NON-FILINGS OF MOTIONS AND PLEADINGS FILED OF RECORD, [filed July 2, 2012]. ANSWER _____.

## 64

Made and named co-defendants, CINDY M. BROADHEAD, LYLE W. CAYCE, THE CLERK OF COURT'S OFFICE, and THE UNITED STATES OF AMERICA, President, Hon. BARACK H. OBAMA, still, under color of law, unlawfully sought to pressure, force and coerce co-plaintiff, Ian J. Jackson into going along with and/or to agree with said made and named defendants' UNLAWFUL, ILLEGAL, UNCONSTITUTIONAL and RACIALLY DISCRIMINATIVE, self-initiated advising, desire and counseling to change and alter his (Jackson's) "Objection" into a "Motion for Reconsideration",

ANSWER _____

## 65.

That the co-defendants' method, practice and procedure of pressuring and coercing co-plaintiff, Ian J. Jackson into changing his "OBJECTION" into a "motion for

Trial By Jury Demanded

reconsideration was a **conspiring efforts of trying to create an opportunity for the defendants/appellees within the appeal and review proceedings; [IAN J. JACKSON VS. LOUISIANA TECH UNIVERSITY, ET AL]** to respond to the claims, charges, contentions, issues and subject matters that were first raised and presented to and before the district court on January 23, 2012, within co-Plaintiff, Ian J. Jackson's said dated "Objection to Court Ruling, Orders and Judgments etc.", and subsequent filings since said date, but which were made sole, key and principle issues and subject matters within co-plaintiff, Ian J. Jackson's filed, (with the 5th Circuit Court of Appeals) "BRIEF OF THE APPELLANT". and which;

ANSWER _____.

## 66.

Made and named co-defendants, (5th Circuit Court of Appeals'), clerk of court, LYLE W. CAYCE, deputy clerks, CINDY M. BROADHEAD, DAWN D. VICTORIANO, SHAWN D. HENDERSON, ANGELIQUE D. BATISTE, OFFICE OF THE CLERK OF COURT did **unintentionally, but gross negligently barred, prohibited and restricted the defendants/appellees from submitting and filing a response to all of co-plaintiff, Ian J. Jackson's numerous filed motions, when and while trying to shield and protect the, WHITE, defendants/appellees from having to respond to Jackson's numerous filed motions by quickly disposing of same without the then defendants having to oppose or contest same, even when co-plaintiff, Ian J. Jackson supported same with AFFIDAVITS IN SUPPORT OF.**

ANSWER _____.

## 67.

Trial By Jury Demanded

Co-plaintiff, Ian J. Jackson and Carl E. Jackson further presents same as cause and claim,

that made co-defendants, LYLE W. CAYCE, THE CLERK OF COURT'S OFFICE, and

THE UNITED STATES OF AMERICA'S, under color of law constant and repeated

methods, practices and procedures of shielding, guarding, and protecting the, white,

defendants from having to respond to, black, co-plaintiff, Ian J. Jackson's numerous

submitted/filed motions and pleadings, by quickly disposing of same without the then,

white, defendants having or needing to contest or oppose same, was another form and

style of UNLAWFUL, ILLEGAL, UNCONSTITUTIONAL and RACIALLY

DISCRIMINATIVE JUDICIAL PRACTICES AND PROCEDURAL PROCESS, still

with the aim, intent and purpose of impeding, hindering and obstructing Jackson's due,

rightful and entitled to justice seeking efforts.

ANSWER _____.

### 68.

Made co-plaintiffs, Jackson and Jackson further show cause and claim for redress against

made/named co-defendants, UNITED STATES OF AMERICA, LYLE W. CAYCE, and

their co-conspirators/ co-defendants pursuant to the Doctrine of Respondeat superior,

DAWN D. VICTORIANO, CINDY M. BROADHEAD, ANGELIQUE D. BATISTE,

SHAWN D. HENDERSON, THE CLERK OF COURT'S OFFICE, Circuit Judge,

EDWARD C. PRADO; in that, still with greater and more intense under color of law,

unlawful, illegal and unconstitutional actions, methods, efforts, practices and procedures

then sought to further coerce and/or force co-Plaintiff, Ian J. Jackson into changing,

altering and converting his filed "Objection" into a "Motion for Reconsideration"; in that;

**Trial By Jury Demanded**

ANSWER _____.

**69**

On or about July 30, 2012, The 5th CCOA, Clerk of Court, LYLE W. CAYCE and

CINDY M. BROADHEAD, OFFICIE OF THE CLERK OF COURT, THE UNITED

STATES OF AMERICA, then, under color of law, with concerted, joint and/or

conspiring efforts, actions and procedures instituted, instructed, employed and supervised

the help and assistance of made and named co-defendant, Deputy Clerk of Court,

SHAWN D. HENDERSON,  who intentionally authored, submitted, entered and filed of

the record within co-Plaintiff, Ian J. Jackson's Federal Civil, Civil Rights Violation

case's appeal and review proceeding before the 5th Circuit Court of Appeals, false,

misleading, damaging and prejudicial documentary (LIBEL) statements of fabricated

accounts of events and actions for the specific intent and purpose of aiding, abetting, and

assisting other made and named co-defendants in violating and depriving co-plaintiff, Ian

J. Jackson of his U.S. Constitutionally provided, guaranteed and protected rights to due

process of law and equal protection under the law, as well as Jackson's entitlement to due

justice and review, in that;

ANSWER _____.

**70.**

On or about July 30, 2012, Deputy Clerk of Court, SHAWN D. HENDERSON, under

color of law, falsely advised the record, subsequent proceedings, co-Plaintiff, Ian J.

Jackson, but moreso the appeals court, and the then ongoing appeals and review

proceedings, within a letter (Exhibit MC-18) so dated (line 3), that;

Trial By Jury Demanded

"Per your conversation with deputy clerk Angel Batiste, you were advised that your **"motion for leave to correct incorrect, improper, and non-filing, etc." must be made sufficient and should be 20 pages or less."**

ANSWER _____.

### 71.

That Defendant, SHAWN D. HENDERSON, in concert and conspiracy with other made and named defendants herein, made said noted false reporting for the sole purpose and intent to intentionally and purposely mislead the record and overall appeal and review proceedings, to unlawfully guide, direct and/or sway the then ongoing appeal and review process and proceedings and to further guide, direct, sway and/or influence the final ruling of the 5th Circuit Court of Appeals, and subsequent and/or future proceedings, but moreso as did his other co-conspirators, to imped, hinder and obstruct co-plaintiff, Ian J. Jackson in his efforts, process and desire to seek and obtain his due, just and entitled to just judgment through review of the district court's, and co-defendants, Chief Justice, ROBERT G. JAMES', Judge, DONALD E. WALTER, Magistrate, KAREN L. HAYES, having violated, denied, deprived and taken away his requested and demanded U.S. Constitutional Right to TRIAL BY JURY.

ANSWER _____.

### 72.

That Defendant, HENDERSON further made said unlawful and illegal untrue reporting of and/or within c-plaintiff, Ian J. Jackson's Federal Civil, Civil Rights Violation case to further deprive and deny co-Plaintiff, Ian J. Jackson of his Constitutional rights to equal protection under the law and of due process of law. Thus to additionally violate

**Trial By Jury Demanded**

Jackson's U.S. Constitutional rights.

ANSWER _____.

### 73.

That Defendant, HENDERSON, knew, should have known, and had cause to have known

that said made statement was non relevant, non truthful nor correct and that co-plaintiff,

Ian J. Jackson's **"Motion for Leave to Correct Incorrect, Improper, and Non-Filings**

**of Motions and Pleadings Filed of Record" had been entertained and ORDERED**

**"DENIED", and fully disposed of by his office, the clerk of court, in that;**

ANSWER _____.

### 74.

On or about June 7, 2012, co-defendant, SHAWN D. HENDERSON, himself/personally

authored, constructed, and filed of record, as well as tendered same to co-plaintiff, Ian J.

Jackson, headed "MEMORANDUM NOTICE" so dated, wherein made co-defendant,

HENDERSON advised the court, the record, review proceedings, and co-plaintiff, Ian J.

Jackson that;

"The court has "Denied" appellant motion for leave to correct incorrect, improper and
non-filings of filed motions and pleadings"

ANSWER _____.

### 75.

That the noted July 30, 2012 statement and filing of made Defendant, SHAWN D.

HENDERSON, LYLE W. CAYCE, THE OFFICE OF THE CLERK OF COURT, and

the UNITED STATES OF AMERICA; President, Hon. BARACK H. OBAMA, secondly

constituted the intentional and malicious making and filing of false documentary reports

and record into **Federal Civil, Civil Rights Violation proceedings and/or federal court**

**records, for the specific purpose and intent of depriving a U.S. citizen, co-Plaintiff,**

**Ian J. Jackson of his Constitutionally provided, guaranteed and protected rights,**

**equal protection of law and due process.**

ANSWER _____.

### 76.

That made co-defendants, SHAWN D. HENDERSON, LYLE W. CAYCE, OFFICE OF

THE CLERK OF COURT, THE UNITED STATES OF AMERICA, via co-defendant,

HENDERSON'S two  (2) noted June 7, 2012 and July 30, 2012 filings also constituted

(a).  **"FELONY PERJURY"(b).  Making/filing of inconsistent written**

**documentation of Federal Civil, Civil Rights Violation case's appeal and review**

**proceedings, for the purpose of depriving, black, litigant, Ian J. Jackson of his U.S.**

**Constitutionally provided, guaranteed and protected rights.**

ANSWER _____.

### 77.

That made and named co-defendant, SHAWN D. HENDERSON and LYLE W. CAYCE,

THE CLERK OF COURT'S OFFICE, and THE UNITED STATES OF AMERICA,

President, Hon. BARACK H. OBAMA'S intentional, under color of law unlawful and

illegal actions and procedures of authoring, producing, submitting and filing same untrue

statement of federal "court" proceedings and record further constitutes the **"FELONY**

**Trial By Jury Demanded**

**OFFENSES**" of;

(a). Obstruction of Justice.
(b). Falsifying federal proceeding records.
(c). Malfeasance in office.

ANSWER _____.

## 78.

Co-plaintiff, Ian J. Jackson and Carl E. Jackson further show cause and claim for redress

against the noted made co-defendants in that said made and named Defendant, SHAWN

D. HENDERSON, LYLE W. CAYCE, and THE UNITED STATES OF AMERICA'S,

July 30, 2012, letter/notice to co-plaintiff, Ian J. Jackson, also falsely advised and

asserted that co-plaintiff, Ian J. Jackson, on July 11, 2012, had filed of record a "Motion

for Reconsideration".

ANSWER _____.

(a). The letter which became part of the proceedings record, and which was further

advanced and mailed, as noted by made defendant, HENDERSON'S, and others' cc:

section/portion of the noted letter to the then defendants/appellees counsel of record, the

STATE OF LOUISIANA, LOUISIANA DEPARTMENT OF JUSTICE, COOK

YANCY, et al , and BRISTER & BRISTER, and/or the defendants/appellees as well;

noted as);

> "cc:    Mr. Kenneth A. Brister
> Ms. Elizabeth Mendell  Carmody
> Mrs. Bridget Benoit Denicola
> Mr. Kenneth E. Mascagni
> Mr. David Glen Sanders"

ANSWER _____.

Trial By Jury Demanded

## 79.

Made and named co-defendants, SHAWN D. HENDERSON, LYLE W. CAYCE, THE

OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA,

President, Hon. BARACK H. OBAMA, and others further falsely and unsupported of the

record noted and reported of Federal Civil, Civil Right Violation proceedings and records

that;

"If you wish us to treat your filing of June 11, 2012 as such, you must comply with the
rules of this court. Otherwise, it will be stricken from the docket. It you do not seek
further ruling by the court, **you may advise us in writing to withdraw the motion for
reconsideration. You have 10 days from this date to advise us of your decision."**

ANSWER _____.

## 80.

Co-plaintiffs, Jackson and Jackson presents added cause and claim in that said false and

ungrounded statement and advising of co-defendant, SHAWN D. HENDERSON also

constitutes the same and exact **FELONY CRIMES** as his first noted fabricated, unlawful

and unconstitutional statement, being;

1. Falsifying public records of Federal Civil, Civil Rights Violation appeal proceedings

ANSWER _____.

2. Filing false documentation of Federal Civil, Civil Rights Violation proceedings

ANSWER _____.

3. Perjury/making of inconsistence statements within Federal Civil, Civil Rights
Violation proceedings

ANSWER _____.

4. Felony Obstruction of Justice, of Federal Civil, Civil Rights Violation appeal and review proceeding.

ANSWER _____.

5. Felony Malfeasance in office,

ANSWER _____.

6. Felony Malfeasance in office for purpose of violating Jackson's constitutional rights.

ANSWER _____.

## 81.

Co-plaintiffs, Jackson and Jackson, further hereto present cause and claim for redress

against made co-defendants SHAWN D. HENDERSON, LYLE W. CAYCE, THE

OFFICE OF THE CLERK OF COURT, THE UNITED STATE OF AMERICA,

President, Hon. BARACK H. OBAMA in that co-defendant, HENDERSON'S July 30,

Memo. Notice further falsely claimed and asserted that co-plaintiff, Ian J. Jackson had

failed and refused to **"comply with the rules of this court",** when Deputy

HENDERSON  knew, should have known and/or had cause of have known that it was he

(HENDERSON) and his office (The 5th Circuit Court of Appeals's) Clerk of Court,

LYLE W. CAYCE, et al, that had failed and refused to comply with, abide by and

conduct matters pursuant to and as prescribed by legally set, established and adopted

rules.

ANSWER _____.

## 82.

Co-plaintiffs, Jackson and Jackson again show, set forth cause and claim that that noted

additional false assertion and claim of co-defendants, SHAWN D. HENDERSON, LYLE

**Trial By Jury Demanded**

W. CAYCE, THE OFFICE OF THE CLERK OF COURT, THE UNITED STATS OF

AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA again

constitutes the same **"FELONIEOUS CRIMES"** as his (HENDERSON'S) others noted

known to false assertions.

ANSWER _____.

## 83

That same false statements and assertions were also made, produced, submitted and filed

of federal court record and proceedings to deprive and deny, black, co-plaintiff, Ian J.

Jackson of his Constitutional right to equal protection under the law and of due process of

law as provided, guaranteed and protected by the 14th Amendment to the U.S.

Constitution.

ANSWER _____.

## 84

Co-plaintiffs, Jackson and Jackson also show, present and make cause and claim for

redress that co-defendants, SHAWN D. HERDERSON, LYLE W. CAYCE, THE

CLERK OF COURT' OFFICE, and the UNITED STATES OF AMERICA, et al,

intentionally, and knowingly under color of law, further made, edited, submitted and

filed the noted July 30, 2012 letter, containing known to false and untrue statements of

alleged events at the time said noted co-defendants made and filed same, were further

made and filed of Federal Civil, Civil Rights Violation proceeding for the specific

purpose of influencing, swaying and directing the then ongoing appeal and review

proceedings and ultimately the final out come of same, as well as any future or

subsequent proceeding(s) and/or investigation(s).

ANSWER _____.

### 85.

Co-plaintiffs hereto adds as cause and claim, that after having obtained, employed,

instituted and supervised the concerted and conspired help and assistance of made/named

co-defendant, SHAWN D. HENDERSON, to UNLAWFULLY, ILLEGALLY,

UNCONSTITUTIONALLY and RACIALLY DISCRIMINATIVELY force and coerce

co-plaintiff, Ian J. Jackson to allow and permit his June 7, 2012, "OBJECTION" to be

changed, altered and converted into a "MOTION FOR RECONSIDERATION", co-

defendants, LYLE W. CAYCE, [5th CCOA's, Clerk of Court], CINDY M.

BROADHEAD, SHAWN D. HENDERSON, CLERK OF COURT'S OFFICE, THE

UNITED STATES OF AMERICA, and Commander in Chief, President, Hon. BARACK

H. OBAMA then, still under color of law, instituted, employed and supervised the joint

help and assistance of yet others to impede, hinder, obstruct and deter Jackson in his

efforts and attempts to seek and obtain due, just, rightful and entitled to justice as a result

of having his U.S. Constitutional rights denied, abridged and taken away by both the U.S,

District court's judges as well as by the judge of the Ruston City Court, in that;

ANSWER _____.

### 86.

On or about August 17, 2012, co-defendants, LYLE W. CAYCE, Clerk of Court, with the

concerted help of made and named co-defendant, Deputy Clerk of Court, ANGELIQUE

D. BATISTE, THE OFFICE OF THE CLERK OF COURT, (5TH CCOA'S), Judge,

EDWARD C. PRADO and THE UNITED STATES OF AMERICA, President, Hon.

**Trial By Jury Demanded**

BARACK H. OBAMA yet and still under manifest and extreme color of law, while using

concerted, premeditated and conspired efforts, then unlawful, illegal and

unconstitutionally committed double offenses of illegal, UNCONSTITUTIONAL

MISUSE OF FEDERAL LEGAL PROCESSES, in that said defendants then, for the

purpose and intent of coercing co-Plaintiff, Ian J. Jackson into allowing and permitting

and/or, to force Jackson into personally changing his "Objection" into a "motion for

reconsideration", then filed of co-plaintiff, Ian J. Jackson's Federal Civil, Civil Rights

Violation appeal and review proceedings record, which foregone noted made co-

defendant, SHAWN D. HENDERSON filed his July 30, 2012, false, misleading and

libelous documentation, their (1). "MEMORANDUM NOTICE and (2). "UNDATED

ORDER"

ANSWER _____.

### 87.

Co-plaintiffs, presents added cause and claim for redress in that co-defendants,

ANGELIQUE D. BATISTE, LYLE W. CAYCE, the OFFICE OF THE CLERK OF

COURT, THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon.

BARACK H. OBAMA within their noted August 17, 2012, Memorandum, knowingly

libelously and unsupported of the record, advised the court, the record, the appeals

proceeding as well as the appellees/defendants and their Counsels of Record that;

1. "Appellant has 10 days from the date of this notice to make his **motion filed on July 30, 2012, titled, "TO ALLOW AND PERMIT TO REMAIN AND STAND AS FILED APPELLANT'S OBJECTION", ETC., treated by this court as a motion for reconsideration of the Clerk's order of May 25, 2012,** denying Appellant's motion "For Leave to Correct Incorrect, Improper, and Non-Filings of Filed Motions and Pleadings", **sufficient."**

ANSWER _____.

Trial By Jury Demanded

2. **"Your sufficient motion must be 20 pages or less pursuant to the** enclosed order **or the motion will be submitted to the court to be stricken."**

ANSWER _____.

## 88.

Made co-defendants, ANGELIQUE D. BATISTE, LYLE W. CAYCE, THE OFFICE OF THE CLERK OF COURT and U.S. OF AMERICA, President, Hon. BARACK H. OBAMA, did under color of law, intentionally, maliciously and fraudulently, while knowing, while they/it should have known and/or having cause to have know that same was also untruthful, libelous and prejudicial to co-plaintiff, Ian J. Jackson's just and proper adjudication of his Federal Civil, Civil Rights Violation case's appeal and review proceeding, did author, edit submit and file of co-Plaintiff, Ian J. Jackson's Federal Civil, Civil Rights Violation appeal and review proceeding, with the said co-defendants' own office (5th CCOA), as well as into the very same records which, by constitutionally conferred duties, obligations and authority, said co-defendants had swore to protect, docket NO. (s) USCOA NO. 12-30098 and NO. 12-30349, the untrue, libelous and prejudicial remarks, assertions and allegations that;

1. Co-Plaintiff, Ian J. Jackson's July 30, 2012, Motion "TO ALLOW AND PERMIT TO REMAIN AND STAND AS FILED APPELLANT'S OBJECTION" ETC.," was being "**treated by this court as a motion for reconsideration of the Clerk's order of May 25, 2012,**"

ANSWER _____.

## 89.

Trial By Jury Demanded

Co-defendants also falsely, and libelously reported, docketed and advised;

2. That co-plaintiff, Ian J. Jackson's July 30, 2012 motion "TO ALLOW AND PERMIT TO REMAIN AND STAND AS FILED APPELLANT'S OBJECTION" ect., was not sufficient."

ANSWER _____.

## 90.

Co-plaintiffs, Jackson and Jackson show cause and claim that made co-defendants, ANGELIQUE D. BATISTE, LYLE W. CAYCE, THE OFFICE OF THE CLERK OF COURT, and THE UNITED STATES OF AMERICA again falsely, libelously and fraudulently advised Jackson's Federal Civil, Civil Right Violation case's appeal and review records and proceeding, the court, defendants/appellees, and the appellees counsels of record;

(a). For the sole intents and purposes of damaging the Federal Civil, Civil Rights Violation case's appeal and review records and proceedings;

(b). to influence Jackson's then ongoing Federal Civil, Civil Rights Violation case's review proceedings and thus sway said review in the white defendants/appellees favor who had long relinquished and lost same appeal and review proceedings.

ANSWER _____.

## 91.

Co-plaintiffs, Jackson and Jackson hereto add as cause and claim that made name co-defendants hereto further made, edited and filed same untrue and libelous statements, moreso (c) to deny and deprived co-Plaintiff, Ian J. Jackson of his Constitutional

protected right to due process of law and equal protection under the law as secured,

afforded, guaranteed and protected by the 14th Amendment to the U.S. Constitution.

ANSWER _____.

## 92.

Co-plaintiffs, Jackson and Jackson show cause and claim that co-defendants,

ANGELIQUE D. BATISTE, LYLE W. CAYCE, THE CLERK OF COURT'S OFFICE,

and the UNITED STATES OF AMERICA, President, Hon. BARACK H. OBAMA

untruthful, libelously and prejudicially advised others herein made and named co-

defendants that co-plaintiff, Ian J. Jackson's July 30, 2012, motion "TO ALLOW AND

PERMIT TO REMAIN AND STAND AS FILED APPELLANT'S OBJECTION", ECT.,

was insufficient because it exceeded the twenty (20) pages limitation, or as noted by co-

defendant, ANGELIQUE D. BATISTE, and others, that;

"Your sufficient motion must be 20 pages or less pursuant to the enclosed order or the
motion will be submitted to the court to be stricken."

ANSWER _____.

## 93

Co-defendants, ANGELIQUE  D. BATISTE, LYLE W. CAYCE, OFFICE OF THE

CLERK OF COURT, THE UNITED STATES OF AMERICA, and President, Hon.

BARACK H. OBAMA, thus, falsely advised and asserted, again of and within Jackson's

Federal Civil, Civil Rights Violation case's records and proceedings that co-plaintiff, Ian

J. Jackson had failed to conform and/or comply with the set rules when he (Jackson) was

the only party and/or should be non-parties, LYLE W. CAYCE, ANGELIQUE D.

BATISTE, SHAWN D. HENDERSON, CINDY M. BROADHEAD, DAWN D.

VICTORIANO, THE OFFICE OF THE CLERK OF COURT, THE UNITED STATES

OF AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA,

UNCONSTITUTIONALLY made party, that was complying with the set rules.

ANSWER _____.

## 94.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson, further presents, and show, added

causes and added claims in that co-plaintiff, Ian J. Jackson have been and/or was asked,

instructed and even UNLAWFULLY, ILLEGALLY, UNCONSTITUTIONALLY and

RACIALLY DISCRIMINATORILY Ordered, under color of law by said noted, made

and named co-defendants, LYLE W. CAYCE, THE CLERK OF COURT'S OFFICE

(5TH CCOA'S), and THE UNITED STATES OF AMERICA, to perform and carry out,

instantly (unset, un-established, un-adopted) made mandatory and required task and acts

that he was not able to perform and carry out, nor was any one else, **to reduce fourteen**

**(14) pages down to twenty (20) pages (as co-Plaintiff, Ian J. Jackson's July 30, 2012,**

**motion "TO ALLOW AND PERMIT TO REMAIN AND STAND AS FILED**

**APPELLANT'S OBJECTION", ECT., already only contained fourteen (14) pages).**

ANSWER _____.

## 95.

Co-plaintiffs, Jackson and Jackson presents cause and claims that co-defendants,

ANGELIQUE, D. BATISTE, LYLE W. CAYCE, OFFICE OF THE CLERK OF

COURT, UNITED STATES OF AMERICA, Commander in Chief, President, Hon.

**Trial By Jury Demanded**

BARACK H. OBAME'S foregone noted August 17, 2012, untrue, false, misleading and

libelous written publications constituted the same and exact "FELONIOUS CRIMES" as

did and were committed by Deputy Clerk, SHAWN D. HENDERSON in his his July 30,

2012, false publications.  Being;

(a).  Felony filing false documentation of Federal Civil, Civil Rights Violation
proceedings.

ANSWER _____.

(b).  Felony falsifying Federal Civil, Civil Rights Violation records and/or proceedings.

ANSWER _____.

(c).  Felony obstruction of justice

ANSWER _____

(d).  Felony malfeasance in office

ANSWER _____.

(e).  Felony malfeasance in office for purpose of denying co-plaintiff, Ian J. Jackson of
his U.S. Constitutional rights.

ANSWER _____.


**96.**


Co-plaintiffs, Jackson and Jackson hereto set forth and present yet even more ground for

cause and claim against hereto made and named co-defendants in that on or about the

same date of August 17, 2012, co-defendants, LYLE W. CAYCE, THE OFFICE OF

THE 5TH CCOA'S CLERK OF COURT, THE UNITED STATES OF AMERICA, and

President, Hon. BARACK H. OBAMA, others hereto, still under color of law, then

solicited and obtained the conspired and concerted unlawful and unconstitutional help

and assisted of made co-defendant, (5th CCOA'S) Judge, EDWARD C. PRADO, and the

UNITED STATES OF AMERICA, as well as, again th Commander in Chief, President,

Hon. BARACK H. OBAMA, by unconstitutionally, unlawfully and illegally submitting

and filing of record, "FEDERAL LEGAL PROCESS" same "undated order" signed by

noted co-defendant, Judge, EDWARD C. PRADO; which noted;

"IT IS ORDERED that appellant's motion to Allow and Permit to Remain and
Stand as Filed Appellant's Objection to Court's Memorandum Notice/Order Denying
'Appellant's Motion to Correct the Incorrect Filings and Improper Filings and the front
page marked file, as a motion to file motion for reconsideration in excess of the page
limitation , is DENIED."

## 97.

Made co-defendant, EDWARD C. PRADO'S, undated order, filed into record on August

17, 2012, was UNCONSTITUTIONAL because same supported and gave approval of

and for as well as supported the UNLAWFUL, ILLEGAL, UNCONSTITUTIONAL and

RACIALLY DISCRIMINATIVELY actions, methods, practices and procedures of other

made co-defendants, LYLE W. CAYCE, CINDY M. BROADHEAD, SHAWN D.

HENDERSON and specifically co-defendant's ANGELIQUE E. BATISTE'S untrue and

ungrounded libelous Memorandum.  To wit;

## ONLY RESTATED AS TO REMIND WHAT CO-DEFENDANT, JUDGE, EDWARD C. PRADO'S ORDER, SUPPORTED.

(a).  In that on or about June 18, 2012, made co-defendant, BROADHEAD, in violation

of set and established rules and mandates failed and refused to allow and permit co-

plaintiff, Ian J. Jackson's June 7, 2012, (advised filed on June 11, 2012) "OBJECTION

**Trial By Jury Demanded**

TO COURT'S MEMORANDUM ETC., ORDER/NOTICE ETC.," to remain of record as

was desired, instructed, intended, indicated, submitted and filed by co-plaintiff, Ian J.

Jackson,

ANSWER _____.

(b).  But who of their CINDY M. BROADHEAD, LYLE W. CAYCE, THE OFFICE OF

THE CLERK OF COURT, THE UNITED STATES OF AMERICA, President, Hon.

BARACK H. OBAMA'S, and others' own desire changed altered, and converted

Jackson's "OBJECTION" into a motion for reconsideration.

ANSWER _____.

(c).  That CINDY M.BROADHEAD, LYLE W. CAYCE, THE OFFICE OF THE

CLERK OF COURT, THE UNITED STATES OF AMERICA, President, Hon.

BARACK H. OBAMA, et al, unconstitutionally advised co-plaintiff, Ian J. Jackson and

proceeding record, within her June 18, 2012, letter (Exhibit MC-12) that his

**"OBJECTION TO COURT'S MEMORANDUM etc., ORDER/NOTICE"ECT.,"**

**"was received on June 11, 2012."**

ANSWER _____.

(d).  Defendant, BROADHEAD and others above noted, then further, under color of law

advised, within and of that same document; ( lines 4-6), that;

**"Your document has been filed as a motion for reconsideration of the Clerk's May
25, 2012 order, ect.,"**

(e).  Co-defendants, CINDY M. BROADHEAD, LYLE W. CAYCE'S, THE CLERK OF

COURT'S OFFICE, and THE UNITED STATES OF AMERICA, and President, Hon.

BARACK H. OBAMA noted June 18, 2012, actions, methods, practice, and procedures

**Trial By Jury Demanded**

as noted by the June 18, 2012, letter are UNLAWFUL, ILLEGAL,

UNCONSTITUTIONAL and RACIALLY DISCRIMINATIVELY in that, first;

ANSWER _____.

(1). Co-Plaintiff, Ian J. Jackson did not give made co-defendants permission nor consent

to change or to alter his June 7, 2012, filing of his "Objection" to be changed and

converted into a motion for reconsideration.

ANSWER _____.

(2). Secondly, the action, methods, practices and procedures of made defendants,

CINDY M. BROADHEAD, LYLE W. CAYCE, THE CLERK OF COURT'S OFFICE,

and THE UNITED STATES OF AMERICA was unlawful and illegal  because it

constituted counseling, by informing, advising, instructing and even ordering co-plaintiff,

Ian J. Jackson as to what he should and need to file of record,

ANSWER _____.

(3). Same also violated Rule 45 of the FRAP (or as same may have been amended),

which in part prescribes;

"Rule 45(a)  Duties of Clerks.  Etc., Neither the clerk nor any deputy court shall practice

as an attorney **or counselor in any court while continuing in office."**

ANSWER _____.

**(4). Co-defendants, CINDY M. BROADHEAD, and others hereto named actions,**

**methods, practices and procedures also violated the mandate and provisions of**

**U.S.C. 28 Section 955, headed; Practice of law restricted (or as same may have been**

**amended, which prescribes;**

"The clerk of each court and his deputies and assistants **SHALL** not practice law in any court of the united States."

ANSWER _____.

### 98.

Co-plaintiffs, Jackson and Jackson further hereto presents as cause and claim that the

under color of law actions, methods, practices and procedures of made co-defendants,

LYLE W. CAYCE, CINDY M. BROADHEAD, THE CLERK OF COURT'S OFFICE,

and THE UNITED STATES OF AMERICA, President, Hon. BARACK H. OBAMA, et

al, of advising, instructing and/or counseling co-Plaintiff, Ian J. Jackson as to what he is

to file and not to file of record further violated Jackson's U.S. Constitutional right to self-

representation.

ANSWER _____.

### 99.

**Furthermore, as have been shown and set forth as the PREJUDICIAL out come of**

**made and named co-defendants herein, of advising, instructing and ordering**

**Jackson to carry out and fulfill tasks that are not within the CLERK OF COURT'S,**

**et al, constitutional conferred jurisdictional authority and/or without proper legal**

**or just cause. And then sanctioning co-plaintiff, Ian J. Jackson for not having**

**followed unlawful, illegal and unconstitutional advise and instruction, CO-**

**PLAINTIFF, IAN J. JACKSON'S GOOD, PROPER, AND JUST APPEAL AND**

**REVIEW PROCEEDING WERE UNLAWFULLY DISMISSED.**

ANSWER _____.

### 100.

Trial By Jury Demanded

Just as co-defendants, LYLE W. CAYCE, CINDY M.  BROADHEAD, THE CLERK OF

COURT'S OFFICE, and THE UNITED STATES OF AMERICA'S, under color of law,

actions, methods, practices and procedures committed on June 18, 2012, as noted by

made defendants' June 18, 2012, letter/notice, were unlawful illegal but moreso

unconstitutional, so too are the defendants' set and imposed requirements and conditions

placed upon co-plaintiff, Ian J. Jackson as set forth within the co-defendant,

ANGELIQUE D. BATISTE, LYLE W. CAYCE, THE CLERK OF COURT'S OFFICE,

and THE UNITED STATES OF AMERICA, President, Hon. BARACK H. OBAMA'S,

August 17, 2012 "MEMORANDUM" (Exhibit MC-20

ANSWER _____.

### 101.

Co-plaintiffs, Jackson and Jackson also hereto make cause and claim that the noted

defendants' actions, practices and procedures as noted by co-defendant ANGELIQUE D.

BATISTE'S, LYLE W. CAYCE, OFFICE OF THE CLERK OF COURT, UNITED

STATES OF AMERICA'S, President, Hon. BARACK H. OBAMA, et al, August 17,

2012 Memo. denied co-plaintiff, Ian J. Jackson of his constitutional rights to due process

of law and equal protection under the law.

ANSWER _____.

### 102.

Made and named co- plaintiffs, Ian J. Jackson and Carl E. Jackson further presents cause

and claim that on said date of August 17, 2012, made and named co-defendant (U.S. 5th

Trial By Jury Demanded

Circuit Court of Appeals'), Justice, EDWARD C. PRADO, under color of law then,

unlawfully and unconstitutionally, (**BASED SOLELY ON THE FALSE AND**

**MISLEADING INFORMATION AND ASSUMPTION OF CO-DEFENDANT,**

**ANGELIQUE D. BATISTE, and others),** edited, signed, and filed into the record of

co-plaintiff, Ian J. Jackson's Federal Civil, Civil Rights violation case's appeal and

review proceedings, the libelous, frivolous, unsupported and ungrounded ,

(his/PRADO'S) undated Order, on behalf of, in concert with, in furtherance of his (Judge,

PRADO'S) and other made and named co-defendants' conspiracy

(a).  To impede, hinder, obstruct "and throw" co-plaintiff, Ian J. Jackson's appeal and

review proceedings and process,

(b).   And to aid and assist other made and named co-defendants, UNITED STATES OF

AMERICA, CLERK OF COURT'S OFFICE; LYLE W. CAYCE and others, the

defendant/appellees, the City of Ruston, and Louisiana Tech University, et al.,.  In that;

ANSWER _____.

### 103

Made and named co-defendants, Justice, EDWARD C. PRADO'S filed August 17, 2012,

unsupported of the record stated, reported and falsely CLAIMED that he found that;

> "IT IS ORDERED that appellant's motion "to allow and permit to remain and
> stand as filed appellant's objection to court's memorandum/order denying appellant's
> motion to correct the incorrect filings and improper filings and the front page marked
> file", **as a motion to file motion for reconsideration in excess of the page limitation,**
> is DENIED."

ANSWER _____.

### 104.

Trial By Jury Demanded

Co-defendant, EDWARD C. PRADO libelously advised and informed the record, the court, the then defendants/appellees ,and co-plaintiff, Ian J. Jackson's appeals and reviews proceeding that plaintiff, Jackson filed his "Motion to Allow and Permit to Remain and Stand as Filed Appellant's Objection" etc.; **"as a motion to file motion for reconsideration in etc.,"**

Co-plaintiffs, Jackson and Jackson hereto make cause and claim, that co-defendant, Justice EDWARD C. PRADO, did intentionally, falsely, maliciously and under color of law state and/or reported, by written documentation, of co-plaintiff, Ian J. Jackson's Federal Civil, Civil Rights Violation case's record, the known to be false publication, as being truthful that co-plaintiff, Ian J. Jackson had submitted and filed a motion/pleading indicating and or expressing a desire, want, or intent to have a ruling and or filing set for "reconsideration, when he (PRADO) knew that such did not appear of the record and that Jackson had not.

ANSWER _____.

## 105.

Co-plaintiffs, Jackson and Jackson set forth and presents added cause and claim hereto; that co-defendants, EDWARD C. PRADO, ( THE CHIEF JUSTICE CARL E. STEWART), THE UNITED STATES OF AMERICA, Commander in Chief, BARACK H. OBAMA, et al., did under color of law, UNLAWFULLY, ILLEGALLY, UNCONSTITUTIONALLY and RACIALLY DISCRIMINATORILY, made and filed such, known to be untrue, unsupported and ungrounded "MERE STATEMENT" of co-plaintiff, Ian J. Jackson's Federal Civil, Civil Rights Violation case's appeal and review

Trial By Jury Demanded

record and proceedings to further aid, assist and abet other made and named co-defendants in their concerted and conspired effort to further impede, obstruct, hinder and cause injury to Jackson's review process, and thus to deny him (Jackson) of long and well set and established constitutional substantial provided and protected rights.

ANSWER _____.

## 106.

Co-plaintiffs, Jackson and Jackson make and present cause and claim hereto against co-defendants, EDWARD C. PRADO, because he, as a United States Circuit Court of Appeals justice knew, should have known, and had cause [Jackson's appeal and review proceedings record] to have known that;

(a). Co-plaintiff, Ian J. Jackson HAD NOT submitted nor filed any such motion, pleading or otherwise giving any indication or assertion that he (Jackson) had requested or expressed a want or desire to file a "motion to file motion for reconsideration in excess of the page limitation", or;

ANSWER _____.

(b). That co-plaintiff, Ian J. Jackson HAD NOT expressed a want for the court to reconsider any of the handed down rulings.

ANSWER _____.

## 107

Co-plaintiffs, Jackson and Jackson further set forth and presents cause and claim on the

**Trial By Jury Demanded**

ground pursuant to U.S.C. Title 42 Section 1983 and Section 1985, as being the and/or

one of the; UNITED STATES CIRCUIT COURT OF APPEALS judge(s), sitting to

resolve matters and issues as presented by co-plaintiff, Ian J. Jackson, but unopposed,

uncontested and un-counterclaimed by the defendants/appellees, Judge, EDWARD C.

PRADO, THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon.

BARACK H. OBAMA, et al., owed and were obligated unto, black, co-plaintiff, Ian J.

Jackson, by the United States Constitutional jurisdictional conferred authority, power and

duty to ensure that he, PRADO, equally guarded and protected the constitutional

provided, guaranteed and protected rights of co-plaintiff, Ian J. Jackson, even though he,

Jackson was, black, EQUALLY as he, PRADO, sought to guard, protect and or to

advance un-entitled to favor to the defendants/appellees, being, white.

ANSWER _____

**108.**

MADE AND NAMED CO-CONSPIRATOR/CO DEFENDANTS; TO AND WITH

DEFENDANT EDWARD C. PRADO AND HIS FOREGONE NOTED UNLAWFUL,

ILLEGAL AND UNCONSTITUTIONAL, UNDER COLOR OF LAW ACTIONS AND

PRACTICES AND PROCEDURES ARE; DEPUTY CLERK OF COURT,

ANGELIQUE D. BATISTE, 5th CCOA, Deputy, Clerk of Court, LYLE W. CAYCE,

Clerk of Court, and the UNITED STATES OF AMERICA, in that;

ANSWER _____

**109.**

**Trial By Jury Demanded**

Co-Plaintiffs, Ian J. Jackson and Carl E, Jackson show that herein made and named

Defendants, ANGELIQUE D. BATISTE, LYLE W. CAYCE, THE CLERK OF

COURT'S OFFICE, CINDY M. BROADHEAD, SHAWN D. HENDERSON, DAWN

D. VICTORIANO, (5TH , and CCOA'S), Judges, EDWARD C. PRADO, others; THE

UNITED STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H.

OBAMA,  et al, were advised within co-Plaintiff, Ian J. Jackson's October 17, 2012;

filing of his;

(1).  PLAINTIFF/APPELLANT'S AFFIDAVIT IN SUPPORT OF APPELLANT'S

MOTION TO THE COURT FOR ORDER; COMPELLING THE CLERK OF COURT

TO ACKNOWLEDGE RECEIPT/FILING OF APPELLANT'S MOTIONS, PLEADING

AND APPELLANT'S FINAL;  **"BRIEF OF THE APPELLANT"**

That; (from page 12 of 29, para. (s) 26, 27, 28 and 29, page);

"26.  Affiant Jackson further stated and deposed that approximately three (3) day" [s]
"after having submitted and filed his second (2nd) rough draft version of his "Appellant's
Brief, that he then on or about August 18, 2012, received from the 5th Circuit Court's,
clerk of court, Memorandum Notice dated August 17, 2012 ( Exhibit MC-20, which
contained an undated order (Exhibit MC-21), (see also Exhibit 2, pg. 10 of 13, last line
through pg. 11 of 13)"

ANSWER _____

"27.  That the noted undated Order was signed by U.S. Circuit Judge, Edward C. Prado
(see Exhibit MC-1, pg. 10 of 13, last line through pg. 11 of 13), (see also exhibit MC-
21)."

ANSWER _____

"28.  That the undated Order falsely, incorrectly and unsupported of the record before the
5th Circuit Court of Appeals or any other court or  legal tribunal noted and advised the
ongoing review and appeal proceedings records that;"

"IT IS ORDERED that appellant's motion to Allow and permit to Remain and Stand as Filed Appellant's Objection to Court's Memorandum/Order Denying Appellant's Motion to Correct the Incorrect Filings and Improper Filings and the front page marked file, **as a motion to file motion for reconsideration in excess of the page limitation, was**" [is] **"DENIED"**

ANSWER _____

"**29.** Affiant stated and deposed that he have not submitted nor filed of the 5th Circuit Court's of Appeals, clerk of court's record to nor of the ongoing appeals and review proceeding any such intent, desire, indication or request to have his, Affiant's "Objection" or any motion submitted to or before the 5th Circuit Court of Appeals as a "motion for reconsideration".

ANSWER _____

### 110.

Co-plaintiffs, Jackson and Jackson presents cause, ground and claim showing that made co-defendants herein were well advised of the UNLAWFUL, ILLEGAL, UNCONSTITUTIONAL and RICIALLY DISCRIMINATIVELY actions, methods, practices and procedures being utilized by agents, representatives, workers and/or employees of the 5th CCOA, in that Co-Plaintiff, Ian J. Jackson then advised and informed made co-defendants, Judge, EDWARD C. PRADO, THE OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA, as well as LYLE W. CAYCE, OFFICER OF THE CLERK OF COURT, DAWN D. VICTORIANO, SHAWN D. HENDERSON, CINDY M. BROADHEAD, and ANGELIQUE D. BATISTE, (pg. 13 of 29, para(s) 30, 31 and 32), (and pg. 14 of 29, para (s) 33, 34, and 35), that;

"30. As already foregone noted, on or about June 12, 2012, the 5th Circuit Court's clerk of court advised him, Affiant that his Objection had been received and filed (see Exhibit MC-6, letter so dated, and signed by deputy clerk, Angelique D. Batiste), but that;"

Trial By Jury Demanded

ANSWER _____

"31. Approximately six days later, on or about June 18, 2012, by letter so dated (Exhibit Mc-12) the 5th Circuit Court of Appeals via another **deputy clerk of court, Cindy M. Broadhead's own initiative and desire, decided and determined that his (Affiant's) noted submitted, received and filed June 12, 2012 Opposition, would be better and/or best if it was "instead" filed of record as a motion for reconsideration instead of as a" [(a) is to be omitted] " clearly noted, intended and indicated "Opposition"** (see Exhibit MC-2, pg. 11 of 13, last three (3) lines of para. 2)."

ANSWER _____

"32. Affiant stated that the Memorandum dated August 17, 2012, signed and issued by deputy clerk of court, Angelique D. Batiste (Exhibit MC-20, and which accompanied U.S. Circuit Judge Edward C. Prado undated Order (Exhibit MC-21), stated and advised him, Affiant that;"

ANSWER _____

1. "Appellant has 10 days from the date of this notice **to make his motion filed on July 30, 2012, titled, "TO ALLOW AND PERMIT TO REMAIN AND STAND AS FILED APPELLANT'S OBJECTION", ETC. treated by this court as a motion for reconsideration of the Clerk's order of May 25, 2012,denying Appellant's Motion "For Leave to Correct Incorrect, Improper, and Non-Filings of Filed Motions and Pleadings", sufficient."**

ANSWER _____

**2. "Your sufficient motion must be 20 pages or less pursuant to the enclosed order or the motion will be submitted to the court to be stricken."**

ANSWER _____

"33. Affiant, Plaintiff/Appellant, Jackson stated, deposed and shown that his motion submitted and filed of record on or about July 26, 2012, which is referred to, received and filed of record by the clerk of court on July 30, 2012, was not deficient nor insufficient pursuant to set and established rules."

ANSWER _____

"34. Affiant stated that the clerk of court and U.S. Circuit Judge, Edward C. Prado were only correct in noting of his (Affiant's) July 26, 2012/July 30, 2012 filed motion as being; PLAINTIFF/APPELLANT'S MOTION TO ALLOW AND PERMIT; TO REMAIN AND STAND AS FILED, ETC., APPELLANT'S OBJECTION TO COURT'S ETC.,"

Trial By Jury Demanded

ANSWER _____

"35. That he, Affiant was instructed by the clerk of court's Memorandum **and ORDERED by U.S. Circuit Judge, Prado to make sufficient said stated and noted motion** by reducing the number of pages  which said noted motion contained, being **FOURTEEN (14) DOWN TO TWENTY (20)** (see Exhibit MC-22)."

ANSWER _____

## 111.

Co-plaintiffs, Jackson and Jackson presents cause and claim that made co-defendants, (5th CCOA'S) Judge, EDWARD C. PRADO, Clerk of Court, LYLE W. CAYCE, OFFICE OF THE CLERK OF COURT, DAWN D. VICTORIANO, SHAWN D. HENDERSON, CINDY M. BROADHEAD, ANGELIQUE D. BATISTE, THE UNITED STATES OF AMERICA, and President, Hon. BARACK H. OBAMA were further well advised and informed by co-plaintiff, Ian J. Jackson within the October 17, 2012 filing of his;

'AFFIDAVIT IN SUPPORT OF APPELLANT'S MOTION TO COURT FOR ORDER; COMPELLING THE CLERK etc.," (pg. 14 of 29, para. 36 through pg. 15, para. 37), that;

**"36. Affiant stated and deposed that he have been asked, instructed and/or order"** [ordered] **"twice within and during the preliminary stage of this review and appeals process to reduce the number of pages of motions and/or pleadings that are already sufficient."**

ANSWER _____

**"37. Affiant further stated and deposed that it was his sincere and strongly supported as well as validated belief that he have BEEN ASKED, INSTRUCTED, COMMENDED" [ COMMANDED ] "AND/OR ORDERED TO PERFORM TIME CONSUMING TASKS TO DETER AND PREVENT THE TIMELY AND PROPER SUBMITTING AND FILING OF THE REQUIRED PROPER FINAL "BRIEF OF THE APPELLANT"**

**Trial By Jury Demanded**

ANSWER _____

### 112.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson further hereto presents cause(s) and ground(s) that co-plaintiff, Ian Jackson set forth and presented approximately Seventy Five (75), like and/or similar properly affirmed and attested to avers within his noted October 17, 2012, "AFFIDAVIT IN SUPPORT" etc., "MOTION TO COURT FOR ORDER COMPELLING THE CLERK OF COURT ect.,"

ANSWER _____

### 113.

Co-plaintiffs Jackson and Jackson presents cause and claim that co-plaintiff, Ian Jackson's October 17, 2012, "AFFIDAVIT IN SUPPORT" etc.., "MOTION TO COURT FOR ORDER COMPELLING THE CLERK OF COURT etc.," which contained co-plaintiff, Ian J. Jackson's approximately Seventy Five (75) affirmed and attested avers, was not ("AFFIDAVIT) opposed, contested, counter affirmed or otherwise objected to by the, then defendants/appellees, Louisiana Tech University, et al or the City of Ruston, et al.

ANSWER _____

### 114.

Co-plaintiffs, Jackson and Jackson further hereto show cause and claim that co-plaintiff, Ian J. Jackson's October 17, 2012, "AFFIDAVIT IN SUPPORT OF" etc., "MOTION TO

**Trial By Jury Demanded**

COURT FOR ORDER COMPELLING THE CLERK OF COURT etc.," which contained

approximately Seventy Five (75) affirmed and attested to avers, was also not contested,

opposed (in content), counterclaimed or counter affirmed by herein made and named co-

defendants; (5th CCOA'S), THE OFFICE OF THE CLERK OF COURT, Clerk of Court,

LYLE W. CAYCE, DAWN D. VICTORIANO, SHAWN D. HENDERSON, CINDY M.

BROADHEAD, ANGELIQUE D. BATISTE, (5TH CCOA'S) Judge, EDWARD C.

PRADO, THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon.

BARACK H. OBAMA, et al.

ANSWER _____

## 115.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson in addition presents cause and claim that

in that neither of the herein and hereto made and named co-defendants, opposed,

contested, counter claimed or counter affirmed with neither pleading or by taking judicial

notice, all of the herein made and named co-defendants, as above and hereto noted,

pursuant to well set, established and adopted federal rules, mandates and provisions, have

therefore, agreed with, stipulated to, and accepted as facts established, as are set forth and

presented within co-plaintiff, Ian J. Jackson's noted October 17, 2012, Twenty Nine (29)

pages "AFFIDAVIT IN SUPPORT OF etc., "MOTION TO COURT FOR ORDER

COMPELLING THE CLERK OF COURT etc.," which contained Jackson's

approximately Seventy Five affirmed and attested avers, as being the truth.

ANSWER _____

Trial By Jury Demanded

## 116.

Co-plaintiffs, Jackson and Jackson presents cause and claim that neither of the noted named co-defendants herein submitted/filed of proceeding pleadings, the required "RESPONSE AFFIDAVIT" or "UNSWORN DECLARATION" as made pursuant to Rule 8(d) of the FRCvP or Rule 56 of the FRCvP., and U.S C. 28 Section 1746, in order to have lawfully, legally and or constitutionally defeated and/or overcome co-plaintiff, Ian J. Jackson's October 17, 2012 noted "AFFIDAVIT IN SUPPORT OF etc.,"

ANSWER _____

## 117.

Co-plaintiffs, Jackson and Jackson presents cause and claim that as of the result of (5th CCOA'S) Judge, EDWARD C. PRADO, (THE "UNKNOWN" CHIEF Justice, THE UNITED STATES OF AMERICA, President, Hon. BARACK H. OBAMA, et al.,, failing and refusing to make right and/or to correct his/its/their issued ruling of August 17, 2012, which  falsely, libelously, and misleadingly advised that co-plaintiff, Ian J. Jackson had made request for, or had given indication that he (Jackson) desired or wanted one of his filed motions or objections to be treated as a "MOTION FOR RECONSIDERATION", said co-defendants, Judge, EDWARD C. PRADO and others, did greatly, manifestly, departed from, disrespected, failed to abide by, and violated the provisions of Rule 8(d), and Rule 56 of the FRCvP, as well as of U.S.C. 28 Section 1746.

ANSWER _____

## 118.

**Trial By Jury Demanded**

Co-plaintiffs, Jackson and Jackson also present cause and claim that even after being as foregone clearly and detailed advised; the made and named co-parties, defendants LYLE W. CAYCE, DAWN D. VICTORIANO, CINDY M. BROADHEAD, SHAWN D. HENDERSON, ANGELIQUE D. BATISTE, THE OFFICE OF THE CLERK OF COURT, nor did Judge, EDWARD C. PRADO, THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA, did absolutely nothing to correct their untruthful, malicious, libelous and prejudicial acts, publications and reporting, being herein termed; UNLAWFUL, ILLLEGAL, UNCONSTITUTIONAL, and RACIALLY DISCRIMINATIVE judicial methods, practices, and procedures being utilized in disposing of motions and pleadings submitted and filed of record by, black, co-plaintiff, Ian J. Jackson, which irreparably injured co-Plaintiff, Ian J. Jackson's due, just and proper prosecuting of his Federal Civil, Civil Rights Violation case's appeal and review proceedings.

ANSWER _____

### 119.

Co-plaintiffs, Jackson and Jackson lay cause and claim for redress that same have, thus barred and denied co-Plaintiff, Ian J. Jackson of his rights to due process of law and of equal protection under the law, as provided, guaranteed and protected by the 14th Amendment to the U.S. Constitution.

ANSWER _____

### 120.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson presents cause and claim that by made

co-defendants, LYLE W. CAYCE, THE OFFICE OF THE CLERK OF COURT, THE

UNITED STATES OF AMERICA, President,  Hon. BARACK H. OBAMA and

ANGELIQUE D. BATISTE'S own advertisement, that same validated the noted undated

order of made co-defendant, EDWARD C. PRADO as being libelous, and prejudicial

toward co-Plaintiff, Ian J. Jackson's just and proper presenting of his Federal Civil, Civil

Rights Violation case's appeal and review proceedings.

ANSWER _____

### 121.

Co-plaintiffs Jackson and Jackson hereto further presents cause and claim that made co-

defendant, Judges, EDWARD C. PRADO, (the unknown Chief Justice), THE UNITED

STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA,

upon examining the record should have discovered and/or would have discovered the

truth, but in keeping with and carrying out his/its/their part of the planned and

premeditated conspiracy of his and other made and named co-defendants herein, Judge,

EDWARD C. PRADO, et al., signed, rendered, and filed of Federal Civil Rights

Violation proceedings his Order, against the only presented, accepted and stipulated to,

set and established facts of record, then falsely noted and reported of record as being

truthful and factual the untrue and libelous "MERE STATEMENT", that co-plaintiff, Ian

J. Jackson had made indication and/or filed of record;

**Trial By Jury Demanded**

"a motion to file motion for reconsideration in excess of the page limitation"

ANSWER _____

### 122.

Co-plaintiffs, Jackson and Jackson presents per cause and claim that Judge, EDWARD C.

PRADO, THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon.

BARACK H. OBAMA, et al., further made said known to be false, misleading writing

and publications (being defamation) for the purpose and intent to; cover up the fact that

co-plaintiff, Ian J. Jackson had been, UNLAWFULLY, ILLEGALLY,

UNCONSTITUTIONALLY and RACIALLY DISCRIMINATORILY advised by other

herein made and named co-defendants, that he needed to reduce the number of page

within his "Objection" to court's May 25, 2012, ruling, [ruling denying Appellant's

Motion for Leave to Correct Incorrect and Improper Filings], so that his (Jackson's)

"Objection", [at the request, desire and need of co-defendants, LYLE W. CAYCE,

DAWN D. VICTORIANO, SHAWN D. HENDERSON, CINDY D. BROADHEAD,

ANGELIQUE D. BATISTE, THE OFFICE OF THE CLERK OF COURT, UNITED

STATES OF AMERICA, President, Hon. BARACK H. OBAMA, et al.., can be changed

and converted to a "Motion", so that his (Jackson's) "Objection" can then be entertained

and treated like a "motion for reconsideration"

ANSWER _____

### 123.

Co-plaintiffs set cause and claim that co-defendant, Judge. EDWRD C. PRADO, THE

UNITED STATES OF AMERICA, President, Hon. BARACK H. OBAMA, et al knew

that his/its/their submitted/filed ruling was unlawful and unconstitutional in that he knew

co-Plaintiff, Ian J. Jackson clearly did not want, nor requested, desired, moved the court,

give indication nor asserted, that he wanted the court to reconsider its May 25, 2012

ruling which failed and refused to O R D E R the 5th Circuit Court's, clerk of court to

correct the incorrect, improper, non-filings, missed filed, motions and pleadings, as well

as evidence, that were properly filed by co-plaintiff, Ian J. Jackson, but were not filed and

docketed of the minutes and  docket correctly.

ANSWER _____

### 124.

Co-plaintiffs, Jackson and Jackson also presents cause and claim that Defendant,

EDWARD C. PRADO, THE UNITED STATES OF AMERICA, President, Hon.

BARACK H. OBAMA, et al., further made the noted untrue and libelous "MERE

STATEMENT" to subsequently remove and strike, from his (Jackson's) Federal Civil,

Civil Rights Violation case's record, and/or to not have considered, black, co-plaintiff,

Ian J. Jackson's good, timely and properly filed;

(1). PLAINTIFF/APPELLANT'S OBJECTION TO COURT RULINGS DENYING

APPELLANT'S MOTION FOR LEAVE TO CORRECT INCORRECT, IMPROPER

AND NON-FILING OF FILED MOTIONS AND PLEADINGS.

ANSWER _____

(2). PLAINTIFF/APPELLANT'S MOTION TO ALLOW AND PERMIT TO STAND

**Trial By Jury Demanded**

AS FILED; CONTAINING FORTY ONE (41) PAGES; "APPELLANT'S OBJECTION

TO THE COURT'S "MEMORANDUM ETC., ORDER.NOTICE, WHICH ORDERED

"DENIED" APPELLANT'S MOTION TO CORRECT INCORRECT, IMPROPER,

AND NON-FILING OF FILED MOTIONS AND PLEADINGS"

ANSWER _____

### 125.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson further hereto presents cause and claim

that co-defendant, EDWARD C. PRADO, THE UNITED STATES OF AMERICA,

Commander in Chief, President, Hon. BARACK H. OBAMA, and others made and

named co-defendants made said foregone noted untrue, unlawful and unconstitutional

statements, publications, rulings and orders to further sway and direct the then ongoing

course of co-plaintiff, Ian J. Jackson's Federal Civil, Civil Rights Violation case's appeal

and review proceedings and process and;

ANSWER _____

### 126.

Ultimately the final outcome of co-plaintiff, Ian J. Jackson's appeal and review

proceeding, even to **UNLAWFULLY, ILLEGALLY, UNCONSTITUTIONALLY**

**and RACIALLY DISCRIMINATIVELY** dismiss co-plaintiff, Ian J. Jackson's Federal

Civil, Civil Rights Violations case's appeal and review process and proceedings, without

just, proper or legal cause. Even, to wit;

Trial By Jury Demanded

ANSWER _____

### 127.

On or about December 7, 2012, co-plaintiff, Ian J. Jackson, received from made co-

defendants, LYLE W. CAYCE, OFFICE OF THE CLERK OF COURT, THE UNITED

STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA

and DAWN D. VICTORIANO, Memorandum Notice, dated December 5, 2012, edited

and signed by co-defendant, VICTORIANO, which advised that;

"P.S. To Mr. Ian Jackson:  Pursuant to 5th Circuit Rule 42, **your appeals are dismissed
for failure to comply with this court's notice of 10/9/2012 requesting sufficient
record excerpts.  Also,** we are taking no action on your document entitled "Status Check
on Appeals Proceeding" **because your appeals are dismissed"**

ANSWER _____ .

### 128.

Made co-defendants, LYLE W. CAYCE, and deputy clerk, DAWN D. VICTORIANO,

OFFICE OF THE CLERK OF COURT, UNITED STATES OF AMERICA, Commander

in Chief, President, Hon. BARACK H. OBAMA'S noted DISMISSAL of co-plaintiff,

Ian J. Jackson's Federal Civil, Civil Rights Violation case's appeal and review process

and proceedings, was unconstitutional in that same dismissal was the "**FRUIT and**

**LABOR"** of conspired and concerted **UNLAWFUL, ILLEGAL,**

**UNCONSTITUTIONAL AND RACIALLY DISCRIMINATIVE JUDICIAL**

methods, practices and procedures, in that;

**Trial By Jury Demanded**

ANSWER_____.

### 129.

On or about 10/29/2012, or October 29, 2012 approximately twenty days, after the

noted referenced date of 10/9/2012, attested to and affirmed by the statement and

signature of co-defendant, deputy clerk, DAWN D. VICTORIANO, that Co-plaintiff, Ian

J. Jackson's;

"ect., **appeals are dismissed for failure to comply with this court's NOTICE OF
10/9/12 requesting sufficient record excerpts."**

### 130.

Co-plaintiff, Ian Jackson filed of the record of his Federal Civil, Civil Rights Violation

case's appeal and review process and proceedings, ENTRUSTED TO and UNDER THE

CUSTODIAL care and protection of made and named co-defendants, LYLE W. CAYCE,

SHAWN D. HENDERSON, CINDY M. BROADHEAD, ANGELIQUE D. BATISTE,

OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA,

Commander in Chief, President, Hon. BARACK H. OBAMA, and **DAWN D.**

**VICTORIANO,** his (Jackson's);

1. APPELLANT'S MOTION TO ALLOW APPELLANT'S RECORD EXCERPTS TO
REMAIN AS SUBMITTED; IN EXCESS OF THE OPTIONAL PAGE LIMITATION.

ANSWER _____.

### 131.

Trial By Jury Demanded

Co-plaintiffs, Jackson and Jackson presents cause and claim that, co-defendants, DAWN

D. VICTORIANO, LYLE W. CAYCE, THE OFFICE OF THE CLERK OF COURT,

5TH CCOA, Judge, EDWARD C. PRADO, and THE UNITED STATES OF AMERICA

were advised by co-plaintiff, Ian J. Jackson, under the below noted "HEADING" as being

his grounds for the noted motion that;

"1. THE RECORD DOES NOT REFLECT THE TRUE AND CORRECT FILINGS AS
WERE MADE." (noted 10/29/12 filing, pages 2 of 24 through 13 of 24)

ANSWER _____.

"2. THE COURTS FAILED AND REFUSED TO ALLOW AND PERMIT THE
RECORD OF THIS CASE TO BE CORRECTED TO REFLECT THE TRUE
FILINGS." (pages 13 of 24 through 16 of 24).

ANSWER _____.

"3. PLAINTIFF/APPELLANT JACKSON WAS ALSO DENIED HIS REQUESTS TO
INSPECT THIS CASE'S RECORD." (pages 17 of 24 through 18 of 24).

ANSWER _____.

"4. THE ISSUES AND MATTERS PRESENTED FOR REVIEW ARE NOT
DUCUMENTED WITHIN THE CASE RECORD, SELECTIVELY FORMED AND
CONSTRUCTED BY THE COURTS, AND CLERKS OF COURTS." (pages 18 of 24
through 24).

ANSWER _____.

### 132.

Co-plaintiff, Ian J. Jackson further supported his filed "APPELLANT'S MOTION TO

ALLOW APPELLANT'S RECORD EXCERPTS TO REMAIN AS SUBMITTED; with

approximately seven (7) referenced exhibits, then attached at and with that filing.

ANSWER _____.

**Trial By Jury Demanded**

**133.**

Still, on the date of December 5, 2012, co-defendants, DAWN D. VICTORIANO, LYLE

W. CAYCE, OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF

AMERICA, President, Hon. BARACK H. OBAMA, did knowingly and/or having cause

to have know, that co-plaintiff, Ian J. Jackson had not failed to comply with a referenced

court's notice of 10/9/2012, some thirty five (35) days advance of her/their/its noted

dated MEMORANDUN filed of record, stating and denoting, affirming and attesting,

that; co-plaintiff, Ian J. Jackson's; **"appeals are dismissed for failure to comply with**

**this court's notice of 10/9/2012 requesting sufficient record excerpts."**

**ANSWER** _____.

**134.**

Furthermore, within co-plaintiff, Ian J. Jackson's 10/29/2012 or October 29, 2012, filing

of his; MOTION TO ALLOW APPELLANT'S RECORD EXCERPTS TO REMAIN

ect., co-plaintiff, Ian J. Jackson advised hereto made co-defendants, (5TH CCOA), Judge,

EDWARD C. PRADO, LYLE W. CAYCE, OFFICE OF THE CLERK OF COURT,

DAWN D. VICTORIANO, SHAWN D. HENDERSON, CINDY M. BROADHEAD,

ANGELIQUE D. BATISTE, THE UNITED STATES OF AMERICA, President, Hon.

BARACK H. OBAMA, et al,  (pg. 3, quote thereto) that;

(a). "Since Appellant/Jackson's filing of his January 23, 2012, Objection to the Court's
Rulings, Orders, and Judgments of 11/22/2011 and 12/22/2011, **he have been repeatedly**
**barred and denied having his properly and timely filed pleadings docketed of the**
**court's record/minutes as being filed. Jackson have made approximately seven (7)**
**filings since January 23, 2012. The same Deputy Clerk of Court have incorrectly**
**and improperly filed and/or failed to properly file each one of the seven filings."** ect.,

Trial By Jury Demanded

ANSWER _____.

**(b). "ect., Appellant's noted filings sets forth and presents the district court's unlawful and unconstitutional practices and procedures utilized in entertaining and disposing of the presented issues and subsequent entire case."**

ANSWER _____.

## 135.

Co-defendants, Judge, EDWARD C. PRADO, clerk of court, LYLE W. CAYCE, THE

OFFICE OF THE CLERK OF COURT, SHAWN D. HENDERSON, CINDY M.

BROADHEAD, ANGELIQUE D. BATISTE, DAWN D. VICTORIANO, THE UNITED

STATES OF AMERICA, and others, Judges, DONALD E. WALTER, and ROBERT G.

JAMES were further also advised by co-plaintiff, Ian J. Jackson (pg. 6 of 24, top of page)

that the United State District Court's, Clerk of Court "INCORRECTLY noted Appellant

Jackson's"

"(a). "NOTICE OF APPEAL" etc., as having an "(Attachment: (Objection)".

ANSWER _____.

**"(b). "That the District Court's, Clerk of Court unlawfully, intentionally and seemingly with fraud filed, logged and docketed his/Affiant's OBJECTION TO RULINGS, etc., as an ATTACHMENT to and for his NOTICE OF APPEAL."**

ANSWER _____.

## 136.

Co-defendants, made and named herein DAWN D. VICTORIANO, LYLE W. CAYCE,

SHAWN D. HENDERSON, CINDY M. BROADHEAD, ANGELIQUE D. BATISTE,

THE OFFICE OF THE CLERK OF COURT, Judge, EDWARD C. PRADO, U.S.

DISTRICT COURT'S Judges, DONALD E. WALTER, ROBERT G. JAMES, et al..,

THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon.

BARACK H. OBAMA, et al.,  were also advised by co-plaintiff, Ian J. Jackson within

the October 29, 2012 filing of his "MOTON TO ALLOW APPELLANT'S RECORD

EXCERPTS TO REMAIN AS SUBMITTED;", that; (pg. 6 also, 2nd quotation).


"Said  noted reporting is also an intentionally clearly manifestly erroneous, harmful and
prejudicial procedural, act and reporting of this cause's record, and that same was done
after Affiant made his filings on January 23, 2012 in the proper, reasonable, logical and
normal and correct chronological filing order as prescribed and mandated by Rule 79(a)
of the FRCP, of;" ect.,

ANSWER _____.


## 137.


Co-defendants, DAWN D. VICTORIANO, SHAWN D. HENDERSON, CINDY M.

BROADHEAD, ANGELIQUE D. BATISTE, LYLE W. CAYCE, OFFICE OF THE

CLERK OF COURT, Judge, EDWARD C. PRADO, U.S. District Court Judges,

DONALD E. WALTER, ROBERT G. JAMES, THE UNITED STATES OF AMERICA,

President, Hon. BARACK H. OBAMA, and others were then advised by co-plaintiff, that

both the U.S. District Court and the U.S. Court of Appeals for the 5th Circuit were

informed within Jackson's (Ian') JOINT AFFIDAVIT (filed of record on February 28,

2012) that; (pg. 6 of 24, para. (18), last quotation thereto).


**(a). "(18).  That by intentionally and unlawfully filing and recording his, Affiant
Jackson" ('s) "noted OBJECTION TO RULING ect.," (etc.,) "(Item (1) of NO. 16
hereto) as an attachment to his NOTICE OF APPEAL (Item NO. (16), the Clerk of
Court intentionally seeks to make null, mote"** (moot) **"and even inadmissible of**

record and moreso, with the intent to bar and prevent said OBJECTION(S) from being considered during his/Affiant's sought after appeal and review process, as only matter and/or issues presented before the District Court are review on and/or during the appeal and review proceedings."

ANSWER _____.

### 138.

Co-defendants, DAWN D. VICTORIANO, LYLE W. CAYCE, OFFICE OF THE

CLERK OF COURT, EDWARD C. PRADO, District Court's Judges, DONALD E.

WALTER, ROBERT G. JAMES, et al., THE UNITED STATES OF AMERICA,

Commander in Chief, President, Hon. BARACK H. OBAMA were in deep details,

advised (pg. 17 of 24, para. "(19), top of page) that;

"(19).  The Clerk of Court also intentionally, unlawfully, and maliciously failed and refused to file, docket and log his, Affiant Jackson's noted OBJECTION TO Ruling ect" (etc.,) "of the case's docket sheet and minutes, as noted at Item 1 of NO. 16 as it was filed by Affiant Jackson, as simply his Objection to the District Court's November 22, 2011 and December 21, 2011, Rulings, Orders and Judgments, with the intent of having his noted Objections, which contained his, advising, informing and reminding the District Court and case record of vital UNCONSTITUTIONALLY and RACIALLY DISCRIMINATIVE PRACTICES AND PROCEDURAL RULINGS AND FINDINGS of issues and subject matters of material factual issues as having been rendered and performed by the District Court's Magistrate Judge, Karen L. Hayes, Judge, Donald E. Walter, and the Clerk of Court, in conjunction with that performed by the made and named defendants in disposing of motions and pleadings filed of the herein noted captioned styled Federal Civil Right Violation Cases;"

ANSWER _____.

"(a).  Excluded from the sought after appeals and review proceedings, as supported of both law and facts appearing of record, as to why the defendants were not entitled to rulings and orders of dismissals, again"

ANSWER _____.

"[b].  validating why the District Court's Clerk of court's January 27, 2012 mailing

**Trial By Jury Demanded**

indicated that his noted **OBJECTION** was an attachment to his, Affiant" ('s) **"NOTICE OF APPEAL."**

ANSWER _____.

### 139.

Co-defendants, DAWN D. VICTORIANA, LYLE W. CAYCE, SHAWN D.

HENDERSON, CINDY M. BROADHEAD, ANGELIQUE D. BATISTE, OFFICE OF

THE CLERK OF COURT, Judge, EDWARD C. PRADO, THE UNITED STATES OF

AMERICA, President, Hon. BARACK H. OBAMA and others were even specifically

advised by co-plaintiff, Ian J. Jackson within the filing of his 10/29/2012,

APPELLANT'S MOTION TO ALLOW APPELLANT'S RECORD EXCERPTS TO

REMAIN AS SUBMMITTED (pg.. 4, line 3) that;

(a). "Appellant Jackson advised the district court within the March 29, 2012" (*another filing made with co-defendants, VICTORIANO, CAYCE, PRADO, and other*) "noted filing (page 4 of 43, para. 2); that;"

(b). **"Plaintiff/Appellant Jackson further set forth within his February 28, 2012 Affidavit" (etc.,)** "that he (Plaintiff) presented and set forth bias, prejudice, unlawful and/or unconstitutional acts and/or inacts as having been shown forth by Judge Donald E. Walter, to wit."

(c). "This case's record as is, and as to the best of Appellant Jackson's knowledge, belief, received information, acknowledgement, and notices **does not contains that set forth and presented advising."**

### 140.

Co-defendants, DAWN D. VICTORIANO, SHAWN D. HENDERSON, CINDY M.

BROADHEAD, ANGELIQUE D. BATISTE, LYLE W. CAYCE, THE OFFICE OF

Trial By Jury Demanded

THE CLERK OF COURT, Judge, EDWARD C. PRADO, (unknown Chief Justice), THE

UNITED STATES OF AMERICA, President, Hon. BARACK H. OBAMA were advised

by co-plaintiff, Ian J. Jackson within the filing of his 10/29/2012, MOTION TO ALLOW

APPELLANT'S RECORD EXCERPTS TO REMAIN AS SUBMITTED, filed in

response to said co-defendants noted and referenced (by defendant, DAWN D.

VICTORIANO'S, 12/5/2012, notice of dismissal of appeal proceedings) 10/9/2012

MEMORANDUM requesting sufficient record excerpts, (pg. 4, last para.) that;

(a). "This, the 5th Circuit Court of Appeals, was first and/or initially in receipt of
Appellant Jackson's same and exact foregone noted February 28, 2012 "JOINT
AFFIDAVIT" on or about May 17, 2012, then marked as Exhibit App-CR-2."

(b). "The 5th Circuit's clerk of court was likewise at that same time first in receipt
of Appellant's Jackson's March 29, 2012, OBJECTION TO DISTRICT COURT'S
RULING DENYING MOTION FOR [ITEMIZATION] AND DENYING MOTION
FOR THE CORRECTION OF THE IMPROPER AND INCORRECT FILING
ETC., then marked as Exhibit App-CR-4, both which supported Jackson" ('s) May
17, 2012, APPELLANT'S MOTION FOR LLEAVE TO CORRECT, INCORRECT
AND IMPROPER AND NON-FILINGS OF FILED MOTION AND PLEADINGS"
etc.,"

(c). "and thus, said court" (the 5th CCOA, and Judge, PRADO) "was and have been
fully advised and informed of the district court's noted unlawful and
unconstitutional acts and inacts of not allowing and permitting this case's record to
be corrected."

141.

Co-plaintiff, Ian J. Jackson also within the very next paragraph (pg. 5, para. 2, line 1)

advised co-defendants, DAWN D. VICTORIANO, LYLE W. CAYCE, Judge,

EDWARD C. PRADO, others, and the UNITED STATES OF AMERICA, that;

(a). "This court, 5th Circuit was again for the second time, though partially in receipt of Appellant Jackson's February 28, 2012 "JOINT AFFIDAVIT" on or about September 7, 2012, as same was made a part of APPELLANT'S RECORD EXCERPTS, pg. (s) 113 through 134 (only Twenty Two (22) of the overall Forty Three (43) pages excerpted."

**142.**

Co-plaintiff, Ian J. Jackson, while leaving no doubt within the made co-defendants minds

advised very next line, that;

(a). "Appellant Jackson notes of this motion and of record that said filed RECORD EXCERPTS is the same for which this motion is being submitted to allow to stand, **AND SAME IS JACKSON'S ONLY AVAILABLE MEANS AND METHOD OF SUPPORTING HIS SEPTEMBER 5, 2012 SUBMITTED** BRIEF OF THE APPELLANT."

**143.**

Co-defendants, DAWN D. VICTORIANO, LYLE W. CAYCE, OFFICE OF THE

CLERK OF COURT, EDWARD C. PRADO, THE UNITED STATES OF AMERICA,

Commander in Chief, President, BARACK H. OBAMA, the very next statement were

advised;

in show as presented within his October 19, 2012, MOTION TO THE COURT; TO

COMPEL THE CLERK OF COURT TO ACKNOWLEDGE RECEIPT/FILING OF

ETC., **that as of the date of this motion, that there still have not been any truthful**

**nor correct acknowledgement of receipt of the submitted September 5, 2012, final**

**appellant's BRIEF by the clerk of court."**

Trial By Jury Demanded

## 144.

Made and named co-defendants, DAWN D.VICTORIANO, LYLE W. CAYCE, OFFICE

OF THE CLERK OF COURT, EDWARD C. PRADO, THE UNITED STATES OF

AMERICA, President, Hon. BARACK H. OBAMA were advised and informed by co-

plaintiff, Ian J. Jackson, (pg. 7, 1st non quoted para.) that;

(a). "**Appellant have cause and belief, supported of the record, allowed and permitted by the district court and this, 5th Circuit's, clerk of court, to believe that non of the foregone noted, as well as those not restated hereto, attests and/or avers appears of the fabricated and distorted record and file of this case constructed, formed, allowed, permitted and maintained by the district court, its clerk of court nor by this, 5th Circuit's, clerk of court.**"

**ANSWER** _____.

(b). "**Therefore, Appellant's submitted/filed; APPELLANT'S RECORD EXCERPTS, baring**" (should be, bearing) "**pages exceeding the limitation set, is greatly needed.**"

**ANSWER** _____.

## 145.

Made co-defendants, DAWN D. VICTORIANO, LYLE W CAYCE, EDWARD C.

PRADO, THE UNITED STATES OF AMERICA, President, Hon. BARACK H.

OBAMA and others were then advised by Jackson's 10/29/2012 filing of his MOTION

TO ALLOW APPELLANT'S RECORD EXCERPTS TO REMAIN AS SUBMITTED",

(pg. 9, last para. Bold caps), that;

(a). "**SINCE THE INCORRECT, IMPROPER AND NON-FILING AND/OR NON-DOCKETING OF APPELLANT'S MOTIONS AND PLEADINGS BY THE DISTRICT COURT'S CLERK OF COURT, THIS, THE 5TH CIRCUIT COURT**

OF APPEALS OWN CLERK OF COURT HAVE LIKEWISE, FAILED AND
REFUSED TO NOTE AND/OR ACKNOWLEDGE THE RECEIPT AND FILING
OF APPELLANT JACKSON'S SUBMITTED FILINGS."

ANSWER _____.

## 146.

Made co-defendants, DAWN D. VICTORIANO, LYLE W. CAYCE, EDWARD C.

PRADO, THE UNITED STATES OF AMERICA, President, BARACK H. OBAMA and

others were advised also (last line of pg. 9, through pg. 10) that **on the date of May 17,**

**2012, that he (co-plaintiff, Ian J. Jackson) filed with the district court for proper**

**inclusion of the record, pursuant to U.S.C 28 Section 144;**

(a). "PLAINTIFF/APPELLANT'S COMPLAINT OF UNCONSTITUTIONAL
AND RACIALLY DISCRIMINATIVE BIAS AND PREJUDICE UTILIZED IN
JUDICIAL PRACTICES AND PROCEDURES; shown by U.S. District Court
Judge, Donald E. Walter and U.S. District Court Magistrate Judge, Karen L.
Hayes"

ANSWER _____.

## 147

Along with; (pg. 10, last 7 lines of para. 1), that;

(a). "PLAINTIFF/APPELLANT'S AFFIDAVIT IN SUPPORT OF COMPLAINT
OF SET FORTH AND PRACTICED UNCONSTITUTIONAL AND RACIALLY
DISCRIMINATIVE BIAS AND PREJUDICE, shown by U.S. District Court Judge,
Donald E. Walter and U.S. District Court Magistrate Judge, Karen L. Hayes."

ANSWER _____.

## 148.

Trial By Jury Demanded

Co-defendants, DAWN D. VICTORIANO, LYLE W. CAYCE, EDWARD C. PRADO,

THE CLERK OF COURT'S OFFICE, THE UNITED STATES OF AMERICA,

Commander in Chief, President, Hon. BARACK H. OBAMA were advised that Jackson

had made approximately six (6) out of seventy-seven pages of the AFFIDAVIT part of

his September 5, 2012, filed RECORD EXCERPTS. (pg. 10, last 3 lines of para. 1).

ANSWER _____.

### 149.

Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO,

THE OFFICE OF THE CLERK OF COURT, and THE UNITED STATES OF

AMERICA, President, BARACK H. OBAMA were then advised that the U.S. District

Court, Western District of Louisiana's, Clerk of Court, TONY MOORE, Deputy Clerks,

A. PUTCH, NANCY LUNDY, and DEBBIE DICKERSON, after co-plaintiff's noted

May 17, 2012, U.S.C. Section 144 COMPLAINT OF SET FORTH AND PRACTICED

UNCONSTITUTIONAL AND RACIALLY DISCRIMINATIVE BIAS AND

PREJUDICE had been justly and properly filed of co-plaintiff, Ian J. Jackson's Federal

Civil, Civil Rights Violation case records, said made and named co-defendants, the

agents and representatives of the U.S. District Court, then; (pg. 10, last para., through pg.

11, para. 1).

(a). Removed co-plaintiff, Ian J. Jackson's submitted and filed COMPLAINT from

Jackson's Federal Civil, Civil Rights Violation case's record and proceedings,

ANSWER _____.

(b).  Crossed out the filing date and;

ANSWER _____.

(c).  Mailed same to co-plaintiff, Ian J. Jackson via U.S. priority Mail.

ANSWER _____.


### 150.


Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO,

THE OFFICE OF THE CLERK OF COURT, and THE UNITED STATES OF

AMERICA, were further hereto advised that upon returning said U.S.C. 28 Section 144

Complaint (pg. 11, para. 1, line 3).

ANSWER _____.


### 151.


That the district court also  enclosed a copy of co-defendants, DONALD E. WALTER

and ROBERT G. JAMES' April 30, 2012 Order which stated and advised without any

given or stated grounds that;

(a).  **"The Court finds that Plaintiff Ian J. Jackson has abused the judicial system
and is prohibited from filing future actions without first securing, in writing,
permission of the Court."**

ANSWER _____.


### 152.

Trial By Jury Demanded

Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO, THE OFFICE OF THE CLERK OF COURT and the UNITED STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA were also advised on 10/29/2012, that the district court's, clerk of court's actions, methods, practices and procedures of removing co-plaintiff, Ian J. Jackson's filed U.S.C. 28 Section 144 complaint from co-plaintiff, Ian J. Jackson's ongoing Federal Civil, Civil Rights Violations case's appeal and review process and proceedings records, (pg. 11, para. 2);

(a). Was unlawful and illegal.

ANSWER _____.

(b). Because same removal resulted in EVIDENCE BEING REMOVED FROM said Federal Civil proceedings records,

ANSWER _____.

(c). as well as altered, manipulated and distorted same evidence of Jackson's Federal Civil, Civil Right case (pg. 11, para. 2).

ANSWER _____.

### 153.

Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, THE OFFICE OF THE CLERK OF COURT, DAWN D. VICTORIANO, UNITED STATES OF AMERICA, Commander in Chief, President, BARACK H. OBAMA were clearly advised on 10/29/2012, by co-plaintiff, Ian J. Jackson that: (pg. 11, last 7 lines).

Trial By Jury Demanded

(a). "The district court's, and the clerk of court's noted unlawfully authorized" (unauthorized) "action moreso and furthermore validates and substantiates Appellant's" (Appellant Jackson's) "Jackson claim and contention made hereto that;"

ANSWER _____.

(b). "1. THE RECORD DOES NOT REFLECT THE TRUE AND CORRECT FILINGS AS WERE MADE."

ANSWER _____.

### 154.

Co-plaintiff, Ian J. Jackson also on 10/29/2012, within the APPELLANT MOTION TO ALLOW APPELLANT'S RECORD EXCERPTS TO REMAIN AS SUBMITTED", advised co-defendants, Judge, EDWARD C. PRADO, clerk, LYLE W. CAYCE, DAWN D. VICTORIANO, OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA, and President, BARACK H. OBAMA, that he, (Jackson) also on May 17, 2012, filed a full and complete copy of his; (pg. 11, last 2 lines, through pg, 12, para. 1),

ANSWER _____

(a). U.S.C. 28 Section 144 complaint of "UNCONSTITUTIONAL AND RACIALLY DISCRIMINATIVE BIAS AND PREJUDICE UTILIZED IN JUDICIAL PRACTICES AND PROCEDURES", as well as a copy of the;

ANSWER _____.

(b). "AFFIDAVIT IN SUPPORT OF", (all 77 pages) with the clerk of court of the 5th CCOA (pg. 12, para. 1).

ANSWER _____.

Trial By Jury Demanded

## 155.

Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO,

THE OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA,

President, BARACK H. OBAMA, et al were also advised (pg. 13, para. 1, line 7, through

line 14), that;

(a). **"As a result of the clerk of court of this court, 5th Circuit, (without the defendants/appellees having to render any objection) not allowing nor permitting Appellant Jackson's September 5, 2012" etc., "SUPPLEMENTAL BRIEFS to be filed of the record gives added rise and support that said clerk of court simply seeks to bar and prevent this cause and cause's record from reflecting the true and actual filings made, etc"**

**ANSWER** _____.

(b). **"BECAUSE SAME CONTAINS AND INCLUDES INCRIMINATING EVIDENCE, AGAINST THE DEFENDANTS AND APPELLEES' DEFENSE OF THIS CASE."**

**ANSWER** _____.

## 156

Co-plaintiff, Ian J. Jackson then and there advised on 10/29/2012, the same noted co-

defendants (pg. 13, para. 1, last 3 lines ) that;

(a). **"As a result of this, 5th Circuit's, court, clerk of court" ('s) "actions not allowing, nor permitting Appellant Jackson's filings to be made of record, and/or once filings are made, said filings and requests are without just cause denied."**

**ANSWER** _____.

## 157.

Trial By Jury Demanded

Co-plaintiff, Ian J, Jackson on 10/29/2012 advised co-defendants, EDWARD C. PRADO,

LYLE W. CAYCE, DAWN D. VICTORIANO, THE UNITED STATES OF AMERICA,

Commander in Chief, President, BARACK H. OBAMA that it was (partly) because of

the 5th CCOA'S, court's, Judge, EDWARD C. PRADO, clerk of court's, LYLE W.

CAYCE'S, failures and refusal, without cause, that; (pg. 13, para. 2),

**"2. THE COURTS FAILED AND REFUSED TO ALLOW AND PERMIT THE RECORD OF THIS CASE TO BE CORRECTED TO REFLECT THE TRUE FILINGS"**

ANSWER _____.

## 158.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson hereto contends that the forgone noted

and stated acts and inact set forth and utilized by the noted co-defendants barred, blocked

and denied co-plaintiff of his constitutional right to access to and use of the court having

just and proper jurisdiction.

ANSWER _____

## 159.

That same acts and inacts of said noted and indicated co-defendants also denied Jackson

of his constitutional right and entitlement of the use of proper, legally set, established and

adopted judicial practices, procedures and processes.

ANSWER _____

## 160.

As foregone noted, on 10/29/2012, well in advance of co-defendants, EDWARD C.

PRADO, DAWN D. VICTORIANO, LYLE W. CAYCE, OFFICE OF THE CLERK OF

COURT, THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon.

BARACK H. OBAMA'S, 12/5/2012, unjust, unlawful ungrounded,

UNCONSTITUTIONAL AND RACIALLY DISCRIMINATIVE DISMISSAL of co-

plaintiff, Ian J. Jackson's appeal and review proceedings, co-plaintiff, Ian J. Jackson

reminded said noted co-defendants of the filings he (Jackson) had made of record in an

attempt and effort to have his (Jackson's) Federal Civil, Civil Rights Violation case's

record corrected to reflect vital, needed and indispensable filings properly and timely

made, but was **UNLALWFULLY, ILLEGALLY, UNCONSTITUTIONALLY AND**

**RACIALLY DISCRIMINATIVELY** not allow by the courts **TO BE USED.** (pg. (s) 14

through 16).

ANSWER _____

### 161

Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO,

OFFICE OF THE CLERK OF COURT, THE UNITED STATES, President, BARACK

H. OBAMA, et al., were on 10/29/2012 advised and reminded by co-plaintiff, Ian J.

Jackson within his "PLAINTIFF/APPELLANT'S MOTION TO ALLOW

APPELLANT'S RECORD EXCERPTS TO REMAIN AS SUBMITTED;"(pg. 14, para.

1) that;

(a).  On February 28, 2012, co-plaintiff, Ian J. Jackson filed of the district court's record

his; MOTION FOR THE CORRECTION OF IMPROPER AND INCORRECT FILING

**Trial By Jury Demanded**

OF APPELLANT OBJECTION TO COURT'S RULING, ORDERS AND

JUDGMENTS etc., and APPELLANT'S NOTICE OF APPEAL, which was supported

by Jackson's "JOIINT AFFIDAVIT", which required then defendants (LTU, et al) to

submit a response to and/or oppose same, but said then parties did not.

ANSWER _____

(b). On March 16, 2012, the district court, by co-defendant, DONALD E. WALTER,

ORDERED DENIED co-plaintiff, Ian J. Jackson's noted February 28, 2012, Motion to

Correct, without entertaining same.

ANSWER _____

[c]. On May 17, 2012, the 5th CCOA, received co-plaintiff, Jackson's February 28, 2012

"Motion for the Correction etc.," and the district court's March 16, 2012 Order, then

marked as Exhibit App-CR-2 and Exhibit App-CR-3 to the filed "Motion to Correct".

ANSWER _____

(d). The 5th CCOA, as did the district court failed to allow the record hereto to be

corrected to reflect the true and correct filings made by co-plaintiff, Ian J. Jackson (pg.

14, para. 2)

ANSWER _____

(e). On or about March 29, 2012, co-plaintiff, Ian J. Jackson filed with the district court,

his "OBJECTION" to the district court's March 16, 2012 Order denying the 2/28/2012

"MOTION FOR THE ITEMIZATION OF ASSESSED FEES" and 'MOTION FOR THE

CORRECTION OF etc.," (pg. 14, last para.)

ANSWER _____

Trial By Jury Demanded

(f). The district court still failed and refused to order that co-plaintiff's Ian J. Jackson's case's record be corrected. (pg. 14 last para.).

ANSWER _____

(g). On April 16, 2012, Jackson filed with the district court record his; "MOTION TO CORRECT CLERK OF COURT'S FILING OF APPELLANT'S FILINGS MADE ON MARCH 29, 2012 (the same deputy clerk, co-defendant, NANCY LUNDY, only noted and logged or docket and minutes that only a "NOTICE OF APPEAL" was filed on that date. (pg. 15, para. 1).

ANSWER _____

(h). To date, the district court have not acknowledged nor addressed co-plaintiff, Ian J. Jackson's April 16, 2012 "Motion to Correct", which was filed after his 1/23/2012, Motions to Set Aside Its Rulings, Orders and Judgments and To Reopen The Case. (pg. 15, para. 1)

ANSWER _____

(i). On April 26, 2012, because of the district court not entertaining and disposing of Jackson's February 28, 2012 "Motion for the Correction", but had rendered same moot, because of the 5th CCOA' court's unlawful dismissal of co-plaintiff's, Ian J. Jackson's appeal. Jackson then filed his APPELLANT'S MOTION TO CORRECT INCORRECT, IMPROPER FILINGS OF etc., (pg. 15, last line).

ANSWER _____

(j). On April 26, 2012, because co-plaintiff, Ian J. Jackson had supported his February 28, 2012, filings with his "AFFIDAVIT", co-defendant, Judge, DONALD E. WALTER

**Trial By Jury Demanded**

violated the mandates and provisions of U.S.C. Section 144, by performing another

judicial act within that case, filed his MINUTE ENTRY ORDER. (pg. 16, 1st full para.).

ANSWER _____.

### 162.

Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO,

OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA, were

again reminded by co-plaintiff, Ian J. Jackson on 10/29/2012, within Jackson's MOTION

TO ALLOW APPELLANT RECORD EXCERPTS TO REMAIN AS SUBMITTED"

that; (pg. 16, para.3);

(a). "**As foregone noted, this, 5th Circuit, court was advised and informed of each
one of Appellant Jackson's attempts and efforts presented to the district court to
have this case's record corrected and modified to reflect the true and correct filing
made,**" etc.,

ANSWER _____

(b). "**etc., on May 17, 2012, upon the filing with this, 5th Circuit, court's clerk of
court his, PLAINTIFF/APPELLANT'S MOTION FOR LEAVE TO CORRECT
INCORRECT, IMPROPER AND NON-FILINGS OF FILED MOTIONS AND
PLEADINGS. The district court, as well as this, the 5th Circuit Court of Appeals,
without the defendants/appellees ever having to respond to or oppose either of
Appellant's motion to correct this case's record, DENIED all of Appellant Jackson's
attempts.**"

ANSWER _____

(c). "**As a result of all four (4) of Appellant's attempts being barred and prevented
THUSLY HERETO, supporting and validating Appellant's contentions that this
case's record is not of true filings, and that vital motions, pleadings and evidence
have been unlawfully and illegally removed from this true case's record.**"

ANSWER _____.

Trial By Jury Demanded

### 163.

Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO,

OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA,

Commander in Chief, President, Hon. BARACK H. OBAMA were advised and/or

reminded by co-plaintiff, Ian J. Jackson on 10/29/2012, within his motion to ALLOW

THE RECORD EXCERPTS TO REMAIN, pg. 17, Item 3), that;

**"3. PLAINTIFF/APPELLANT JACKSON WAS ALSO DENIED HIS REQUESTS
TO INSPECT THIS CASE'S RECORD."**

ANSWER _____

### 164.

Defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO,

OFFICE OF THE CLERK OF COURT, UNITED STATES OF AMERICA were also

there under advised and reminded (pg. 17, line 3), that;

**(a). "Well in advance of the time of preparing the appellant brief, or the set
prescriptive due date, appellant Jackson made timely and proper requests to inspect
this case's record constructed and maintained by the courts, clerks of courts."**

ANSWER _____

**(b). "However, as were all of Appellant's made requests to correct the maintained
case record, so too were Appellant's request to inspect same. All were likewise
denied and/or not entertained or addressed."**

ANSWER _____

### 165.

Co-plaintiff, Ian J. Jackson reminded EDWARD C. PRADO, LYLE W. CAYCE,

**Trial By Jury Demanded**

DAWN D. VICTORIANO, THE OFFICE OF THE CLERK OF COURT, THE UNITED

STATES OF AMERICA, President, Hon. BARACK H. OBAMA, and others that as

early as April 26, 2012, within Appellant Jackson's APPELLANT MOTION TO

CORRECT INCORRECT, IMPROPER FILINGS, that he made the request for the

record by noting (pg. 17, para. 2)

(a). "**4. PLAINTIFF/APPELLANT'S REQUEST TO INSPECT THIS CASE'S RECORD.**"
ANSWER _____

1. "Appellant Jackson is aware of his obligation to present the court with material differences which are of the record that the court may be able to settle the difference pursuant to Rule 10(e) of the FRAP. Appellant Jackson is at this point not sue" (sure) "of the duration or scope that improper and incorrect filing of material matter have been made within this case's record, **but do know that same predates August 24, 2011 (see letter so dated, marked Exhibit NO. 1, addressed to the Clerk of Court)."**

ANSWER _____

2. **"It was on or about said date that the Clerk of Court failed and refused to stamp RECEIVE/FILE approximately three hundred twenty (320) pages of exhibit filed of record by Appellant Jackson in support of Plaintiff Jackson's Opposition to the Defendant's Motions to Dismiss, but that the copies were left with the Clerk of Court for filing."**

ANSWER _____.

**166.**

On or about May 17, 2012, co-plaintiff, Ian J. Jackson then made request of the 5th

CCOA's, clerk of court to inspect the record (g. 17, last para.)

ANSWER _____.

(a). That request was never granted.(pg. 18, para. 1 through pg. 18, para. 1).

ANSWER _____.

Trial By Jury Demanded

## 167.

Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO,

OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA,

President, Hon. BARACK H. OBAMA and others, were advised by co-plaintiff, Ian J.

Jackson within his 10/29/2012, MOTION TO ALLOW APPELLANT'S RECORD

EXCERPTS TO REMAIN AS SUBMITTED; (pg. 18, Item NO. 4) that;

(a). "4. **THE ISSUES AND MATTERS PRESENTED FOR REVIEW ARE NOT DOCUMENTED WITHIN THE CASE RECORD, SELECTIVELY FORMED AND CONSTRUCTED BY THE COURTS, AND CLERKS OF COURTS.."**

ANSWER _____

(b). "Appellant Jackson" ('s) "final BRIEF OF THE APPELLANT, submitted/filed of record on or about September 7, 2012, represents and re-raises as complaint specifically issues and subject matters that were mostly raised and presented to the district court in his, Appellant's January 23, 2012, OBJECTION TO COURT RULING, ORDERS AND JUDGMENTS FOR THE DATES OF NOVEMBER 22, 2011 AND DECEMBER 21, 2011, and etc.,"

ANSWER _____

(c). "etc., which was timely and properly filed of the district court's record to this case, involving said court's unlawful and unconstitutional entertaining and disposing of the defendants/appellees Rule 12(b)(6), Motions to Dismiss, by U.S. Magistrate, Karen L. Hayes."

ANSWER _____

## 168

Made co-defendants were further therein, on 10/29/2012, advised by co-plaintiff, Jackson

that Jackson have; (pg. 18, last 4 lines).

Trial By Jury Demanded

(a). "Appellant Jackson have since the date of January 23, 2012, strongly contended and contested that it was then on or about said date that the district court **and latter this, the 5th Circuit Court of Appeals' clerks of courts,"** (that have) **"elevated and continued the unlawful, unjust and prejudicial departure from set and established"**

ANSWER _____.

(b). **"acceptable" judicial practices and procedures of failing and refusing to make the correct and proper filings of submitted and filed motions, pleadings and exhibits of record."**

ANSWER _____.

### 169.

Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, THE OFFICE OF THE

CLERK OF COURT, DAWN D. VICTORIANO, THE UNITED STATES OF

AMERICA, and others were advised on 10/29/2012, within that same "MOTION TO

ALLOW TO REMAIN" the issues and subject matters that had already been set forth,

presented, submitted and filed within the final version of co-plaintiff, Jackson's "BRIEF

OF THE APPELLANT" were so set and noted within the "STATEMENT OF THE

CASE Section under "NATURE OF THIS CASE" (pg. 19,first noted quotation.).

Thereto was noted;

(a). "The nature of this case is that same is a Federal Civil, Civil Rights Violation case, which both legal tribunal that have been involved, the City of Ruston, Ruston City Court, and the United States District Court, Western District of Louisiana, Monroe/Shreveport Divisions, **have sought to ensure that the true and real facts "NATURE OF THIS CASE" are not presented or brought to light. Thus far that process have been made by diverting matters to non-related issues and matter, and not discuss the true nature.'**

ANSWER _____

### 170.

**Trial By Jury Demanded**

THE UNITED STATES OF AMERICA, LYLE W.CAYCE, OFFICE OF THE CLERK

OF COURT, and Judge, EDWARD C.PRADO, Commander in Chief, President, Hon.

BARACK H. OBAMA, et al., were advised further that; (pg. 19, 2nd quotation)

(a). **"The true nature iS that this is a case in which a Louisiana Tech University campus police officer/security guard, intentionally breached and exceeded his lawful and legal set and established law enforcement and patrolling jurisdiction, to conduct speed checks of the vehicular traffic upon United States Interstate Highway 20 "(I-20)",**

**"and to specifically look for, then a cyclist, Plaintiff (Appellant) "Jackson, who was made subject of racial profiling as admitted to by that officer within his police report and within audio tape recording made by that officer at the time of occurring events."**

**ANSWER** _____.

### 171

Hereto already named co-defendants were further advised (pg. 19, last 4 lines through pg. 20);

(a). **"The true nature is further noted by Appellant Jackson as being"**

(b). **"The officer then of report, advised that he stopped Jackson for non-adopted and non-enumerated reason of "**accelerated at an extremely high rate of speed" (officer's report, O.C., pg. 66, lines 19-20).

### 172.

Then, twice of report advised that Jackson was advised that he was not stopped for speeding (O.C., pg. 66, lines 31-32 & 36-36" (35-36)

"Jackson was ticketed for the alleged violation of "careless driving."

The officer noted of report and during trial testimony that Jackson was advised; "Jackson was advised that he had likely talked himself into the ticket he was about to get because of his mouth." (O.C., pg. 67, lines 17-18)."

(c). **"The traffic/criminal proceeding was instituted and had in the Ruston City Court, unlawfully naming its self (O.C., para. 53) as the petitioning/opposing party, under the captioned styled heading of "RUSTON CITY COURT VS IAN J,. JACKSON, in violation of La. C.Cr.P Art 301 and 394(10), with the city prosecutor prosecuting the entire matter, in violation of La. C.Cr.P. Art 61, instead of the District Attorney (City of Baton Rouge vs. Milik).**

ANSWER _____.

**Proceedings were had without Jackson being given advance notice (O.C., para. 57).**

ANSWER _____.

**Proceedings were had in which Jackson was not allowed or permitted to summon or attach desired and requested witnesses (O.C., para. 57, 61(a)(b)(c)(d)(d)(e)(f)(g).**

ANSWER _____.

**Jackson was denied sufficient discovery (O.C., para. (s) 55, 56, 57, 58, 64, 65, 66),"**

ANSWER _____.

173

Made co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO, THE UNITED STATES OF AMERICA, The Commander in Chief, President, Hon. BARACK H. OBAMA, and others were also advised on or about 10/29/2102 by co-plaintiff, Ian J. Jackson (pg. 20, 3rd quotation) that;

(a). **"Jackson was still ruled guilty from the bench."**

ANSWER _____.

Trial By Jury Demanded

"After Jackson filed his Notice of Appeal, the Ruston City Court changed, altered all eighteen (18) pages of one of its had proceeding transcript (O.C., para. (s) 77, 78, 79(a)(3), and eighty eight (88) out of eighty nine (89) pages of the trial hearing transcript (O.C., para. 79(a)(4), (and others)."

ANSWER _____.

"The captioned styled heading was also changed, post ruling to City of Ruston vs. Ian Jackson and again to State of La. Vs. Ian Jackson (etc.,) and State of La. Vs. Ian Jefferson etc.,"

ANSWER _____

### 174.

Co-plaintiff, Ian J. Jackson specifically advised co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO, OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA, President, Hon. BARACK H. OBAMA of the exact; (pg. 20, last para., and quotation)

(a).  "Appellant Jackson then notes and advises within his final, BRIEF OF THE APPELLANT the "TRUE" underling reason, cause and ground under which this, 5th Circuit, court's appeal and review jurisdictional authority is actually and truly being embarked upon by noting (etc.)"

(b).  "This review proceeding was to have NEVER been, when considered that this is a Federal Civil Rights Violation Case, in which the Plaintiff, Ian J. Jackson, even before and at the time of filing his Original Complaing, exercised and demanded his right to trial by jury, as guaranteed, provided and protected by the 7th Amendment to the U.S. Constitution, twice within that complaint and approximately two additional times after that initial filing.  This is a case in which the plaintiff never waived or relinquished his right to trial by jury, but one in which that right was  not allowed or permitted, but intentionally denied."

### 175.

Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO, THE OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA,

President, BARACK H. OBAMA were then advised and reminded (pg. 21, 1st quotation), that;

"In this case, the district court unlawfully and unconstitutionally devised a means and method by which it would look like it was legal and lawful to not permit Jackson to have his case determined as demanded, by jury. That method was to simply for the district court judge to issue, but not sign, and then file into the RECORD a legal process (ORDER) for someone else to initiate, and partially perform and carry out part" (of) "the unlawful, illegal and unconstitutional judicial acts of entertaining and disposing of motions that even the judge that issued the legal process himself, was not authorized by lawful set and adopted procedures and mandates to entertain and dispose of."

## 176.

Co-defendants, EDWARD C. PRADO. LYLE W. CAYCE, DAWN D. VICTORIANO, OFFICE OF THE CLERK OF COURT, THE UNITED STATES OF AMERICA, President, BARACK H. OBAMA and others were also advised by Jackson within the filed 10/29/2012, "Motion to Allow Record Excerpts to Remain as Submitted (pg. 21, center of page), that;

(a). "This case's review HOWEVER involves , not the subsequent claimed and reported alleged facts findings, reports, rulings, orders and judgment that were derived from the unlawful proceeding had, but moreso the proceeding had and the order, MINUTE ENTRY that gave rise and brought about the proceeding had."

ANSWER _____.

(b). "Thusly, this court is petitioned upon to determine the constitutionality of the district court's Final Judgment by determining the legality and constitutionality of the order, ruling and judgment that instructed and ordered the proceeding to be had. Simply noted "this court is asked to revisit an old issue, to determine if the fruit and the seeds within that fruit are poisonous, if the tree that the fruit came from is poison."

ANSWER _____.

## 177.

Co-plaintiff, Ian J. Jackson reminded and/or advised co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO, THE UNITED STATES OF AMERICA, Commander in Chief, President, BARACK H. OBAMA and others further on 10/29/2012, within his filed "Motion to Allow to Remain" that the 5th CCOA's

jurisdictional authority was embarked upon (pg. 21, last quotation);

**(a). "To determine if the Final Judgment rendered on December 21, 2011, the adoption of the Magistrate's November 22, 2011 reports and recommendations, are lawful, legal and constitutional by determining the constitutionality of the district court's September 1, 2011, MINUTE ENTRY Order."**

ANSWER _____.

## 178

Even after co-plaintiff, Ian J. Jackson had, with supported causes and grounds advised co-defendants, Judge, EDWARD C. PRADO, DAWN D. VICTORIANO, LYLE W. CAYCE, THE OFFICE OF THE CLERK OF COURT, and THE UNITED STATES OF AMERICA, President, BARACK H. OBAMA within Jackson's filed 10/29/2012, **APPELLANT'S MOTION TO ALLOW APPELLANT'S RECORD EXCERPTS TO REMAIN AS SUBMITTED; etc.,** as have been noted in the preceding pages hereto, made and named co-defendant, DAWN D. VICTORIANO, did, and still, on or about December 5, 2012, by her signature, swore, affirmed and/or attested of co-plaintiff, Ian J. Jackson's Federal Civil, Civil Rights Violation case's appeal and review process and proceedings that co-plaintiff, Ian J. Jackson failed to comply with a court's;

**(a). "notice of 10/9/2012 requesting sufficient record excerpts."**

ANSWER

_____.

## 179

Defendant, Circuit Judge, EDEARD C. PRFADO, THE UNITED STATES OF AMERICA, President, Hon. BARACK H. OBAMA, knowingly and/or had cause to have known that his undated Order which accompanied DAWN D. VICTORIANO'S, December 5, 2012 Memorandum, was also ungrounded, non-supported of the record, and not truthful, but libelous and prejudicial, in that;

(a). Co-defendants, EDWARD C. PRADO, THE UNITED STATES OF AMERICA, THE OFFICE OF THE CLERK OF COURT, LYLE W. CAYCE, The Commander in Chief, President, Hon. BARACK H. OBAMA, et al, while having cause, reasons and ground to have known, and/or should have known that co-plaintiff, Ian J. Jackson did not at any time make request, give indication of want or desire, nor give anyone consent to file, change, alter or convert any of his properly submitted and filed pleadings into;

Trial By Jury Demanded

ANSWER _____.

(b). "a motion for reconsideration of clerk's May 25, 2012 order etc.,"

ANSWER _____.

## 180.

Co-defendant, EDWARD C. PRADO, THE OFFICE OF THE CLERK OF COURT, LYLE CAYCE, THE UNITED STATES OF AMERICA, President, Hon. BARACK H. OBAMA unconstitutionally and even racially discriminatively entered of record his/their supposed and alleged reported fact finding that; (pg. 2, order NO. 2)

ANSWER _____.

(a). "IT IS FURTHER ORDERED that appellant's record excerpts are stricken for non-compliance with the Federal Rules of Appellate Procedure, as stated in the clerk's September 26, 2012 letter."

ANSWER _____.

## 181.

Defendant, EDWARD C. PRADO, THE UNITED STATES OF AMERICA, et al., are further hereto being sued and held liable for the noted intentional untrue, and ungrounded reporting and writing entered and filed of Federal Civil, Civil Rights Violation proceeding, by U.S.5TH CCOA'S Judge, PRADO same purpose and intent was for the injuring co-plaintiff, Ian J. Jackson's Federal Civil, Civil Rights Violation case's appeal and review process/proceedings,

ANSWER _____.

(a). And ultimately to deny co-plaintiff, Ian J. Jackson of his U.S. Constitutional right of equal protection under the law, even the seeking of his appeal and review process without being UNLAWFULL, ILLEGALLY, UNCONSTITUTIONALLY and RACIALLY DISCRIMINATORILY impeded, hindered, obstructed or damaged in any other manner.

ANSWER _____.

## 182.

Co-defendant, EDWARD C. PRADO, as a federal judge, knew, should have known and had cause to had known, the records of co-plaintiff, Ian J. Jackson's case, before, during and after the time of making and filing the noted alleged finding of alleged fact, that same noted reporting was untruthful.  To wit;

(a).  The noted clerk's letter of September 26, 2012, which co-defendant, Judge, EDWARD C. PRADO, reported, and/or gave indication that the clerk reported that co-plaintiff, Ian J. Jackson was: **"in non-compliance with the Federal Rules of Appellate Procedure."** clearly and plainly advised;

ANSWER _____

**(b).  "Please make the following correction to your record excerpts within 14 day from the date on this notice:"**

**ANSWER** _____

**(c).** "Optional contents exceeds 40 page limitation.  **IF YOU DETERMINE that the excessive optional pages are imperative, A MOTION IS REQUIRED."**

**ANSWER** _____

### 183.

On October 29, 2012, pursuant to the notice indicating that; **"IF YOU DETERMINE that the excessive optional pages are imperative, A MOTION IS REQUIRED."** Co-plaintiff, Ian J. Jackson on said date submitted and filed of record the indicated, and "required" motion in order to bring his "Record Excerpts" into the clerk of court's referenced compliance.

ANSWER _____.

### 184.

Approximately thirty nine (39) days after co-plaintiff, Jackson submitted/filed his October 29, 2012 motion per the "RECORD EXCERPTS" requested by co-defendants, DAWN D. VICTORIANO, LYLE W. CAYCE, OFFICE OF THE CLERK OF COURT, and THE UNITED STATES OF AMERICA, President, BARACK H. OBAMA on or about December 5, 2012, within the same undated ORDER, co-defendant, EDWARD C. PRADO'S, by his own written admission of; (last ruling within and upon that order),.

**Trial By Jury Demanded**

"IT IS FURTHER ORDERED that appellant's motion to allow appellant record excerpts to remain as submitted, in excess of the optional page limitation, is DENIED."

ANSWER _____.

## 185.

Co-defendant, PRADO thus; committed the crimes of;

a. Perjury

ANSWER _____.

b. Making of inconsistence statement for purpose of denying Jackson of his constitutional rights.

ANSWER _____.

c. Knowingly filing false legal process documentation of Federal Civil, Civil Rights Violation proceedings, for the purpose and intent to continue the violating of federal civil rights.

ANSWER _____.

d. Obstruction of Justice.

ANSWER _____.

e. Even the conspiracy to commit same(s)

ANSWER _____.

## 186

On or about December 5, 2012, as advised, acknowledge, affirmed and attested to

personally by co-defendant, EDWARD C. PRADO himself, THE UNITED STATES OF

AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA, without just

or valid cause ORDERED DENIED,  co-plaintiff, Ian J. Jackson's;

Trial By Jury Demanded

(a). **APPELLANT'S MOTION TO ALLOW APPELLANT'S RECORD EXCERPT TO REMAIN AS SUBMITTED; IN EXCESS OF THE OPTIONAL PAGE LIMITATION."**

**ANSWER** _____.

## 187.

Co-plaintiffs, Jackson and Jackson first hereto presents and lay cause and claim in that

black, litigant, co-plaintiff, Ian J. Jackson was again denied access to the constitutionally

and judicially well set, established and adopted judicial methods, practices and

procedures, so put in place to remedy harmless and non-prejudicial issues and matters.

ANSWER _____

## 188.

Co-plaintiffs, Jackson and Jackson presents cause and claim that after co-plaintiff, Ian J.

Jackson had accepted the "legally" well set, established and adopted judicial method,

practice and procedure advised of within co-defendants, DAWN D. VICTORIANO,

LYLE W. CAYCE, THE OFFICE OF THE CLERK OF COURT, THE UNITED

STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H.

OBAMA'S, letter dated 9/26/2012, as well as is provided by Rule 30 of the FRAP, of

obtaining the desired, needed and sought after remedy of having his (Jackson') already

submitted and filed "RECORD EXCERPTS" to be allowed and permitted to remain of

the record as submitted and filed by filing the required motion,

**ANSWER** _____.

Trial By Jury Demanded

**189.**

**Co-plaintiffs, Jackson and Jackson further lay cause and claim that again the court, the 5ᵗʰ CCOA'S, by its agent and representative, made and named co-defendant, Judge, EDWARD C. PRADO, utilized, and applied its "for, black, litigant, co-plaintiff, Ian J. Jackson only" UNLAWFUL, ILLEGAL, UNCONSTITUTIONAL and RACIALLY DISCRIMINATORILY method, practice and procedure of operating and functioning as "Counsel of Record" for and on behalf of the then, white, defendants/appellees. In that;**

**ANSWER** _____.

**190.**

Co-plaintiffs, Jackson and Jackson show, presents and lay claim that, as required and made mandatory by set and established rules, Co-plaintiff, Ian J. Jackson before submitting/filing his October 29, 2012. "MOTION TO ALLOW APPELLANT'S RECORD EXCERPT TO REMAIN AS SUBMITTED; IN EXCESS OF THE OPTIONAL PAGE LIMITATION", did obtain the required permission, from the then defendants/appellees, Counsels of Record, indicated by the then attached "**CERTIFICATE OF CONFERENCE**";

ANSWER _____.

**191.**

**Trial By Jury Demanded**

Co-plaintiffs, Jackson and Jackson presents cause and claim that it was only UNITED STATES OF AMERICA'S governmental agents, representatives, workers and employees, 5th Circuit Court of Appeals', made and named co-defendant, Judge, EDWARD C. PRADO, (the unknown Chief Justice), LYLE W. CAYCE, DAWN D. VICTORIANO, SHAWN D. HENDERSON, CINDY M. BROADHEAD, ANGELIQUE D. BATISTE, THE OFFICE OF THE CLERK OF COURT, again, THE UNITED STATES OF AMERICA, Commander in Chief, President, Hon. BARACK H, OBAMA, et al., while operating and functioning well outside of their U.S. Constitutionally conferred jurisdiction, that opposed, contested and/or objected to, black, litigant co-plaintiff, Ian Jackson being granted his proper, non-prejudicial request to have his already submitted/filed "RECORD EXCERPTS" be accepted as filed of record.

ANSWER _____

### 192.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson presents cause and claim that noted made and named co-defendants hereto , Judge, EDWARD C. PRADO, (the chief justice), LYLE W. CAYCE, DAWN D. VICTORIANO, SHAWN D. HENDERSON, CINDY M. BROADHEAD, ANGELIQUE D. BATISTE, THE OFFICE OF THE CLERK OF COURT, Commander in Chief, President, Hon. BARACK H. OBAMA, et al., when and while operating and functioning well outside of and beyond their lawful, legal and constitutional conferred jurisdictional authorities, duties, powers, responsibilities and obligations, that even after the "real" Counsels of Record for the then defendants had granted co-plaintiff, Ian J. Jackson permission to submit and file his October 29, 2012,

**Trial By Jury Demanded**

"MOTION TO ALLOW APPELLANT'S RECORD EXCERPTS TO REMAIN etc.,"

ANSWER _____

(a).  That the Court, 5th CCOA'S, under color of law, by and through its agents,

representatives, workers and employees, acting, functioning and serving in the positions,

capacities, functions and responsibilities of and as Counsels of Record for the then, white,

defendants.

ANSWER _____

(b).  When and after said, then defendants, actual Counsels of Record of docket had

elected not to oppose, contest or object to co-plaintiff, Ian J. Jackson being granted his

sought after and desired request.

ANSWER _____

**193**

Co-plaintiffs, Jackson and Jackson again presents that co-plaintiff, Ian J. Jackson's entire

2011, Federal Civil, Civil Rights Violation case's appeal and review process and

proceedings record, docket and minutes are (legally) free and void of even one (1) piece

of paper filed by the "real" of record, Counsels of Record, on behalf of the then

defendants/appellees.

ANSWER _____

**194.**

Made and named co-defendants, EDWARD C. PRADO, THE UNITED STATES OF

AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA, did also again

commit the violation for which this CLASS ACTION, Federal Civil, Civil Rights

Violation case and cause is brought; (under color of law) UNLAWFUL, ILLEGAL,

UNCONSTITUTIONAL AND RACIALLY DISCRIMINATIVE JUDICIAL

PRACTICES AND PROCEDURES utilized in disposing of motions, pleadings, as well

as entire Federal, (State) Civil, Civil Rights Violation cause brought by black litigants, in

violation of U.S.C. 42 Section 1983 and Section 1985

ANSWER _____

## 195.

Co-defendant, EDWARD C. PRADO, LYLE W. CAYCE, THE CLERK OF COURT'S

OFFICE, and THE UNITED STATES OF AMERICA, personally, individually and

concertedly deprived and denied co-plaintiff, Ian J. Jackson of his right to equal

protection under the law, and Jackson's right to due process of law, in that;

## 196.

Co-defendants, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D. VICTORIANO,

THE CLERK OF COURT'S OFFICE, and THE UNITED STATES OF AMERICA,

President, Hon. BARACK H. OBAMA, knew (even as pointed out and indicated by co-

defendant, VICTORIANO'S and PRADO'S and CAYCE'S referenced, September 26,

2012 letter's notation, **"If you determine that the excessive optional pages are**

**imperative, A MOTION IS REQUIRED (5TH Circuit Rule 30)",** should have know,

Trial By Jury Demanded

and/or had cause to have known that co-plaintiff, Ian J. Jackson's U.S. Constitutional

rights to due process of law and equal protection under the law had been, was being and

would be irreparably denied, revolt, and abridged as the result of; not allowing or

permitting Plaintiff Jackson;

ANSWER _____

(a). To have access to, and the use of filings which he (Jackson) had made within the

(his) Federal Civil, Civil Rights Violation case of; IAN J. JACKSON VS. LOUISIANA

TECH UNIVERSITY, et al.

ANSWER _____.

(b). To correct his (Jackson) case's, (and his case only) record to reflect the ACTUAL,

TRUE and CORRECT filing made within that case.

ANSWER _____.

(c. To "ALLOW APPELLANT'S (Jackson's) RECORD EXCERPTS TO REMAIN AS

SUBMITTED; IN EXCESS OF THE OPTIONAL PAGE LIMITATION, to compensate

for the (their own) made and named co-defendants within this brought CLASS ACTION

failures and refusals, presented as noted reasons and grounds set forth within co-plaintiff,

Ian J. Jackson's noted October 29, 2012 motion. To wit;

ANSWER _____.

1. "THE RECORD DOES NOT REFLECT THE TRUE AND CORRECT FILINGS AS
WERE MADE." (pages 2 through 13).

**Trial By Jury Demanded**

ANSWER _____.

2. "THE COURTS FAILED AND REFUSED TO ALLOW AND PERMIT THE RECORD OF THIS CASE TO BE CORRECTED TO REFLECT THE TRUE FILINGS.', (pages 13 through 14).

ANSWER _____.

3. "PLAINTIFF/APPELLANT JACKSON WAS ALSO DENIED HIS REQUESTS TO INSPECT THIS CASE'S RECORD, (pages 17 through 18).

ANSWER _____.

4. THE ISSUES AND MATTERS PRESENTED FOR REVIEW ARE NOT DOCUMENTED WITHIN THE CASE RECORD, SELECTIVELY FORMED AND CONSTRUCTED BY THE COURTS, AND CLERKS OF COURTS." (pages 18 through 22). And lastly noted in the;

ANSWER _____.

5. CLOSING; **"PLAINTIFF/APPELLANT STATE, SHOW AND PRESENTS THAT; the submitted APPELLANT'S RECORD EXCERPT" (s) "so submitted on or about September 5, 2012, along with the <u>final version of BRIEF OF THE APPELLANT,</u> the "Excerpts" being in excess of the optional page limitation and same containing approximately One Hundred and eighty" (Eighty) "One (181) pages, that the full, aggregate and entire noted pages are absolutely needed and necessary in order that the issues and subject matters as presented within the BRIEF OF THE APPELLANT may be adequately presented and explained and that too, the ISSUES PRESENTED FOR REVIEW may likewise be properly briefed as required and made mandatory by set and established rules of the FRAP."**

ANSWER _____.

197.

Trial By Jury Demanded

Co-defendants, Judge, EDWARD C. PRADO, LYLE W. CAYCE, DAWN D.

VICTORIANO, OFFICE OF THE CLERK OF COURT, THE UNITED STATS OF

AMERICA, Commander in Chief, President, Hon. BARACK H. OBAMA, and others, as

federal judicial governmental agents, workers, representatives, and employees, knew, that

their referenced 5th Circuit Rule 30.1.6., prescribes that; The length of the optional

content of the RECORD EXCERPTS must not exceed 40 pages, **unless authorized by**

**the court"**

**ANSWER** _____.

### 198.

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson contends and show cause and claim that

because of the made co-defendants,' named herein this CLASS ACTION, long and well

set, established, and practiced PATTERN AND PRACTICED UNCONSTITUTIONAL

AND RACIALLY DISCRIMINATIVE JUDICIAL PRACTICES AND PROCEDURES

UTILIZED in disposing of motions, pleadings, subject matters and issues within co-

plaintiff, Ian J. Jackson's (AND OTHERS) Federal Civil, Civil Rights Violation cases

and causes of actions brought and/or instituted by and/or for, on behalf of, black,

litigants, co-plaintiff, Ian J. Jackson, who, being black, was denied and deprived of that

procedure, and of and all consideration of having his already filed "RECORD

EXCERPTS" to remain of the record as submitted/filed.

**ANSWER** _____

Trial By Jury Demanded

199

Co-plaintiffs, Ian J. Jackson and Carl E. Jackson, do (for purpose of the preservation of

unduly waste of time and needless costs hereto, in advance to the defenses to be set forth

and given), further contends and show that made and named co-defendants, Judge,

EDWARD C. PRADO'S, LYLE W. CAYCE'S, DAWN D.VICTORIANO'S, THE

UNITED STATES OF AMERICA'S, and others', (given their already processed

knowledge of matters and issues herein) ONLY allowing, permitted, and granting black

co-plaintiff, Ian J. Jackson, fourteen (14) days to reduce his filed September 5, 2012,

RECORD EXCERPTS, down to Forty (40) pages was also another

UNCONSTITUTIONAL and RACIALLY DISCRIMINATIVE JUDICIAL PRACTICE

AND PROCEDURAL PROCESS, co-defendants here named, or any REASONABLY

MINDED person knew, should have known, and /or had cause to have known, such

unreasonable request and task was not possible, for co-plaintiff, Ian J. Jackson or even for

one schooled and trained of Law.  The request was as noted another unlawful racial

discriminative judicial practice and procedure in that hereto co-defendants knew,  but

sought to conceal;

ANSWER _____

(a).  Co-plaintiff, Ian J. Jackson had been and was proceeding through out the entire

proceeding pro se.

ANSWER _____

(b).  That co-plaintiff, Jackson, at the same and exact time and date of submitting and

filing the RECORD EXCERPTS, also submitted/filed with the made and named co-